1   **KATHRYN J. FRITZ (CSB NO. 148200)**
**FENWICK & WEST LLP**
2   555 California Street, 12th floor
San Francisco, CA 94104
3   Telephone: (415) 875-2300
Facsimile: (415) 281-1350
4   Email:     kfritz@fenwick.com

5   **DWIGHT LUECK**
**BARNES & THORNBURG LLP**
6   11 S MERIDIAN ST
INDIANAPOLIS, IN 46204-3506
7   Telephone: (317) 231-1313
Facsimile: (317) 231-7433
8   Email:     dwight.lueck@btlaw.com
[*Pro hac vice* pending]
9
Attorneys for Plaintiff
10   PALANTIR TECHNOLOGIES INC.

11                  UNITED STATES DISTRICT COURT

12                  NORTHERN DISTRICT OF CALIFORNIA

13                       SAN JOSE DIVISION

14   PALANTIR TECHNOLOGIES INC.,          Case No.  C-07-3863 CRB

15               Plaintiff,              **COMPLAINT FOR DECLARATORY**
                                         **JUDGMENT**
16         v.
                                         **DEMAND FOR JURY TRIAL**
17   PALANTIR.NET, INC.,

18               Defendant.

19
            Plaintiff Palantir Technologies Inc. ("PTI"), for its complaint against Defendant
20
Palantir.net, Inc. ("Defendant"), alleges as follows:
21
                              **INTRODUCTION**
22
            1.      This is an action for declaratory judgment pursuant to the Declaratory Judgment
23
Act, 28 U.S.C. § 2201, and Federal Rule of Civil Procedure 57.  PTI seeks a declaration of this
24
Court that (i) its use of PALANTIR does not infringe on any purported trademark rights
25
Defendant claims to own in PALANTIR; and (ii) consumers are not likely to be confused as to
26
the origin of PTI's products and services.
27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**PARTIES, JURISDICTION AND VENUE**

2.      Plaintiff PTI is a corporation organized under the laws of the State of Delaware, having its principal place of business in Palo Alto, California.

3.      Defendant is a corporation organized under the laws of the State of Illinois, having its principal place of business in Evanston, Illinois.

4.      This is a case of actual controversy, within the jurisdiction of this Court, that is in all respects suited for a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 and Fed. R. Civ. P. 57, declaring the rights of PTI, as set out below.

5.      This civil action arises under the Lanham Act, 28 U.S.C. §§ 1051, *et seq*., and is brought to obtain declaratory judgment.  This Court has federal question jurisdiction over the underlying claim pursuant to 28 U.S.C. §§ 1331, 1332 and 1338, and supplemental jurisdiction is proper pursuant to 28 U.S.C. § 1367.

6.      This Court has personal jurisdiction over Defendant because, upon information and belief, Defendant does business in this judicial district; Defendant has caused harm in this judicial district; and Defendant has sent to PTI within this judicial district letters alleging infringement of Defendant's trademark PALANTIR ("Defendant's Mark").

7.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b) in that a substantial part of the events giving rise to the claims herein occurred in this judicial district.

**INTRADISTRICT ASSIGNMENT**

8.      The basis for assignment of this action to the San Jose Division of the United States District Court for the Northern District of California is that a substantial part of the events and injury giving rise to the claims set forth herein occurred in the County of Santa Clara, where PTI is headquartered.

**ALLEGATIONS COMMON TO ALL COUNTS**

**PTI's Business and Trademark**

9.      Founded in 2003 by veterans of several successful Silicon Valley companies, PTI is in the business of information analysis and provides its consumers with software and services that enable a secure investigative environment where analysts can automatically connect and discover

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

COMPLAINT FOR DECLARATORY
JUDGMENT                                    - 2 -                      CASE NO. C-07-3863 CRB

various pieces of data, share their workflows and discoveries with others, and build knowledge over time within an intelligence organization. PTI's software and services provide its customers the ability to explore, understand, manipulate, and share large sets of structured and unstructured information across departmental and organizational lines. PTI accomplishes this monumental task by bringing together data from investigations, spreadsheets, documents, XML files, and hundreds of other formats, enabling analysts to organize data into knowledge and allow its users to easily make connections utilizing a number of different user interfaces.

10.     PTI adopted the PALANTIR trade name and mark in 2003. The name derives from J.R.R. Tolkein's fictional fantasy universe; a "palantir" is a magical artifact, akin to a crystal ball. PTI has been using the mark throughout the United States in commerce in connection with the promotion and sale of its goods and services since at least 2005.

11.     PTI has developed a national base of customers. PTI has presented and distributed its advertising and promotional materials and has received requests for software and services from across the nation. PTI has spent and continues to spend money promoting and advertising its PALANTIR Mark and the software and services provided thereunder. As a result of such promotion and advertising coupled with the reputation of the high quality of PTI's software and services, PTI's PALANTIR Mark has attained goodwill among consumers nationally. PTI's PALANTIR Mark and the goodwill of the business associated therewith are of inestimable value to PTI.

12.     PTI's software and services are expensive, and its customers are highly sophisticated. These facts both help to assure that PTI's consumers give considerable thought and conduct thorough investigation before purchasing PTI's software and services.

13.     PTI is the owner of U.S. Application Serial No. 77/111698 for PTI's PALANTIR Mark for "information and data management and exploration; namely the collection, editing, analysis, viewing, organization, modification, book marking, transmission, storage, exchange, sharing, querying, auditing, and tracking of data and information."

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**Defendant's Business and Trademark**

14.    Upon information and belief, Defendant is in the business of developing interactive websites, web and multimedia applications, and databases for use with web-based applications.

