1  **JOSEPH L. STRABALA, ESQ., SBN 34 832**
   **LAW OFFICES of JOSEPH L. STRABALA**
2  One Embarcadero Center, Suite 1020
   San Francisco, CA 94111-3698
3  Telephone: (415) 981-8083
   Facsimile: (415) 398 9663
4  Email: legal@quantumsi.com

5  **THOMAS D. ROSENWEIN, ESQ.**
   **DON E. GLICKMAN, ESQ.**
6  **JAMES A. FLESCH, ESQ.**
   **GORDON, GLICKMAN, FLESCH & ROSENWEIN**
7  140 South Dearborn Street, Suite 404
   Chicago, IL 60603
8  Telephone: (312) 346-1080
   Facsimile: (312) 346-3708
9  Email: trosenwein@lawggf.com

10 Attorneys for Defendant
   PALANTIR.NET, INC.
11
                    UNITED STATES DISTRICT COURT
12
                    NORTHERN DISTRICT OF CALIFORNIA
13
                    SAN FRANCISCO DIVISION
14
15 | PALANTIR TECHNOLOGIES, INC., | ) Case No.: C 07 3863 CRB |
   | | ) |
16 | Plaintiff, | ) |
   | | ) Date: September 21, 2007 |
   | vs. | ) Time: 10:00 AM |
17 | | ) Courtroom 8 |
   | PALANTIR.NET, INC., | ) |
18 | | ) |
   | Defendant. | ) |
19 | | ) |
   | | ) |
20 | _____ | ) |

21
22
23
                    **MEMORANDUM IN SUPPORT OF**
24 **MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY THIS ACTION UNTIL**
                    **THE PENDING ILLINOIS CASE IS DECIDED**
25
26
27
28 **CASE NO. C 07 3863**
   **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE,**
   **TO STAY THIS ACTION UNTIL THE PENDING ILLINOIS CASE IS DECIDED**

1

## TABLE OF CONTENTS TO MEMORANDUM IN SUPPORT
## OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO
## STAY THIS ACTION UNTIL THE PENDING ILLINOIS CASE IS DECIDED

2

3

4

5    Procedural Background...................................................................................................................................................1

6    Factual Background ......................................................................................................................................................2

7    Argument .....................................................................................................................................................................7

8    Conclusion ................................................................................................................................................................ 11

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

i

28   **CASE NO. C 07 3863**
**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE,**
**TO STAY THIS ACTION UNTIL THE PENDING ILLINOIS CASE IS DECIDED**

1

## POINTS AND AUTHORITIES TO MEMORANDUM IN SUPPORT
## OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY
## THIS ACTION UNTIL THE PENDING ILLINOIS CASE IS DECIDED

2

3

4

5    Tempco Electric Heater Corp. v. Omega Engineering, Inc.,  819 F.2d 746 (7th Cir. 1987)........................................................7

6    Ven-Fuel, Inc. v. Department of the Treasury, 673 F.2d 1194, 1195 (11th Cir. 1982) ..................................................................7

7    Ward v. Follett Corp., 158 F.R.D. 645 (N.D. Calif. 1994)...............................................................................................................7

8    Drugstore-Direct, Inc. v. The Cartier Division of Ridemont North America, Inc.,  350 F.Supp. 2d 620, 623 (E.D. Pa. 2004) ...8

9    Alltrade, Inc. v. Uniweld Products, Inc., 946 F.2d 622, 628 (9th Cir. 1991)...................................................................................8

10   Z-Line Designs, Inc. v. Bell'O International, LLC, 218 F.R.D. 663, 666-667   (N.D. Cal. 2003)..................................................8

11   Charles Schwab & Co. v. Duffy, 1998 WL 879659 (N.D. Ca. 1998) ...............................................................................................8

12   NSI Corp. v. Showco, Inc., 843 F.Supp. 642 (D. Or. 1994)............................................................................................................8

13   Federation Internationale de De Football Association v. Nike, Inc.,  285 F.Supp.2d 64 (D. D.C. 2003)....................................8

14   Galileo International Partnership v. Global Village Communication, Inc.,  1996 WL 452273 (N.D. Ill. 1996) ........................9

15   Hanson PLC v. Metro-Goldwyn-Mayer, Inc., 932 F.Supp. 104, 107 (S.D.N.Y. 1996)...................................................................9

16   Ontel Products, Inc. v. Project Strategies Corp., 899 F.Supp. 1144, 1150-51   (S.D.N.Y. 1995)...................................................9

17   China Health Ways Institute, Inc. v. Shin Ten Enterprise USA, Inc.,  2003 WL 21982477 (C.D. Cal. 2003)............................9

18   Myles Lumber Co. v. CNA Financial Corp., 233 F.3d 821, 824 (4th Cir. 2000)...........................................................................9

19   Buzas Baseball, Inc. v. Board of Regents of University System of Georgia,  1999 WL 682883 (10th Cir. 1999)......................9

20   Eli's Chicago Finest, Inc. v. Cheesecake Factory, Inc., 23 F.2d 906 (N.D. Ill. 1998)...................................................................9

21   Xoxide, Inc. v. Ford Motor Co., 448 F.Supp. 1188, 1193-1194 (C.D. Cal. 2006) .........................................................................9

22

23

24

25

26

27

28

ii

**CASE NO. C 07 3863**
**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE,**
**TO STAY THIS ACTION UNTIL THE PENDING ILLINOIS CASE IS DECIDED**

NOW COMES Defendant, PALANTIR.NET, INC. ("Palantir.net"), by and through its attorneys, Joseph L. Strabala, of the Law Offices of Joseph L. Strabala, and Thomas D. Rosenwein, Don E. Glickman, and James A. Flesch, of Gordon, Glickman, Flesch & Rosenwein, and hereby submits its Memorandum in Support of its Motion to Dismiss or, in the Alternative, to Stay This Action Until the Pending Illinois Case is Decided. In support of its motion, Palantir.net states as follows:

## PROCEDURAL BACKGROUND[1]

On Monday, July 30, 2007, Palantir.net filed its action for trademark infringement and related statutory and common-law violations against PALANTIR TECHNOLOGIES, INC. ("PTI") in the United States District Court for the Northern District of Illinois, No. 07 C 4271 (the "Illinois lawsuit"). As more fully set forth in that Complaint (attached hereto as Exhibit "A" (Courts can take Judicial Notice of court records; here attached as Exhibits A, B, C and D are court records authenticated by Rosenwein Dec. ¶¶ 20,21 ). Palantir.net has been using the mark PALANTIR® since 1996 in connection with a variety of computer software services. In addition, Palantir.net applied for federal trademark registration for PALANTIR® in April 2002, which application matured into Registration No. 3052005, on January 31, 2006. The registration is for use of PALANTIR® in connection with "computer services, namely designing and hosting network websites for others, designing database software for others, designing multi-media software for others, and designing in the field of multi-media presentations for others." (*Id.*)

PTI, organized as a company in 2004, recently started using Palantir.net's registered mark in advertising for its computer software services. (Farriss Dec., ¶5; DeMet Dec., ¶3). In

---

[1] The facts are supported by the exhibits attached hereto, which include the Declarations of Palantir.net's principals, Tiffany Farriss and George DeMet, and their Illinois counsel, Thomas D. Rosenwein.

CASE NO. C 07 3863
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY THIS ACTION UNTIL THE PENDING ILLINOIS CASE IS DECIDED

1

addition, PTI recently filed an intent-to-use application with the United States Patent and Trademark Office, seeking registration for the mark "Palantir," but failing to disclose that its services will involve computers and database software. (Farriss Dec., ¶7; Rosenwein Dec. ¶7).

PTI sought to forestall Palantir.net's Illinois lawsuit by filing this action for declaratory judgment in the Northern District of California on Friday, July 27, 2007 (the "California lawsuit"). A copy of that Complaint for Declaratory Judgment is attached hereto as Exhibit "B." In its Complaint, PTI characterizes its business as providing consumers with "software and services" which will, in part, allow customers to analyze data from a variety of sources and formats. In other words, PTI provides database software for use by others. In PTI's California lawsuit, this Court has set an initial case management conference for November 2, 2007. (*See* Order Setting Initial Case Management Conference and ADR Deadlines, attached hereto as Exhibit "C.") The Illinois District Court set an initial status conference for September 28, 2007 (attached hereto as Exhibit "D").

## FACTUAL BACKGROUND

As part of its normal practice in policing its mark, Palantir.net learned in early 2007 that PTI was using its mark, PALANTIR, in advertising for its software development services. (Farriss Dec., ¶5; DeMet Dec., ¶3). Accordingly, on February 19, 2007, counsel for Palantir.net wrote to the registered agent for PTI, stating that its adoption and use of the term "Palantir" was likely to cause confusion for consumers, and was in violation of Palantir.net's intellectual property rights. As a result, Palantir.net demanded that PTI "forthwith cease and desist use of 'Palantir' in its trade name and as a brand in all advertising, promotion, and displays of [its]

2

CASE NO. C 07 3863
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE,
TO STAY THIS ACTION UNTIL THE PENDING ILLINOIS CASE IS DECIDED

company's services in whatever media." A copy of that letter is attached to Rosenwein Dec. ¶ 3 as Exhibit "E."