15.    Upon information and belief, Defendant has registered U.S. Registration No. 3052005 for the mark PALANTIR in connection with "computer services, namely designing and hosting network web sites for others, designing database software for others, designing multimedia software for others, and design in the field of multimedia presentations for others," claiming July 1996 as a date of first use.

**Defendant's Claims**

16.    Beginning in February 2007, Defendant has alleged that PTI's use of its PALANTIR name and mark is likely to cause confusion and violates and infringes Defendant's intellectual property rights.  Defendant has further demanded that PTI cease use of PALANTIR and adopt a new trade name and trademark.

**FIRST CLAIM FOR RELIEF**

**(Declaratory Judgment)**

17.    PTI incorporates by reference the allegations of paragraphs 1 through 16 as if fully set forth in this paragraph.

18.    An actual and justiciable controversy presently exists between PTI and Defendant regarding PTI's use of PALANTIR and Defendant's purported trademark rights in PALANTIR. In communications Defendant has contended, among other things, that it has acquired enforceable trademark rights in its PALANTIR mark and that PTI's mark is confusingly similar to that mark.

19.    PTI denies that it has infringed upon any of Defendant's alleged trademark rights or has engaged in acts of unfair competition.  PTI contends that consumers are not likely to be confused as to the origin of PTI's products and services because, *inter alia*, PTI's and Defendant's products and services are dissimilar; PTI's customers are highly sophisticated corporations, government agencies and financial institutions; PTI's products and services are

COMPLAINT FOR DECLARATORY
JUDGMENT                                    - 4 -                        CASE NO. C-07-3863 CRB

highly priced, and purchasers typically conduct lengthy technical evaluations of competing products before buying the products.

20.     PTI has an objectively reasonable apprehension that it will be subject to a trademark infringement and unfair competition suit brought by Defendant in light of Defendant's communications to PTI.  Defendant has repeatedly demanded that PTI stop using PTI's PALANTIR name and mark and withdraw its application to register PTI's PALANTIR Mark with the United States Patent and Trademark Office.

21.     The threat of trademark infringement being made by Defendant against PTI is causing, and if allowed to persist, will continue to cause irreparable damage to PTI.

22.     PTI hereby requests a declaration of this Court under the provisions of the Declaratory Judgment Act, 28 U.S.C. § 2201, setting forth the respective rights and other legal relations of PTI and Defendant.  In particular, PTI requests a declaration of the Court that PTI's use of its PALANTIR mark and name is not likely to cause consumer confusion as to the source of goods or services and therefore does not infringe on any trademark or other rights purportedly owned by Defendant in Defendant's Mark.

23.     PTI is entitled to a declaration that it may use and register its PALANTIR Mark without infringing upon the rights of Defendant, that PTI's PALANTIR Mark does not infringe Defendant's federal or common law rights in its trademarks, and that PTI's use of PALANTIR does not constitute federal or common law unfair competition.

24.     The rights of the parties to this controversy can be finally determined by a declaratory judgment of this Court.  A declaratory judgment would serve the useful purpose of settling the controversy, in that the rights that would be the subject of further litigation between the parties hereto will be finally established and not then form the basis for further litigation.

25.     This complaint for declaratory relief is not excluded by any of the exclusions listed in 28 U.S.C. § 2201, and considerations of practicality and wise judicial administration.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**COMPLAINT FOR DECLARATORY JUDGMENT**                    - 5 -                    **CASE NO. C-07-3863 CRB**

1

## PRAYER FOR RELIEF

2      **WHEREFORE,** Plaintiff PTI prays for the following relief:

3      A.      A declaration that PTI may continue to use and seek registration of PTI's

4   PALANTIR Mark in connection with its software and services without the objection or

5   interference of Defendant;

6      B.      A declaration that PTI is not infringing upon any federal or common law

7   trademark rights owned by Defendant by its use of its PALANTIR;

8      C.      A declaration that PTI is not engaging in any federal or common law unfair

9   competition by its use of PALANTIR Mark; and

10      D.      Such other and further relief as the Court deems just and proper.

11   Dated: July 27, 2007                         **FENWICK & WEST LLP**

12

13                                               By:/s/ Kathryn J. Fritz
                                                             Kathryn J. Fritz
14
                                                 and
15
                                                 **BARNES & THORNBURG LLP**
16                                               **DWIGHT LUECK**
                                                 11 S MERIDIAN ST
17                                               INDIANAPOLIS, IN 46204-3506
                                                 Telephone: (317) 231-1313
18                                               Facsimile: (317) 231-7433
                                                 Email:      dwight.lueck@btlaw.com
19                                               [*Pro hac vice* pending]

20                                               Attorneys for Plaintiff
                                                 **PALANTIR TECHNOLOGIES INC.**
21

22

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

## DEMAND FOR JURY TRIAL

Plaintiff PALANTIR TECHNOLOGIES, INC. hereby requests a jury trial on all claims and defenses so triable.

Dated: July 27, 2007

**FENWICK & WEST LLP**


By:/s/ Kathryn J. Fritz
_____
Kathryn J. Fritz

and

**BARNES & THORNBURG LLP**
**DWIGHT LUECK**
11 S MERIDIAN ST
INDIANAPOLIS, IN 46204-3506
Telephone: (317) 231-1313
Facsimile: (317) 231-7433
Email:      dwight.lueck@btlaw.com
[*Pro hac vice* pending]

Attorneys for Plaintiff
**PALANTIR TECHNOLOGIES INC.**

26142/00401/LIT/1270643.1

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**COMPLAINT FOR DECLARATORY JUDGMENT**                - 7 -                **CASE NO. C-07-3863 CRB**