Two days later, PTI filed its intent-to-use federal trademark application for "Palantir" in the United States Patent and Trademark Office. It listed its services as "information and data management and exploration; namely the collection, editing, analysis, viewing, organization, modification, book marking, transmission, storage, exchange, sharing, querying, auditing, and tracking of data and information." PTI did not disclose that it was in fact offering computer software services. (Rosenwein Dec. ¶6).

On February 22, 2007, counsel for PTI responded to the demand letter and advised that "we are currently investigating the matter and will respond in due course." A copy of that letter is attached Rosenwein Dec. ¶ 4 Exhibit "F."

Thereafter, on March 8, 2007, counsel for PTI wrote to Palantir.net's counsel disputing that there was likelihood of confusion or infringement, adding that, unless further communication was received by March 21, 2007, PTI would assume that the matter was closed. (see PTI letter, Rosenwein Dec. ¶ 5 as Exhibit "G")

On March 28, 2007, counsel for Palantir.net responded to PTI's counsel, disputing its conclusions and characterizations. Palantir.net's counsel also noted that, despite PTI's start-up status, there had already been actual confusion with regard to potential employees for whom Palantir.net and PTI were competing. Palantir.net's March 28, 2007 correspondence reiterated the requirement for PTI to cease and desist use of PALANTIR in its trade name and as a brand in all advertising, promotion and displays of its services. Given that PTI was and is a fledgling company, Palantir.net's counsel opined there is "no good reason why your client [PTI] is not

3

CASE NO. C 07 3863
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE,
TO STAY THIS ACTION UNTIL THE PENDING ILLINOIS CASE IS DECIDED

able to adopt a new identity with no or minimal disruption to its operations." Palantir.net's counsel also expressed a willingness to work to reach an amicable resolution – one that would involve cessation of PTI's use of the registered mark PALANTIR® (Rosenwein Dec. ¶ 7 as Exhibit "H").

Following discussions between counsel for the parties, and in response to PTI's suggestion that the parties meet without counsel to discuss the situation, Palantir.net's counsel wrote to PTI's counsel on May 24, 2007 rejecting the proposal that the clients meet without counsel to consider concurrent use of the mark PALANTIR®. (Rosenwein Dec. ¶8). Palantir.net's counsel again reiterated that there was "no good reason why it [PTI] is not able to adopt a new identity with no or minimal disruption to its business." Palantir.net's counsel concluded that correspondence with the expectation of "prompt acknowledgement that your client will be adopting a new trade name and mark not confusingly similar to Palantir.net's identical or related goods and/or services." A copy of that letter is attached Rosenwein Dec. ¶ 8 as Exhibit "I."

Notwithstanding Palantir.net's correspondence, Alex Karp ("Karp"), who represented that he was CEO and co-founder of PTI, telephoned Palantir.net's principals directly to have a face-to-face meeting. (Farriss Dec., ¶11; DeMet Dec., ¶¶5-6; Rosenwein Dec., ¶10). Karp stated that he wished to "negotiate in good faith" to "work out a deal." (DeMet Dec., ¶7). Palantir.net's principals agreed to meet to consider whatever proposal PTI was intending to offer, but with their counsel present. (Farriss Dec., ¶13; DeMet Dec., ¶8). Due to various vacation schedules, the meeting did not occur until June 28, 2007. (DeMet Dec., ¶9; Rosenwein Dec. ¶9).

4

CASE NO. C 07 3863
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE,
TO STAY THIS ACTION UNTIL THE PENDING ILLINOIS CASE IS DECIDED

At the meeting, Karp was present without PTI's counsel. (Farriss Dec., ¶14; DeMet Dec., ¶¶8-10; Rosenwein Dec., ¶10). In response to Karp's suggestion that both parties could use "Palantir" as a brand, the principals for Palantir insisted that PTI's use of PALANTIR® was an infringement of its rights, and that an appropriate solution to the problem was for PTI to cease use of the mark "Palantir." (Farriss Dec., ¶16; DeMet Dec., ¶12; Rosenwein Dec. ¶10). The principals for Palantir.net indicated their willingness to allow PTI some time to adopt a new trade name and mark, once PTI had committed to cease use of "Palantir." (Farriss Dec., ¶26). Karp requested the opportunity to meet with his board in early July, and to then provide a specific proposal, which likely would be in the nature of a coexistence agreement with payments to Palantir for "the inconvenience" of concurrent use. (Farriss Dec., ¶27; DeMet Dec., ¶25; Rosenwein Dec. ¶11). Palantir.net agreed to *consider* such proposal, but reiterated that PTI needed to address its concerns of infringement and likelihood of confusion. (DeMet Dec., ¶25). Immediately following the meeting, Palantir.net's principals also directed its counsel to prepare a complaint in the event that an amicable resolution could not be achieved. (Farriss Dec., ¶28; DeMet Dec., ¶28; Rosenwein Dec. ¶13).

Not having heard from PTI, Palantir.net's counsel contacted PTI's counsel on July 13, 2007 to determine if PTI was intending to propose a resolution. (Rosenwein Dec. ¶14). Later that afternoon, PTI's counsel faxed a proposal for a resolution of the dispute. (*Id.*, ¶15). In that proposal, PTI proposed payments to Palantir.net for up to ten years, in exchange for which Palantir.net would allow PTI to use the "PALANTIR®" mark, including uses with "computer software for information and data management and exploration." (*Id.*) The proposal also

CASE NO. C 07 3863
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE,
TO STAY THIS ACTION UNTIL THE PENDING ILLINOIS CASE IS DECIDED

included an agreement that PTI would be free to use the term "Palantir" with additional marks in the future. (*Id.*)

On July 20, 2007, counsel for PTI telephoned Palantir.net's counsel, inquiring as to Palantir.net's response to PTI's offer. (*Id.*, ¶16). PTI's counsel stated that he was not attempting to "pressure" a response, but hoped the negotiating process would not take "all summer." (*Id.*) Palantir.net's counsel stated that a response would be provided early next week. (*Id.*)

On July 24, 2007, Palantir.net sent a counter-proposal to PTI, indicating that it was agreeable to an amicable resolution, but not on the basis proposed. Palantir.net's proposal was to allow PTI to use *only* "Palantir Technologies" as a brand, as long as those two words were used together with equal emphasis, and with a disclaimer of affiliation with Palantir.net. The proposal also contained proposed payments by PTI to Palantir.net. A copy of the letter attaching the counter-proposal is attached to Rosenwein Dec. ¶ 17 as Exhibit "J."

Palantir.net's counter-proposal was sent via facsimile to PTI's counsel. Later that same day, a secretary to PTI's counsel requested that the counter-proposal be re-sent to him via e-mail in Word® format. (*Id.*, ¶18). Such request indicated to Palantir.net that PTI was considering Palantir.net's counter-proposal and would be proposing changes in Palantir.net's document for further negotiations. (*Id.*) Accordingly, at counsel's direction, the e-mail attaching Palantir.net's counter-proposal in Word® was sent (Rosenwein Dec. ¶ 18 and true copy of e-mail attached as Exhibit K).

However, late Saturday, July 28, 2007, Palantir.net's principals were contacted by an unknown law firm in San Francisco offering its services to defend a lawsuit filed against Palantir.net by PTI on Friday, July 27, 2007, in the United States District Court for the Northern

6

CASE NO. C 07 3863
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE,
TO STAY THIS ACTION UNTIL THE PENDING ILLINOIS CASE IS DECIDED

District of California. (Farriss Dec., ¶32; DeMet Dec., ¶33; Rosenwein Dec., ¶19). Palantir.net then made final revisions in the Complaint its counsel had previously drafted, and filed that Complaint on Monday, July 30, 2007, in the United States District Court for the Northern District of Illinois. (Rosenwein Dec. ¶20). That Complaint was served on PTI on July 31, 2007.

## ARGUMENT

In general, when parties sue each other in different federal courts, one for declaratory relief of non-infringement, and the other for infringement, the first-filed declaratory judgment suit is given priority and allowed to proceed. However, the first-to-file priority rule is not absolute.[2] In particular, when the party filing the declaratory judgment action unfairly took advantage of its opponent, the first-filed declaratory judgment action will not be allowed to proceed. The leading decision in this area is Tempco Electric Heater Corp. v. Omega Engineering, Inc., 819 F.2d 746 (7th Cir. 1987). There, the court held that, where "the declaratory judgment is filed in anticipation of an infringement action, the infringement action should proceed, even if filed four days later." The court further stated that, "the federal declaratory judgment is not a prize to the winner of the race to the courthouse."

The Tempco decision is in accord with the strong public policy against preemptive forum-shopping. *See, e.g.*, Ven-Fuel, Inc. v. Department of the Treasury, 673 F.2d 1194, 1195 (11th Cir. 1982) ("one equitable consideration in such decision is whether declaratory judgment was filed in apparent anticipation of [another] pending proceeding").

---

[2] As one court has noted, "[e]xceptions to the first-filed rule 'are not rare.'" Drugstore-Direct, Inc. v. The Cartier Division of Ridemont North America, Inc., 350 F.Supp. 2d 620, 623 (E.D. Pa. 2004)

7

In this Circuit, there are three exceptions to the first-filed rule: if the declaratory plaintiff acted in bad faith, if the first suit is plainly anticipatory, or if the party engaged in transparent forum-shopping. *See, e.g.,* Ward v. Follett Corp., 158 F.R.D. 645 (N.D. Calif. 1994) (Whyte, J.); Alltrade, Inc. v. Uniweld Products, Inc., 946 F.2d 622, 628 (9th Cir. 1991) ("[D]istrict court judges can, in the exercise of their discretion, dispense with the first-filed principle for reasons of equity.... The decision and the discretion belong to the district court.")

Numerous cases, including decisions in this District, recognize that a first-filed declaratory judgment action should be dismissed or enjoined when, under the guise of settlement discussions, suit is filed in anticipation of an infringement action. *See,* Z-Line Designs, Inc. v. Bell'O International, LLC, 218 F.R.D. 663, 666-667 (N.D. Cal. 2003) ("misleading communication" regarding ongoing settlement discussions by first-to-file declaratory judgment plaintiff required dismissal of first-filed action – "equity militates in favor of allowing the second-filed action to proceed to judgment rather than the first."); Charles Schwab & Co. v. Duffy, 1998 WL 879659 (N.D. Ca. 1998) ("permitting this case to continue would reward a race to the courthouse that appears to have been 'won' by Schwab, at least in part, due to a letter sent to Duffy's attorney that may have misled Duffy as to Schwab's settlement intentions.").

*See, also,* NSI Corp. v. Showco, Inc., 843 F.Supp. 642 (D. Or. 1994). ("NSI took advantage of the fact that Showco had deferred the filing of an expensive and probably protracted litigation because of its belief that settlement negotiations were underway."); Federation Internationale de De Football Association v. Nike, Inc., 285 F.Supp.2d 64 (D. D.C. 2003) (court refused to defer to first-filed declaratory judgment suit filed in another jurisdiction because that first action was filed in the midst of good-faith settlement negotiations.); Galileo

8

CASE NO. C 07 3863
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY THIS ACTION UNTIL THE PENDING ILLINOIS CASE IS DECIDED

International Partnership v. Global Village Communication, Inc., 1996 WL 452273 (N.D. Ill. 1996) ("It is difficult not to conclude that [the declaratory judgment plaintiff] manipulated the situation so as to delay an all-but-certain trademark infringement action against it in order to choose its own forum for the dispute.... It is [the declaratory judgment plaintiff] that prolonged the uncertainty by proposing to negotiate while silently filing a declaratory judgment action."); Hanson PLC v. Metro-Goldwyn-Mayer, Inc., 932 F.Supp. 104, 107 (S.D.N.Y. 1996) (first-filed rule did not apply where party who filed infringement action waited to file in reliance on proposed settlement talks); Ontel Products, Inc. v. Project Strategies Corp., 899 F.Supp. 1144, 1150-51 (S.D.N.Y. 1995) ("[t]he first-filed rule should operate so as to benefit those parties who were prepared, and had every intention, to pursue foreseeable legal action but failed to bring suit due solely to their attempt to settle the matter without court involvement."); China Health Ways Institute, Inc. v. Shin Ten Enterprise USA, Inc., 2003 WL 21982477 (C.D. Cal. 2003) (filing a preemptive declaratory judgment suit was in bad faith and triggered sanctions because the suit was filed "to avoid the forum that it knew that plaintiff would select.")

In sum, it has long been established that courts look with disfavor upon a race to the courthouse and forum-shopping under the guise of settlement discussions. Such procedural fencing is a key factor that counsels against exercising jurisdiction over a declaratory judgment action. Myles Lumber Co. v. CNA Financial Corp., 233 F.3d 821, 824 (4th Cir. 2000); Buzas Baseball, Inc. v. Board of Regents of University System of Georgia, 1999 WL 682883 (10th Cir. 1999); Eli's Chicago Finest, Inc. v. Cheesecake Factory, Inc., 23 F.2d 906 (N.D. Ill. 1998) ("Allowing a potential defendant to make a procedural preemptive strike robs the natural plaintiff of his ability to select his forum."); Xoxide, Inc. v. Ford Motor Co., 448 F.Supp. 1188,

9

1193-1194 (C.D. Cal. 2006) (secret filing of lawsuit, while giving false impression of engaging in settlement discussions, is an "improper attempt at forum shopping.")

Applying the facts to the law of the case, it is obvious that PTI should not be allowed to proceed with this declaratory judgment action. Both through its counsel and through its CEO, PTI pretended that it was interested in settlement negotiations, all the while preparing its action for declaratory relief so as to forestall Palantir.net from filing in Illinois. Although told that the current use of "PALANTIR®" by both parties was unacceptable, PTI, nonetheless pressed for an amicable resolution, and sent its CEO to Chicago to demonstrate its alleged *bona fides*. (Farriss Dec., ¶¶11-12; DeMet Dec., ¶¶5-8; Rosenwein Dec., ¶9). PTI's attorney telephoned Palantir.net's counsel to request a response to the settlement proposal, indicating that no "time pressure" was involved, only that he hoped that negotiations would not take "all summer." (Rosenwein Dec., ¶16). When Palantir.net submitted a counter-proposal, PTI's counsel requested a version be sent via e-mail in Word® format, clearly conveying that additional negotiation was in the offing. (*Id.*, ¶18). The principals of Palantir.net had made clear at their meeting that, in the absence of amicable resolution through settlement negotiations, Palantir would take legal action to protect its interests. (Farriss Dec., ¶16; DeMet Dec., ¶13; Rosenwein Dec. ¶10).

Accordingly, the facts place this case squarely within the exception to the first-filed rule, and this action should be dismissed in favor of the Illinois lawsuit.

Moreover, there is no prejudice in dismissing this action. First, as stated in its California Complaint, PTI describes itself as having "developed a national base of customers." It further states that it has attained good will "among consumers nationally." Thus, there is nothing unfair

10

**CASE NO. C 07 3863**
**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE,**
**TO STAY THIS ACTION UNTIL THE PENDING ILLINOIS CASE IS DECIDED**

about requiring PTI to litigate its defenses in the Northern District of Illinois. Indeed, as shown in PTI's declaratory complaint, its declaratory action does not contain any independent claims against Palantir.net. Rather, its declaratory judgment action simply raises what would be the usual defenses to an infringement action which can be easily asserted in defense of the Illinois lawsuit.[3]

In addition, there is no appreciable difference in the speed with which this matter will go to trial in either forum. The latest court statistics (2006) show that the median times for the Northern District of Illinois are somewhat shorter for civil cases from filing to disposition (7.4 months in the Northern District of California versus 6.5 months in the Northern District of Illinois) (Exhibit "K"). Indeed, the initial status hearing in the Illinois lawsuit is scheduled to be heard more than one month prior to that scheduled in this California lawsuit.

In sum, PTI's anticipatory filing of its declaratory action, undertaken stealthily during what turned out to be sham negotiations, requires this Court to dismiss the proceeding in California in favor of the Illinois lawsuit.

## CONCLUSION

WHEREFORE, defendant Palantir.net prays that this Court grant its motion to dismiss or, in the alternative, to stay this action until the pending Illinois case is decided.

---

[3] We note that PTI's principal law firm is located in Indiana, which adjoins Illinois. Although not dispositive, there is plainly less inconvenience to PTI in litigating this matter in Illinois than in California. *See*, In Re Funeral Consumers Antitrust Litigation, 2005 WL 2334362 (N.D.Cal. 2005) (stating that since "the largest team of plaintiff's counsel in this action is based in New York... the burden [on plaintiff] would be diminished by a transfer to the Southern District of Texas.")

11

CASE NO. C 07 3863
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE,
TO STAY THIS ACTION UNTIL THE PENDING ILLINOIS CASE IS DECIDED

1    Dated this August 17, 2007

2

3                                    LAW OFFICES OF JOSEPH L. STRABALA

4                                    By:

5                                        Joseph L. Strabala

6                                    and

7                                    THOMAS D. ROSENWEIN
                                     DON E. GLICKMAN
8                                    JAMES A. FLESCH
                                     GORDON, GLICKMAN, FLESCH &
9                                    ROSENWEIN
                                     140 South Dearborn Street, Suite 404
10                                   Chicago, IL 60603
                                     Telephone: (312) 346-1080
11                                   Facsimile: (312) 346-3708
                                     Email: trosenwein@lawggf.com
12                                   Attorneys for Defendant
                                     PALANTIR.NET, INC.
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27
                                            12
28   CASE NO. C 07 3863
     MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE,
     TO STAY THIS ACTION UNTIL THE PENDING ILLINOIS CASE IS DECIDED

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

**PALANTIR.NET, INC.,**
   an Illinois corporation,

               Plaintiff,

    v.

**PALANTIR TECHNOLOGIES, INC.,**
   a Delaware corporation,

             Defendant.

No. 07 C 4271

JUDGE RONALD GUZMAN

**Honorable Judge**

RECEIVED

JUL 30 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

MAGISTRATE JUDGE VALDEZ

### COMPLAINT

**NOW COMES PLAINTIFF**, PALANTIR.NET, INC. ("Palantir"), by and through its

attorney, Thomas D. Rosenwein of Gordon, Glickman, Flesch & Rosenwein, and for its

Complaint against defendant Palantir Technologies, Inc. ("PTI"), states as follows.

### PARTIES

1.    Palantir is a corporation organized and existing under the laws of the State of

Illinois, with its principal place of business in this district located at 1601 Simpson Street, Suite 6,

Evanston, Illinois 60201.

2.    Upon information and belief, PTI is a corporation organized and existing under the

laws of the State of Delaware, with its principal place of business in Palo Alto, California.

### NATURE OF CASE

3.    This is an action for trademark infringement and related statutory and common law

violations. Palantir has been using the mark PALANTIR® since 1996 in connection with a

variety of computer software services. In 2004, PTI was organized as a company and recently has

been using the identical mark in advertising for its computer software services. This action is

**EXHIBIT**

A

brought to end the likelihood of confusion that PTI's use of "Palantir" in commerce has and will cause and to obtain relief for injuries caused by PTI's conduct.

## JURISDICTION AND VENUE

4.      This action arises under the Trademark Act of July 5, 1946, as amended, commonly known as the Lanham Act, 15 U.S.C. §1051, *et seq.* and the statutory and common laws of Illinois.

5.      This Court has original subject-matter jurisdiction over all asserted claims under 15 U.S.C. §1121, 28 U.S.C. §§1331, 1332 and 1338, and 28 U.S.C. §1367.

6.      PTI is doing business in this judicial district, has committed one or more tortious acts in this judicial district, and is subject to personal jurisdiction in this district.

7.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b).

## EVENTS

8.      Long prior to PTI's use of "Palantir," Palantir has been using the mark PALANTIR® in connection with its computer services.

9.      On January 31, 2006, Palantir was granted a federal trademark registration on the principal register of the Patent and Trademark Office. A copy of that registration is attached hereto as Exhibit A.

10.     By virtue of that registration, Palantir has nationwide rights in connection with the use of the mark PALANTIR® for at least the following services: "computer services, namely designing and hosting network websites for others, designing database software for others, designing multi-media software for others, and designing in the field of multi-media presentations for others."

2

11. Palantir has promoted the PALANTIR® mark for over ten years and its use long proceeds PTI's adoption of the trade name Palantir Technologies, Inc. and "Palantir" as a symbol for its computer software services.

12. Palantir is also the owner of several domain names, including www.palantir.biz, www.palantir.net and www.palantir.org.

13. PTI currently operates a website at www.palantirtech.com.

14. PTI characterizes itself on its website as a "software start-up" and shows its product as "an analytic platform" for "revolutionizing information analysis and management."

15. In fact, PTI is a company engaged in the development of database software.

16. Palantir contacted PTI in February 2007, complaining that PTI's use of "Palantir" was in violation of Palantir's preexisting rights. In that correspondence, Palantir demanded that PTI cease and desist use of "Palantir" in its trade name and as a brand in all advertising, promotion and displays of PTI's services in whatever media.

17. PTI refused to cease its use. Instead, two days after receipt of the cease and desist correspondence, PTI filed an application for "Palantir" with the United States Patent and Trademark Office, deceptively failing to disclose that its services involve computer services or database software.

## I. FIRST CLAIM FOR RELIEF: UNFAIR COMPETITION UNDER §43(A) OF THE LANHAM ACT

18. Palantir incorporates paragraphs 1-17 as paragraphs 1-17 of this Count I as though fully set forth herein.

19. PTI's acts complained of herein constitute use of a false designation of origin which is likely to cause confusion, mistake or deception as to the origin, sponsorship or approval of services offered by PTI, in violation of §43(a) of the Lanham Act, 15 U.S.C. §1125(a).

3

20. PTI's acts complained of herein also constitute an attempt to trade on the good will which Palantir has developed in and to its trademarks and service marks, all to the damage of Palantir.

21. Palantir and the public have generally been harmed irreparably by PTI's actions, and therefore have no adequate remedy at law.

## II. SECOND CLAIM FOR RELIEF:
## SECTION 32(1) OF THE LANHAM ACT

22. Palantir incorporates paragraphs 1-21 of Count I as paragraphs 1-21 of this Count II as though fully set forth herein.

23. PTI intentionally adopted and continues to use the "Palantir" mark with full knowledge of Palantir's superior federally registered service mark and with full knowledge that its unauthorized use of that mark is intended to cause confusion, mistake or deception.

24. PTI's tortious acts constitute willful and deliberate infringement and are in willful and wanton disregard of Palantir's established and superior rights. As a result of PTI's unlawful actions, Palantir has suffered commercial harm.

25. Palantir has also been, and continues to be, harmed irreparably by PTI's unlawful actions and has no adequate remedy at law.

## III. THIRD CLAIM FOR RELIEF:
## FEDERAL SERVICE MARK DILUTION

26. Palantir incorporates paragraphs 1-25 of Count II as paragraphs 1-25 of this Count III as though fully set forth herein.

27. PTI's acts complained of herein are likely to cause dilution by blurring or dilution by tarnishment of Palantir's famous PALANTIR® service mark.

4

28. PTI's acts complained of herein thus constitute dilution in violation of the Trademark Dilution Revision Act of 2006, §43 of the Lanham Act, 15 U.S.C. §1125(c).

29. Palantir has generally been harmed irreparably by PTI's actions and there is no adequate remedy at law.

## IV. FOURTH CLAIM FOR RELIEF:
## ILLINOIS ANTI-DILUTION ACT

30. Palantir incorporates paragraphs 1-29 of Count III as paragraphs 1-29 of this Count IV as though fully set forth herein.

31. Through the acts complained of above, PTI has diluted Palantir's famous, inherently distinctive service mark in violation of the Illinois Anti-Dilution Act, §765 ILCS 1036/65.

32. PTI's intentional and willful acts have caused harm to Palantir and will continue to cause injury in the future.

33. Palantir has generally been harmed irreparably by PTI's actions and there is no adequate remedy at law.

## V. FIFTH CLAIM FOR RELIEF:
## ILLINOIS CONSUMER FRAUD STATUTE

34. Palantir incorporates paragraphs 1-30 of Count IV as its paragraphs 1-33 of this Count V as though fully set forth herein.

35. PTI is passing off their goods as those of Palantir and is causing a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, association or affiliation of its services and/or products with Palantir, in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, §815 ILCS 505/1, *et seq.*.

36. PTI's willful actions have caused harm to Palantir and will continue to cause harm in the future.

37. Palantir and the public have generally been harmed irreparably by PTI's actions and there is no adequate remedy at law.

## VI. SIXTH CLAIM FOR RELIEF: ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT

38. Palantir incorporates paragraphs 1-37 of Count V as paragraphs 1-37 of this Count VI as though fully set forth herein.

39. PTI is passing off its goods as those of Palantir and is causing a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, association or affiliation of its services with Palantir, in violation of the Illinois Uniform Deceptive Trade Practices Act, §815 ILCS 510/1, *et seq.*.

40. PTI's willful actions have caused harm to Palantir and will continue to cause harm in the future.

41. Palantir and the public have generally been harmed irreparably by PTI's actions and there is no adequate remedy at law.

## VII. SEVENTH CLAIM FOR RELIEF: COMMON LAW UNJUST ENRICHMENT

42. Palantir incorporates paragraphs 1-41 of Count VI as paragraphs 1-41 of this Count VII as though fully set forth herein.

43. Palantir is the sole owner of the service mark PALANTIR® identified above. Nonetheless, PTI has wrongfully used Palantir's service mark as part of the scheme to deceive. As a result of that use, PTI has enjoyed a benefit to which it is not entitled, and Palantir has suffered damage.

6

44. PTI's acts complained of herein thus constitute unjust enrichment under the common laws of Illinois.

45. Palantir and the public have generally been harmed irreparably by the actions of PTI and there is no adequate remedy at law.

## VIII. EIGHTH CLAIM FOR RELIEF: COMMON LAW UNFAIR COMPETITION

46. Palantir incorporates paragraphs 1-45 of Count VII as its paragraphs 1-45 of this Count VIII as though fully set forth herein.

47. The actions of PTI, as described above, have caused interference with the established and superior rights of Palantir.

48. As such, the actions of PTI constitute unfair competition under Illinois common law.

49. Palantir and the public have generally been harmed irreparably by PTI's actions and there is no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Palantir prays for this Court to:

A. Grant a permanent injunction restraining and enjoining PTI and all those in privity, concert or participation with PTI from:

i. Imitating, copying, duplicating or otherwise making use of Palantir's service mark identified above, or any mark confusingly similar to such mark, or cause dilution or impair the distinctive nature of Palantir's mark identified above;

ii. Using any false designation of origin or false description which can or is likely to lead the trade or public, or individual members thereof, to mistakenly believe that any

7

service or product advertised, promoted, offered or sold by PTI in connection with, or sponsored, approved, endorsed or authorized by Palantir;

        iii.    Causing a likelihood of confusion or injury to Palantir's business reputation and to the distinctiveness of Palantir's service mark, as identified above;

        iv.    Engaging in any other activity constituting unfair competition or infringement of Palantir's service mark identified above, or dilution of that service mark or of Palantir's rights in or to use or to exploit its service mark; and

        v.    Assisting, aiding, or abetting another person or business entity in engaging or performing any of the activities enumerated in any of the above set forth paragraphs.

B.    Find that PTI has infringed Palantir's service mark identified above in violation of federal and state laws, and have damaged Palantir's good will by the acts complained of herein.

C.    Find that the acts of PTI constitute service mark dilution in violation of federal law.

D.    Find that PTI has unfairly competed with Palantir by the acts complained of herein in violation of federal and state laws.

E.    Find that the acts of PTI violate the Illinois Anti-Dilution Act.

F.    Find that the acts of PTI violate the Illinois Consumer Fraud Act.

G.    Find that the acts of PTI violate the Illinois Uniform Deceptive Practices Act.

H.    Find that the acts of PTI constitute unfair competition and unjust enrichment under Illinois common law.

I.    Grant an Order requiring PTI and any principals, agents, servants, employees, successors and assigns, and all those in privity or in concert with PTI who receive actual notice of said Order to deliver up all signs, articles and promotional advertising, and any other printed

8

materials of any kind bearing Palantir's service mark and/or a mark confusingly similar to Palantir's service mark, or causes dilution of the famous service mark identified above.

J.    Grant an Order requiring PTI and any principals, agents, servants, employees, successors and assigns of, and all of those in privity or concert with PTI that receive actual notice of said Order, to remove from the Internet all matter of any kind bearing Palantir's service mark as identified above, or any mark confusingly similar to Palantir's service mark, or causes dilution of the famous service mark identified above.

K.    Award Palantir actual damages and profits in an amount to be determined at trial for all claims asserted, or that statutory damages be awarded as may be appropriate.

L.    Award Palantir its attorneys' fees and all costs and expenses of the litigation.

M.    Award Palantir increased damages due to the willful and wanton nature of PTI's conduct.

N.    Award Palantir punitive damages, exemplary damages and other similar appropriate damages.

O.    Award Palantir prejudgment and post-judgment interest.

P.    Award Palantir such other and further relief as the Court may deem just, proper and equitable under the circumstances.

## JURY DEMAND

Palantir demands a jury trial on all issues so triable.

PALANTIR.NET, INC.

Dated: July 30, 2007

By: _____

One of the Attorneys for Plaintiff

9

Thomas D. Rosenwein (#2391597)
James A. Flesch (#3127112)
Don E. Glickman (#972525)
**Gordon, Glickman, Flesch & Rosenwein**
140 South Dearborn Street, Suite 404
Chicago, IL 60603
(312) 346-1080



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*ESS was last updated on Sat Jul 28 04:06:53 EDT 2007*

SS HOME   NEW USER   STRUCTURED   FREE FORM   BROWSE DICT   SEARCH OG   BOTTOM   HELP

Logout   Please logout when you are done to release system resources allocated for you.

## Record 1 out of 1

ARR Status   ASSIGN Status   TDR   TTAB Status   *( Use the "Back" button of the Internet Browser to turn to TESS)*

### Typed Drawing

| | |
|---|---|
| ord Mark | PALANTIR |
| ods and ervices | IC 042. US 100 101. G & S: Computer services, namely designing and hosting network web sites for others, designing database software for others, designing multimedia software for others, and design in the field of multimedia presentations for others. FIRST USE: 19960700. FIRST USE IN COMMERCE: 19960700 |
| ark Drawing ode | (1) TYPED DRAWING |
| erial Number | 76399465 |
| ling Date | April 22, 2002 |
| urrent Filing isis | 1A |
| riginal Filing isis | 1A |
| ublished for pposition | November 8, 2005 |
| egistration umber | 3052005 |
| egistration ite | January 31, 2006 |
| vner | (REGISTRANT) **Palantir.net**, Inc. CORPORATION ILLINOIS 1601 Simpson St. Suite 6 Evanston ILLINOIS 60201 |
| torney of cord | Jeffrey S. Wilson |
| pe of Mark | SERVICE MARK |
| gister | PRINCIPAL |
| ve/Dead licator | LIVE |

S HOME   NEW USER   STRUCTURED   FREE FORM   BROWSE DICT   SEARCH OG   TOP   HELP

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

**EXHIBIT**

tabbies®

A

1    **KATHRYN J. FRITZ (CSB NO. 148200)**
     **FENWICK & WEST LLP**
2    555 California Street, 12th floor
     San Francisco, CA 94104
3    Telephone: (415) 875-2300
     Facsimile: (415) 281-1350
4    Email:      kfritz@fenwick.com

5    **DWIGHT LUECK**
     **BARNES & THORNBURG LLP**
6    11 S MERIDIAN ST
     INDIANAPOLIS, IN 46204-3506
7    Telephone: (317) 231-1313
     Facsimile: (317) 231-7433
8    Email:     dwight.lueck@btlaw.com
     [*Pro hac vice* pending]
9

   Attorneys for Plaintiff
10   PALANTIR TECHNOLOGIES INC.

**CRB**

11           UNITED STATES DISTRICT COURT

12          NORTHERN DISTRICT OF CALIFORNIA **C 07 3863**

13                SAN JOSE DIVISION

| | |
|---|---|
| 14   PALANTIR TECHNOLOGIES INC., | Case No. |
| 15          Plaintiff, | **COMPLAINT FOR DECLARATORY JUDGMENT** |
| 16     v. | **DEMAND FOR JURY TRIAL** |
| 17   PALANTIR.NET, INC., | |
| 18         Defendant. | |

19

20       Plaintiff Palantir Technologies Inc. ("PTI"), for its complaint against Defendant

21   Palantir.net, Inc. ("Defendant"), alleges as follows:

22                    **INTRODUCTION**

23      1.      This is an action for declaratory judgment pursuant to the Declaratory Judgment

   Act, 28 U.S.C. § 2201, and Federal Rule of Civil Procedure 57. PTI seeks a declaration of this
24
   Court that (i) its use of PALANTIR does not infringe on any purported trademark rights
25
   Defendant claims to own in PALANTIR; and (ii) consumers are not likely to be confused as to
26
   the origin of PTI's products and services.
27

28

**COMPLAINT FOR DECLARATORY
JUDGMENT**

CASE NO. _____

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**EXHIBIT**

B

## PARTIES, JURISDICTION AND VENUE

2.    Plaintiff PTI is a corporation organized under the laws of the ʃ having its principal place of business in Palo Alto, California.

3.    Defendant is a corporation organized under the laws of the State of Illinois, having its principal place of business in Evanston, Illinois.

4.    This is a case of actual controversy, within the jurisdiction of this Court, that is in all respects suited for a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 and Fed. R. Civ. P. 57, declaring the rights of PTI, as set out below.

5.    This civil action arises under the Lanham Act, 28 U.S.C. §§ 1051, *et seq.*, and is brought to obtain declaratory judgment. This Court has federal question jurisdiction over the underlying claim pursuant to 28 U.S.C. §§ 1331, 1332 and 1338, and supplemental jurisdiction is proper pursuant to 28 U.S.C. § 1367.

6.    This Court has personal jurisdiction over Defendant because, upon information and belief, Defendant does business in this judicial district; Defendant has caused harm in this judicial district; and Defendant has sent to PTI within this judicial district letters alleging infringement of Defendant's trademark PALANTIR ("Defendant's Mark").

7.    Venue is proper in this district pursuant to 28 U.S.C. §1391(b) in that a substantial part of the events giving rise to the claims herein occurred in this judicial district.

## INTRADISTRICT ASSIGNMENT

8.    The basis for assignment of this action to the San Jose Division of the United States District Court for the Northern District of California is that a substantial part of the events and injury giving rise to the claims set forth herein occurred in the County of Santa Clara, where PTI is headquartered.

## ALLEGATIONS COMMON TO ALL COUNTS

### PTI's Business and Trademark

9.    Founded in 2003 by veterans of several successful Silicon Valley companies, PTI is in the business of information analysis and provides its consumers with software and services that enable a secure investigative environment where analysts can automatically connect and discover

COMPLAINT FOR DECLARATORY
JUDGMENT                                               - 2 -                                               CASE NO. _____

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    various pieces of data, share their workflows and discoveries with others, and build knowledge
2    over time within an intelligence organization. PTI's software and services provide its customers
3    the ability to explore, understand, manipulate, and share large sets of structured and unstructured
4    information across departmental and organizational lines. PTI accomplishes this monumental
5    task by bringing together data from investigations, spreadsheets, documents, XML files, and
6    hundreds of other formats, enabling analysts to organize data into knowledge and allow its users
7    to easily make connections utilizing a number of different user interfaces.

8         10.    PTI adopted the PALANTIR trade name and mark in 2003. The name derives from
9    J.R.R. Tolkein's fictional fantasy universe; a "palantir" is a magical artifact, akin to a crystal ball.
10   PTI has been using the mark throughout the United States in commerce in connection with the
11   promotion and sale of its goods and services since at least 2005.

12        11.    PTI has developed a national base of customers. PTI has presented and distributed
13   its advertising and promotional materials and has received requests for software and services from
14   across the nation. PTI has spent and continues to spend money promoting and advertising its
15   PALANTIR Mark and the software and services provided thereunder. As a result of such
16   promotion and advertising coupled with the reputation of the high quality of PTI's software and
17   services, PTI's PALANTIR Mark has attained goodwill among consumers nationally. PTI's
18   PALANTIR Mark and the goodwill of the business associated therewith are of inestimable value
19   to PTI.

20        12.    PTI's software and services are expensive, and its customers are highly
21   sophisticated. These facts both help to assure that PTI's consumers give considerable thought and
22   conduct thorough investigation before purchasing PTI's software and services.

23        13.    PTI is the owner of U.S. Application Serial No. 77/111698 for PTI's PALANTIR
24   Mark for "information and data management and exploration; namely the collection, editing,
25   analysis, viewing, organization, modification, book marking, transmission, storage, exchange,
26   sharing, querying, auditing, and tracking of data and information."

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

## Defendant's Business and Trademark

14.     Upon information and belief, Defendant is in the business of developing interactive websites, web and multimedia applications, and databases for use with web-based applications.

15.     Upon information and belief, Defendant has registered U.S. Registration No. 3052005 for the mark PALANTIR in connection with "computer services, namely designing and hosting network web sites for others, designing database software for others, designing multimedia software for others, and design in the field of multimedia presentations for others," claiming July 1996 as a date of first use.

## Defendant's Claims

16.     Beginning in February 2007, Defendant has alleged that PTI's use of its PALANTIR name and mark is likely to cause confusion and violates and infringes Defendant's intellectual property rights. Defendant has further demanded that PTI cease use of PALANTIR and adopt a new trade name and trademark.

## FIRST CLAIM FOR RELIEF

### (Declaratory Judgment)

17.     PTI incorporates by reference the allegations of paragraphs 1 through 16 as if fully set forth in this paragraph.

18.     An actual and justiciable controversy presently exists between PTI and Defendant regarding PTI's use of PALANTIR and Defendant's purported trademark rights in PALANTIR. In communications Defendant has contended, among other things, that it has acquired enforceable trademark rights in its PALANTIR mark and that PTI's mark is confusingly similar to that mark.

19.     PTI denies that it has infringed upon any of Defendant's alleged trademark rights or has engaged in acts of unfair competition. PTI contends that consumers are not likely to be confused as to the origin of PTI's products and services because, *inter alia*, PTI's and Defendant's products and services are dissimilar; PTI's customers are highly sophisticated corporations, government agencies and financial institutions; PTI's products and services are

COMPLAINT FOR DECLARATORY JUDGMENT            -4-                  CASE NO.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    highly priced, and purchasers typically conduct lengthy technical evaluations of competing

2    products before buying the products.

3       20.     PTI has an objectively reasonable apprehension that it will be subject to a

4    trademark infringement and unfair competition suit brought by Defendant in light of Defendant's

5    communications to PTI. Defendant has repeatedly demanded that PTI stop using PTI's

6    PALANTIR name and mark and withdraw its application to register PTI's PALANTIR Mark with

7    the United States Patent and Trademark Office.

8       21.     The threat of trademark infringement being made by Defendant against PTI is

9    causing, and if allowed to persist, will continue to cause irreparable damage to PTI.

10      22.     PTI hereby requests a declaration of this Court under the provisions of the

11    Declaratory Judgment Act, 28 U.S.C. § 2201, setting forth the respective rights and other legal

12    relations of PTI and Defendant. In particular, PTI requests a declaration of the Court that PTI's

13    use of its PALANTIR mark and name is not likely to cause consumer confusion as to the source

14    of goods or services and therefore does not infringe on any trademark or other rights purportedly

15    owned by Defendant in Defendant's Mark.

16      23.     PTI is entitled to a declaration that it may use and register its PALANTIR Mark

17    without infringing upon the rights of Defendant, that PTI's PALANTIR Mark does not infringe

18    Defendant's federal or common law rights in its trademarks, and that PTI's use of PALANTIR

19    does not constitute federal or common law unfair competition.

20      24.     The rights of the parties to this controversy can be finally determined by a

21    declaratory judgment of this Court. A declaratory judgment would serve the useful purpose of

22    settling the controversy, in that the rights that would be the subject of further litigation between

23    the parties hereto will be finally established and not then form the basis for further litigation.

24      25.     This complaint for declaratory relief is not excluded by any of the exclusions listed

25    in 28 U.S.C. § 2201, and considerations of practicality and wise judicial administration.

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

COMPLAINT FOR DECLARATORY
JUDGMENT      -5-          CASE NO. _____

1       **PRAYER FOR RELIEF**

2       **WHEREFORE,** Plaintiff PTI prays for the following relief:

3       A.      A declaration that PTI may continue to use and seek registration of PTI's

4       PALANTIR Mark in connection with its software and services without the objection or

5       interference of Defendant;

6       B.      A declaration that PTI is not infringing upon any federal or common law

7       trademark rights owned by Defendant by its use of its PALANTIR;

8       C.      A declaration that PTI is not engaging in any federal or common law unfair

9       competition by its use of PALANTIR Mark; and

10      D.      Such other and further relief as the Court deems just and proper.

11      Dated: July 27, 2007                          **FENWICK & WEST LLP**

12

13                                          By: Kathryn J. Fritz

14                                          and

15

16                                          **BARNES & THORNBURG LLP**
                                            **DWIGHT LUECK**
17                                          11 S MERIDIAN ST
                                            INDIANAPOLIS, IN 46204-3506
18                                          Telephone: (317) 231-1313
                                            Facsimile: (317) 231-7433
19                                          Email:      dwight.lueck@btlaw.com
                                            [*Pro hac vice* pending]
20
                                            Attorneys for Plaintiff
21                                          **PALANTIR TECHNOLOGIES INC.**

22

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

COMPLAINT FOR DECLARATORY                   - 6 -                    CASE NO. _____
JUDGMENT

1

## DEMAND FOR JURY TRIAL

2      Plaintiff PALANTIR TECHNOLOGIES, INC. hereby requests a jury trial on all claims

3   and defenses so triable.

4   Dated: July 27, 2007                          **FENWICK & WEST LLP**

5

6                                                  By:

7                                                          Kathryn J. Fritz

8                                                  and

9                                                  **BARNES & THORNBURG LLP**
                                                   **DWIGHT LUECK**
                                                   11 S MERIDIAN ST
10                                                 INDIANAPOLIS, IN 46204-3506
                                                   Telephone: (317) 231-1313
11                                                 Facsimile: (317) 231-7433
                                                   Email:    dwight.lueck@btlaw.com
12                                                 [*Pro hac vice* pending]

13                                                 Attorneys for Plaintiff
                                                   **PALANTIR TECHNOLOGIES INC.**
14
    26142/00401/LIT/1270643.1
15

16

17

18

19

20

21

22

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

COMPLAINT FOR DECLARATORY          - 7 -                          CASE NO. _____
JUDGMENT

### UNITED STATES DISTRICT COURT
### FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 3.0
### Eastern Division

Palantir.net, Inc.

Plaintiff,

v.

Case No.: 1:07–cv–04271
Honorable Ronald A. Guzman

Palantir Technologies, Inc.

Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Thursday, August 2, 2007:

MINUTE entry before Judge Ronald A. Guzman :The Court orders the parties to appear for an initial appearance and status hearing. All parties shall refer to and comply with Judge Guzman's requirements for the initial appearance as outlined in Judge Guzman's case management procedures, which can be found at: www.ilnd.uscourts.gov.Status hearing set for 9/28/2007 at 09:30 AM.Mailed notice(cjg, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.



EXHIBIT

D

tabbies

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

PALANTIR TECHNOLOGIES INC.,

Plaintiff (s),

v.

PALANTIR.NET.INC,
Defendant(s).

No. **C 07-03863 CRB**

**ORDER SETTING INITIAL CASE
MANAGEMENT CONFERENCE
AND ADR DEADLINES**

IT IS HEREBY ORDERED that this action is assigned to the Honorable Charles R. Breyer.
When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all
other parties a copy of this order, the handbook entitled "Dispute Resolution Procedures in the
Northern District of California" and all other documents specified in Civil Local Rule 4-2. Counsel
must comply with the case schedule listed below unless the Court otherwise orders.

IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution
(ADR) Multi-Option Program governed by ADR Local Rule 3. Counsel and clients shall familiarize
themselves with that rule and with the handbook entitled "Dispute Resolution Procedures in the
Northern District of California."

## CASE SCHEDULE -ADR MULTI-OPTION PROGRAM

| Date | Event | Governing Rule |
|------|-------|----------------|
| 7/27/2007 | Complaint filed | |
| 10/12/2007 | Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP 26(f) & ADR L.R.3-5 |
| | • file Joint ADR Certification with Stipulation to ADR Process or Notice of Need for ADR Phone Conference | Civil L.R. 16-8 |
| 10/26/2007 | Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also available at http://www.cand.uscourts.gov) | FRCivP 26(a) (1) Civil L.R . 16-9 |
| 11/2/2007 | INITIAL CASE MANAGEMENT CONFERENCE (CMC) in Ctrm. 8, 19th Fl,SF at 8:30 AM | Civil L.R. 16-10 |



**EXHIBIT**

C

1

2

3

4

5

6

7    IN THE UNITED STATES DISTRICT COURT

8    FOR THE NORTHERN DISTRICT OF CALIFORNIA

9    No. _____

10

11    **ORDER SETTING CASE MANAGEMENT CONFERENCE**

12

13    The above matter having been assigned to Judge Charles R. Breyer,

14    **IT IS HEREBY ORDERED,** pursuant to Rule 16, Federal Rules of Civil Procedure, and

15    Civil Local rule 16, that a case management conference will be held before Judge Charles R. Breyer

16    on Friday, _____ at 8:30 a.m., in Courtroom 8, 19th floor, 450 Golden Gate

17    Avenue, San Francisco, California.

18    Lead trial counsel shall meet and confer not less than thirty (30) days in advance of the

19    conference and shall file a joint case management statement in the form contained in the Civil Local

20    rules as supplemented by this order not less than ten (10) days in advance of the conference.

21    If the conference is inconveniently scheduled, it may be rescheduled by stipulation and order

22    to another date or time convenient to the Court's calendar.

23    At the conclusion of the conference, an order will be entered setting dates either for a further

24    case management conference, or for close of discovery, pre-trial conference, and trial. Other orders

25    regulating and controlling future proceedings may be entered.

26    Plaintiff(s) shall serve copies of this order at once on all parties to this action, and on any

27    parties subsequently joined, in accordance with Federal Rules of Civil Procedure 4 and 5. Following

28    service, plaintiff(s) shall file a certificate of service with the Clerk of this Court.

1    SUPPLEMENTAL TO INITIAL CASE MANAGEMENT STATEMENT

2

3    1.    At the initial case management conference, the parties or at least one attorney of

4          record for each party must appear in person. See FRCP 26(f) ; Civil LR 16-10(a).

5    2.    The case management statement may not exceed ten pages. It should briefly describe

6          the parties' controversy. Any party seeking damages must set forth in the statement

7          the amount sought and the basis for its calculation.

8    3.    If the case was removed from a state court, and the applicable state law has not

9          required the parties to make an express demand for a jury trial at the time of removal,

10         any party claiming right to a jury trial must make the request therefor within ten days

11         after service of the notice of removal. FRCP 81 (c).

12   4.    NOTICE TO PRO SE LITIGANTS IN NON-PRISONER ACTIONS:

13         If you are proceeding in this lawsuit without an attorney, then the following

14   directives apply to you in the prosecution of your case.

15         The court hereby ORDERS you to comply with the service requirements of

16   Rule 4 of the Federal Rules of Civil Procedure as set forth below. Failure to follow

17   the procedures set forth in this order may result, under Rule 4 (m), in dismissal of

18   your case.

19         It is your responsibility to obtain a valid summons from the clerk and to

20   effect service of the summons and complaint on all defendants in accordance with

21   Rule 4 of the Federal Rules of Civil Procedure. If you have named the United States

22   government, a federal agency, a federal official or a federal employee as a defendant,

23   you must comply with the special requirements of Rule 4 (i).

24         Service may be effected by any person who is not a party and who is at least

25   18 years of age, which means that you, as a party, may not effect service. If service of

26   the summons and complaint is not made upon a defendant within 120 days after the

27   filing of the complaint, your action will, under Rule 4 (m), be dismissed as to that

28   deifendant.

United States District Court
For the Northern District of California

2

Within 125 days after the filing of the complaint, you must file proof of service indicating which defendants were served within the 120 days allowed under Rule 4 (m) and showing, in accordance with Rule 4 (l), how each of those defendants was served (for example, by attaching appropriate certificates of service). You must also show cause why a defendant not served within the 120 days allowed under Rule 4 (m) should not be dismissed without prejudice. Failure to do these things within the designated time will result in the dismissal of your case under Rule 4 (m) and Rule 41 (b).

5.    NOTICE FOR AMERICANS WITH DISABILITIES ACT LITIGATION:

If this action seeks accommodation or other relief, including attorney fees, pursuant to Title III of the Americans with Disabilities Act, 42 USC § 12191-89, the court ORDERS, pursuant to FRCP 16, the following:

a.    Each plaintiff shall, pursuant to FRCP 4 (m), forthwith complete service on any unserved defendant;

b.    Discovery, except for initial disclosures required by FRCP 26 (a), and all other proceedings are until further order STAYED;

c.    If not previously done, each plaintiff shall forthwith serve upon each defendant a demand for accommodation and statement of attorney fees incurred to date (42 USC § 12205; Hensly v Eckerhart, 461 US 424, 429-30, 433-37 (1983));

d.    Each defendant shall, no later than the date for the conference of the parties specified above, serve a response to the demand for accommodation;

e.    The joint case management statement shall contain, in addition to the information called for by FRCP 26 (f), the information set forth in paragraphs c and d.

1    Sanctions. **FAILURE TO COMPLY WITH THIS ORDER** may be deemed

2  sufficient grounds for dismissal of this cause, default or other appropriate sanctions. See Federal

3  Rules of Civil Procedure 16(f), 41 (b); Civ LR 1-4.

4

5    **IT IS SO ORDERED.**

6

7

8

9  Dated: June 22, 2004

                                CHARLES R. BREYER
10                               UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

United States District Court
For the Northern District of California

# U.S. DISTRICT COURT - JUDICIAL CASELOAD PROFILE

| | CALIFORNIA NORTHERN | | 12-MONTH PERIOD ENDING SEPTEMBER 30 | | | | | | Numerical Standing | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | 2006 | 2005 | 2004 | 2003 | 2002 | 2001 | U.S. | Circuit |
| OVERALL CASELOAD STATISTICS | Filings* | | 8,683 | 6,362 | 6,727 | 6,919 | 7,887 | 6,841 | U.S. | Circuit |
| | Terminations | | 6,983 | 6,966 | 6,471 | 7,094 | 6,675 | 6,069 | | |
| | Pending | | 8,157 | 6,557 | 7,267 | 7,567 | 7,958 | 6,928 | | |
| | % Change in Total Filings | Over Last Year | | 36.5 | | | | | 4 | 1 |
| | | Over Earlier Years | | | 29.1 | 25.5 | 10.1 | 26.9 | 10 | 2 |
| | Number of Judgeships | | 14 | 14 | 14 | 14 | 14 | 14 | | |
| | Vacant Judgeship Months** | | .0 | .0 | .0 | 3.1 | 12.0 | 3.0 | | |
| ACTIONS PER JUDGESHIP | FILINGS | Total | 620 | 455 | 480 | 494 | 563 | 489 | 11 | 3 |
| | | Civil | 558 | 390 | 413 | 424 | 510 | 439 | 6 | 2 |
| | | Criminal Felony | 37 | 39 | 44 | 47 | 42 | 50 | 82 | 12 |
| | | Supervised Release Hearings** | 25 | 26 | 23 | 23 | 11 | | 36 | 12 |
| | Pending Cases | | 583 | 468 | 519 | 541 | 568 | 495 | 12 | 2 |
| | Weighted Filings** | | 621 | 543 | 581 | 631 | 598 | 610 | 5 | 2 |
| | Terminations | | 499 | 498 | 462 | 507 | 477 | 434 | 28 | 5 |
| | Trials Completed | | 8 | 10 | 10 | 11 | 11 | 11 | 91 | 14 |
| MEDIAN TIMES (months) | From Filing to Disposition | Criminal Felony | 11.2 | 12.6 | 11.1 | 11.7 | 11.8 | 10.1 | 75 | 11 |
| | | Civil** | 7.4 | 9.8 | 8.2 | 10.6 | 9.5 | 9.1 | 11 | 3 |
| | From Filing to Trial** (Civil Only) | | 25.0 | 28.0 | 22.5 | 30.3 | 23.5 | 22.7 | 41 | 5 |
| OTHER | Civil Cases Over 3 Years Old** | Number | 528 | 530 | 430 | 377 | 475 | 335 | | |
| | | Percentage | 7.3 | 9.5 | 6.9 | 5.7 | 6.7 | 5.6 | 60 | 7 |
| | Average Number of Felony Defendants Filed Per Case | | 1.5 | 1.5 | 1.4 | 1.5 | 1.4 | 1.5 | | |
| | Jurors | Avg. Present for Jury Selection | 59.09 | 55.21 | 61.19 | 65.00 | 66.42 | 60.46 | | |
| | | Percent Not Selected or Challenged | 43.2 | 31.0 | 48.9 | 40.9 | 47.2 | 42.2 | | |

| 2006 CIVIL AND CRIMINAL FELONY FILINGS BY NATURE OF SUIT AND OFFENSE | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Type of | TOTAL | A | B | C | D | E | F | G | H | I | J | K | L |
| Civil | 7812 | 128 | 2118 | 1540 | 105 | 23 | 487 | 577 | 481 | 464 | 745 | 105 | 1039 |
| Criminal* | 507 | 16 | 58 | 134 | 70 | 89 | 18 | 28 | 8 | 9 | 15 | 27 | 35 |

▸ Filings in the "Overall Caseload Statistics" section include criminal transfers, while filings "By Nature of Offense" do not.
** See "Explanation of Selected Terms."



# U.S. DISTRICT COURT - JUDICIAL CASELOAD PROFILE

| | | | 12-MONTH PERIOD ENDING SEPTEMBER 30 | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | **ILLINOIS NORTHERN** | | 2006 | 2005 | 2004 | 2003 | 2002 | 2001 | Numerical Standing | |
| | | | | | | | | | U.S. | Circuit |
| OVERALL CASELOAD STATISTICS | Filings* | | 8,093 | 9,056 | 10,584 | 11,126 | 11,135 | 10,957 | U.S. | Circuit |
| | Terminations | | 8,255 | 8,805 | 11,461 | 10,888 | 10,709 | 10,319 | | |
| | Pending | | 7,711 | 7,914 | 7,706 | 8,699 | 8,587 | 8,271 | | |
| | % Change in Total Filings | Over Last Year | | -10.6 | | | | | 78 | 6 |
| | | Over Earlier Years | | | -23.5 | -27.3 | -27.3 | -26.1 | 92 | 7 |
| | Number of Judgeships | | 22 | 22 | 22 | 22 | 22 | 22 | | |
| | Vacant Judgeship Months** | | 5.7 | 12.0 | 9.6 | 22.1 | 17.8 | 3.3 | | |
| ACTIONS PER JUDGESHIP | FILINGS | Total | 367 | 412 | 481 | 505 | 506 | 498 | 66 | 5 |
| | | Civil | 330 | 369 | 437 | 461 | 459 | 470 | 46 | 4 |
| | | Criminal Felony | 26 | 34 | 32 | 38 | 39 | 28 | 90 | 7 |
| | | Supervised Release Hearings** | 11 | 9 | 12 | 6 | 8 | - | 78 | 6 |
| | Pending Cases | | 351 | 360 | 350 | 395 | 390 | 376 | 61 | 4 |
| | Weighted Filings** | | 443 | 485 | 512 | 526 | 525 | 503 | 43 | 4 |
| | Terminations | | 375 | 400 | 521 | 495 | 487 | 469 | 66 | 5 |
| | Trials Completed | | 11 | 13 | 12 | 12 | 14 | 15 | 86 | 6 |
| MEDIAN TIMES (months) | From Filing to Disposition | Criminal Felony | 13.9 | 12.9 | 10.3 | 9.9 | 10.3 | 9.9 | 87 | 7 |
| | | Civil** | 6.5 | 6.9 | 5.9 | 5.5 | 5.5 | 5.6 | 7 | 2 |
| | From Filing to Trial** (Civil Only) | | 26.4 | 27.0 | 28.4 | 26.0 | 26.0 | 26.3 | 51 | 5 |
| OTHER | Civil Cases Over 3 Years Old** | Number | 500 | 388 | 337 | 442 | 461 | 485 | | |
| | | Percentage | 7.4 | 5.6 | 5.0 | 5.6 | 6.0 | 6.4 | 61 | 6 |
| | Average Number of Felony Defendants Filed Per Case | | 1.8 | 1.9 | 1.9 | 1.7 | 1.7 | 1.6 | | |
| | Jurors | Avg. Present for Jury Selection | 45.07 | 51.46 | 39.36 | 45.57 | 43.63 | 39.43 | | |
| | | Percent Not Selected or Challenged | 30.9 | 36.9 | 31.0 | 37.3 | 34.8 | 36.7 | | |

| 2006 CIVIL AND CRIMINAL FELONY FILINGS BY NATURE OF SUIT AND OFFENSE | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Type of | TOTAL | A | B | C | D | E | F | G | H | I | J | K | L |
| Civil | 7265 | 112 | 175 | 631 | 42 | 110 | 1401 | 977 | 565 | 496 | 1490 | 39 | 1227 |
| Criminal* | 576 | 1 | 161 | 44 | 63 | 140 | 60 | 23 | 12 | 17 | 5 | 18 | 32 |

Filings in the "Overall Caseload Statistics" section include criminal transfers, while filings "By Nature of Offense" do not.
* See "Explanation of Selected Terms."

## EXPLANATION OF SELECTED TERMS

### Vacant Judgeship Months

Vacant judgeship months" is the total number of months that vacancies occurred in any judgeship position in a circuit or istrict. On September 30, 2006, a total of 31 vacancies existed in the district courts, and 14 vacancies existed in the U.S. ourts of appeals (excluding the Federal Circuit).

### Visiting Judge Activity

Court profiles for both the courts of appeals and district courts reflect only caseloads within the circuit/district; the profiles o not address visiting judge activity in other circuits/districts. Detailed data on visiting judge activity can be found in ables V-1 and V-2 of *Judicial Business of the United States Courts*.

### Supervised Release Hearings

Beginning with *2002 Federal Court Management Statistics*, data on hearings on violations of supervised release are ncluded in the district court profiles. These hearings, which are conducted when defendants violate the terms of upervised release, can result in the modification of conditions or the revocation of supervised release. In addition to roviding data for the category of supervised release hearings filed per authorized judgeship, data on supervised release earings are included in the totals for overall filings and terminations, filings and terminations per authorized judgeship, nd weighted filings per authorized judgeship. These changes to the district court profiles were approved by the Judicial Conference Subcommittee on Judicial Statistics.

### Weighted Filings

Weighted filings statistics account for the different amounts of time district judges require to resolve various types of civil nd criminal actions. The federal Judiciary has employed techniques for assigning weights to cases since 1946. In 2004, he Judicial Resources Committee of the Judicial Conference of the United States approved a new civil and criminal case veighting system proposed by the Federal Judicial Center. On a national basis, weighted filings did not change ignificantly after the implementation of the new case weights. More than two-thirds of all district courts saw their veighted filings change by 10 percent or less. Average civil cases or criminal defendants each receive a weight of pproximately 1.0; for more time-consuming cases, higher weights are assessed (e.g., a death-penalty habeas corpus case s assigned a weight of 12.89); and cases demanding relatively little time from judges receive lower weights (e.g., a lefaulted student loan case is assigned a weight of 0.031). Probation revocation hearings (both evidentiary and non-videntiary) are included as part of the weighted filings statistics. For comparative analysis in this report, the totals for veighted civil and criminal filings for prior years have been revised based on the new case weighting system. The veighted totals for criminal defendants include reopenings and transfers. Data on civil cases arising by reopening, emand, and transfer to the district by order of the Judicial Panel on Multidistrict Litigation are not included among the otals for weighted filings.

### Median Times: Civil

"Median times" are the median time intervals between the filing of cases and their disposition. Civil median times exclude lata for civil cases involving land condemnation, prisoner petitions, deportation reviews, recovery of overpayments, and :nforcements of judgments. Because courts can quickly process cases involving the recovery of overpayments (which rrimarily address veterans' benefits) and enforcements of judgments (which primarily address student loans), including

ata on these cases would shorten the civil median times for some courts to the point of giving an inaccurate impression
f the time usually required to process a case in the federal courts.

## Median Times: From Filing to Trial

he median time for civil cases from filing to trial is calculated from the date a case was filed to the date trial began. For
ny reopened civil case resulting in a second completed trial, the median time remains based on the original filing date
nd the date the trial was completed.

## Civil Cases Over Three Years Old

Data for cases pending three years or more may not match those presented in the Civil Justice Reform Act (CJRA) reports
ecause the profiles presented herein include data for cases on appeal in other courts (i.e., the Supreme Court, courts of
ppeals, other district courts, and state courts), whereas the CJRA reporting guidelines exclude such data. From 2000 to
005, data for the Eastern District of Michigan included between 10,000 and 14,000 silicone breast implant cases assigned
o one district judge that technically were pending, but effectively were stayed pending the resolution of an appeal in a
elated bankruptcy matter. On October 6, 2005, an order dismissed the 14,000 breast implant cases pursuant to the *In re
Dow Corning Corporation* Bankruptcy Joint Amended Plan of Reorganization which went into effect on June 1, 2004.
ince 1999, the three-year-old civil pending caseload in the Middle District of Louisiana has included more than 7,000
ases related to oil refinery explosions. For comparative purposes, any statistical average should exclude these cases.

## Civil and Criminal Felony Filings by Nature of Suit/Offense

rior to 2005, alphabetical codes corresponded to different offenses and natures of suit. Therefore, data for 2005 and
hereafter are not comparable to data for earlier years.