UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

PALANTIR TECHNOLOGIES, INC.,

        Plaintiff,

v.

**No. C 07 3863 CRB**

PALANTIR.NET, INC.,

        Defendant.

## DECLARATION OF THOMAS D. ROSENWEIN, ESQ.

1.    I am an attorney, currently licensed to practice in the State of Illinois, United States District Court for the Northern District of Illinois, and Seventh Circuit Court of Appeals. The matters referenced below are based upon my personal knowledge. If called upon to testify, I can testify competently to the matters referred to herein.

2.    I am counsel to Palantir.net, Inc. ("Palantir.net"), an Illinois corporation with its principal place of business in Evanston, Illinois.

3.    On February 19, 2007, as counsel for Palantir.net, I authored the letter to the registered agent for Palantir Technologies, Inc. ("PTI"). A true and complete copy of that letter is attached hereto as Exhibit "E."

4.    By letter dated February 22, 2007, I received correspondence from PTI, responding to my cease-and-desist letter. A true and complete copy of that letter is attached as Exhibit "F."

5.    By letter dated March 8, 2007, counsel for PTI wrote to me with regard to the substance of my prior cease-and-desist letter. A true and complete copy of PTI's March 8, 2007 letter is attached as Exhibit "G."

6. In mid-March, while checking the U.S. Patent and Trademark Office website, I discovered that PTI had filed a trademark application for PALANTIR in a different international class from Palantir.net.

7. On March 28, 2007, I authored a letter to counsel for PTI, responding to its letter of March 8, 2007. A true and complete copy of my March 28, 2007 correspondence is attached as Exhibit "H".

8. Thereafter, I had conversations with Mr. Dwight Lueck, counsel for PTI, who suggested, in part, that the principals of our respective clients meet to discuss among themselves their respective operations. Following discussions with my clients, I wrote to PTI's counsel on May 24, 2007, rejecting that proposal and again demanding that PTI adopt a new trade name and mark not confusingly similar to Palantir.net's. A true and complete copy of that letter is attached as Exhibit "I".

9. Notwithstanding my correspondence of May 24, 2007, I understand that Alex Karp ("Karp"), CEO and co-founder of PTI, telephoned my client's principals directly to have a face-to-face meeting in Chicago. Due to problems with schedules, the meeting did not occur until June 28, 2007.

10. Although invited to bring his counsel, Karp attended the meeting without any attorney. He stated that he himself was an attorney and had been involved in the organization and running of numerous companies. The meeting was rather contentious. The president of Palantir.net, Tiffany Farriss, stated that she felt the only purpose of the meeting was to determine which company would use the "Palantir" brand, as both could not do so without causing confusion. In the absence of such agreement, Ms. Farriss stated that litigation was a solution that Palantir.net was prepared to pursue.

2

11.   In response, and repeatedly throughout the meeting, Karp stressed that the best solution was to work out an agreement by which both parties could use the mark. He reiterated several times that litigation was in the interests of neither side, that such litigation would be expensive and drag on for years, and that each party's chances for success were 50-50, based on his trademark counsel's advice.

12.   The meeting concluded with Karp requesting time to speak to his board and to provide Palantir.net with a written proposal for a settlement of the dispute. Karp stated that he would be meeting with his board at the beginning of July and would have his counsel forward a proposal within two weeks.

13.   Following the meeting, I was directed to prepare a draft complaint, as neither of the principals of Palantir.net were entirely sanguine about the prospects for settlement. Nonetheless, given that Karp had journeyed to Chicago from California to make his proposal, and as Karp had seemed open to different ideas for resolution (set payments for a consent agreement, payments tied to revenues, and/or name change), Ms. Farriss and Mr. DeMet (Palantir.net's co-founder, chairman and secretary) were agreeable to continuing negotiations and to await PTI's written proposal.

14.   However, when two weeks passed without receipt of a proposed settlement agreement, I telephoned Mr. Lueck on July 13, 2007 to determine if PTI was indeed intending to forward a written proposal. Mr. Lueck assured me that it was, and that it would be sent as soon as certain details were approved.

15.   Later that afternoon, Mr. Lueck faxed me the proposal for resolution of the dispute. In that proposal, PTI proposed payments to Palantir.net of $40,000.00 a year for up to ten years. This was approximately $15,000.00 more than what Karp had mentioned at the meeting of

3

July 28, 2007. However, the proposal also included items that had not been mentioned at the meeting, including that PTI would be free to use the term "Palantir" with additional marks in the future.

16.    On July 20, 2007, counsel for PTI telephoned me, asking what my client's reaction was to the proposal. Mr. Lueck stated that he was not attempting to "apply any pressure" for a response. When I advised him that my clients were considering a proposal and likely to provide a revised agreement, Mr. Lueck stated that that was fine. He said he hoped that the process would not take "all summer." I advised him that a response would be provided early the next week.

17.    On Tuesday, July 24, 2007, I faxed to Mr. Lueck Palantir.net's counterproposal. I advised Mr. Lueck in the cover letter that my clients were agreeable to an amicable resolution, but not on the basis that PTI had initially proposed. A true and complete copy of that letter is attached as Exhibit "J".

18.    Later that same day, my secretary advised me that Mr. Lueck's secretary had called, requesting that Palantir.net's counterproposal be sent again, but via e-mail in Word® format. Having been involved in various settlement negotiations during my 29 years of practice, it was apparent to me that the request signaled Mr. Lueck's intention to use Palantir.net's counterproposal as the template for making further changes to the agreement. Accordingly, I directed my secretary to attach Palantir.net's counterproposal in Word® format to an e-mail to Mr. Lueck. A true and complete copy of that e-mail is attached as Exhibit "K".

19.    I received an e-mail from my clients on July 29, 2007, in which I was advised that a lawsuit had been filed against their company by PTI on Friday, July 27, 2007, in the United States District Court for the Northern District of California. This was a complete surprise to me,

as neither Mr. Lueck nor anyone in his office had advised that settlement negotiations were concluded. To the contrary, I assumed that the request for a manipulable version of Palantir.net's counterproposal signaled ongoing settlement negotiations.

20.    I finalized the draft complaint that had been prepared following the meeting of June 28, 2007, and filed that Complaint on behalf of Palantir.net on July 30, 2007, in the United States District Court for the Northern District of Illinois. A true and complete copy of that Complaint is attached as Exhibit "A" to the Memorandum. A true and complete copy of the Complaint for Declaratory Judgment filed in the Northern District of California is attached to the Memorandum as Exhibit "B."

21.    Also attached to the Memorandum are true and complete copies of the Orders Setting Initial Case Management Conference and ADR deadlines in the Northern District of California, and the Order setting the initial status conference in the Northern District of Illinois, attached as Exhibits "C" and "D" to the Memorandum,

FURTHER DECLARANT SAYETH NAUGHT.

I, Thomas D. Rosenwein, Esq., declare under penalty of perjury under the law of the United States, the foregoing is true and correct.     Executed in Chicago, Illinois on August 16, 2007.

Thomas D. Rosenwein

GORDON, GLICKMAN, FLESCH & ROSENWEIN
A PROFESSIONAL ASSOCIATION
THE MARQUETTE BUILDING
140 SOUTH DEARBORN STREET, SUITE 404
CHICAGO, ILLINOIS 60603

FILE COPY

JAMES S. GORDON, LTD.*
DON E. GLICKMAN, LTD.*
JAMES A. FLESCH, LTD.
THOMAS D. ROSENWEIN, LTD.
*ALSO ADMITTED TO PRACTICE IN FLORIDA

February 19, 2007

TELEPHONE (312) 346-1080
FACSIMILE (312) 346-3708
WWW.LAWGGF.COM

WRITER'S INTERNET ADDRESS:
TROSENWEIN@LAWGGF.COM

## VIA FEDERAL EXPRESS

Mr. Joseph Todd Lonsdale
Palantir Technologies Inc.
1530 Page Mill Road
Palo Alto, California 94304

> *Re:    PALANTIR*
> *Our File No. TM12975.4*

Dear Mr. Lonsdale:

This firm is IP counsel to Palantir.net, Inc., (hereinafter "Palantir.net"), an Illinois corporation, that develops software, database applications and custom interactive web sites.   As you may know, our client has been using the mark PALANTIR in connection with its services since July 1996.

You may also be aware that, on January 31, 2006, Palantir.net was granted a federal trademark registration on the Principal Register of the United States Patent and Trademark Office.  A copy of the USPTO record of that registration is enclosed for your ready reference.  That registration is for use of the mark PALANTIR in connection with the following services:

> "Computer services, namely designing and hosting network web sites for others, designing database software for others, designing multimedia software for others, and design in the field of multimedia presentations for others."

We have recently learned that your company, which did not become organized until 2004 (according to your company's web site), has been using the identical mark in advertising for software development services. Your company's services also appear to be directed to designing database software for others.

It is apparent that there is a direct conflict between your company's use of "Palantir" for services that are closely related, if not identical, to those offered by



EXHIBIT

E

GORDON, GLICKMAN, FLESCH & ROSENWEIN

Mr. Joseph Todd Lonsdale
February 19, 2007
Page 2

Palantir.net in connection with its federally registered PALANTIR mark. As we trust
you can appreciate, Palantir.net places a high value upon their trademarks and trade
name. The PALANTIR mark has been promoted for over ten years and long precedes
your company's adoption of the trade name Palantir Technologies, Inc. and "Palantir"
as a symbol for your company's computer software services.

Under these circumstances, we must advise you that your company's adoption
and use of the term "Palantir" gives rise to a likelihood of confusion for consumers of
such services and violates and infringes our client's intellectual property rights.
Consequently, we are constrained to demand that your company forthwith cease and
desist use of "Palantir" in its trade name and as a brand in all advertising, promotion
and displays of your company's services in whatever media.

Please understand that, while we have no interest in interference with your
company's endeavors, we are required to police and protect our client's trademark
rights from infringement and the likelihood of confusion, which is apparent in this
instance.

We look forward to your assurance that your company will cease use of
"Palantir" in your company's trade name and as a brand, and that it will promptly adopt
a new trade name and mark which is not confusingly similar to PALANTIR for
identical or related goods and/or services.

We look forward to your prompt confirmation of the changes requested above so
that this matter can be amicably resolved.

Very truly yours,

Thomas D. Rosenwein

TDR/pmi
Enclosure



United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System(Tess)

ESS was last updated on Fri Feb 16 04:16:48 EST 2007

| ESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP |

Logout Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

| TARR Status | ASSIGN Status | TDR | TTAB Status | *( Use the "Back" button of the Internet Browser to*
*return to TESS)*

## Typed Drawing

| | |
|---|---|
| Word Mark | PALANTIR |
| Goods and Services | IC 042. US 100 101. G & S: Computer services, namely designing and hosting network web sites for others, designing database software for others, designing multimedia software for others, and design in the field of multimedia presentations for others. FIRST USE: 19960700. FIRST USE IN COMMERCE: 19960700 |
| Mark Drawing Code | (1) TYPED DRAWING |
| Design Search Code | |
| Serial Number | 76399465 |
| Filing Date | April 22, 2002 |
| Current Filing Basis | 1A |
| Original Filing Basis | 1A |
| Published for Opposition | November 8, 2005 |
| Registration Number | 3052005 |
| Registration Date | January 31, 2006 |
| Owner | (REGISTRANT) Palantir.net, Inc. CORPORATION ILLINOIS 1601 Simpson St. Suite 6 Evanston ILLINOIS 60201 |
| Attorney of Record | Jeffrey S. Wilson |
| Type of Mark | SERVICE MARK |
| Register | PRINCIPAL |
| Live/Dead Indicator | LIVE |

| SS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP |





| Ship | Track/History | Address Book | Preferences | Fast Ship | Reports | My Profile |

<< Log out    Home                                                                                                                    ❓ Quick help

Your Shipment Details:

| | | | |
|---|---|---|---|
| **Ship to:** | Joseph Todd Lonsdale<br>Palantir Technologies, Inc.<br>1530 Page Mill Road<br>Palo Alto, CA 94304<br>US<br>312-346-1080 | Package type:<br>Pickup/Drop Off:<br>Weight:<br>Dimensions:<br>Declared value:<br>Shipper account number: | FedEx Envelope<br>Drop Off<br>1 LBS<br>0 x 0 x 0 in<br>0 USD<br>169866120 |
| **From:** | Thomas Rosenwein<br>Gordon, Glickman, Flesch<br>&Rosenwein<br>140 S. Dearborn Street<br>Suite 404<br>Chicago, IL 60603<br>US<br>312-346-1080 | Bill transportation to:<br>Courtesy rate quote:*<br>Special services:<br>Shipment Purpose:<br>Shipment type: | 169866120<br>18.06<br><br><br>Express |

| | |
|---|---|
| **Tracking no:** | 799569547472 |
| **Your reference:** | Palantir |
| **Ship date:** | Feb 19 2007 |
| **Service type:** | Standard Overnight |

[Print]                                                                                            [Return to next steps]

**Please note**

.*The courtesy rate shown here may be different than the actual charges for your shipment. Differences may occur based on actual weight, dimensions, and other factors. Consult the applicable FedEx Service Guide or the FedEx Rate Sheets for details on how shipping charges are calculated.

FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $500, e.g., jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits; Consult the applicable FedEx Service Guide for details.

# BARNES & THORNBURG LLP

11 South Meridian Street
Indianapolis, IN 46204-3535 U.S.A.
(317) 236-1313
Fax (317) 231-7433

David A. W. Wong
(317) 231-7236
david.wong@btlaw.com

www.btlaw.com

February 22, 2007

*By Facsimile and U.S. FedEx*

Thomas D. Rosenwein
Gordon, Glickman, Flesch & Rosenwein
The Marquette Building
140 South Dearborn Street, Suite 404
Chicago, IL  60603

> Re:   PALANTIR
>         Your File No. TM12975.4
>         Our File: 44395-100

Dear Mr. Rosenwein:

        We are counsel to Palantir Technologies Inc. and have received your letter dated February 19, 2007 and ask that you send all further correspondence concerning this matter to us. Concerning the contents of your letter, we are currently investigating the matter and will respond in due course.

                                        Very truly yours,

                                        David A. W. Wong
                                        Barnes & Thornburg LLP

cc:     Palantir Technologies Inc.
        Dwight D. Lueck, Esq.

**RECEIVED**

FEB 2 3 REC'D

TDR

EXHIBIT
F

INDS02 DWONG 873372v1

Chicago      Elkhart      Fort Wayne      Grand Rapids      Indianapolis      South Bend      Washington,

# BARNES & THORNBURG LLP

11 South Meridian Street
Indianapolis, IN 46204-3535 U.S.A
(317) 236-1313
Fax (317) 231-7433

www.btlaw.com

Dwight D. Lurck
(317) 231-7713
dlurck@@btlaw.com

March 8, 2007

## *By Facsimile and U.S. FedEx*

Thomas D. Rosenwein, Esq.
Gordon, Glickman, Flesch & Rosenwein
The Marquette Building
140 South Dearborn Street, Suite 404
Chicago, IL 60603

> Re: PALANTIR
> Your File No. TM12975.4
> Our File: 44395-100

Dear Mr. Rosenwein:

This follows our letter of February 22, 2007 regarding the above matter. We have now had the opportunity to compare your client's services to the products of our client, Palantir Technologies, Inc. After careful consideration, we do not believe that concurrent use of the respective marks is likely to cause confusion.

As you can see from our client's website available at http://www.palantirtech.com/, our client's products offer a management system for large and vast amounts of information. We think this is far different than your client's services as described in both U.S. Trademark Registration No. 3052005 and as described on your client's website. We can assure you that our client's products are not used with commercial web applications, websites, or databases for use with web applications.

Further, the nature of our client's products assures that it has a niche customer base with a very specific need for the management of overwhelming amounts of information. This niche customer base is highly sophisticated and would not seek out our client's products without first giving considerable thought and conducting thorough investigation. Similarly, it appears that your client's customers are sophisticated and are not likely to seek your client's services without first meticulously investigating and researching them. The fact that the respective customer bases are highly sophisticated and not likely to seek the relevant services without thoughtful consideration helps to assure that confusion is not likely.

Additionally, the specialized nature of our client's products helps to assure very narrow and specific channels of marketing and trade. We think that it is unlikely that your client's prospective customers would ever encounter our client's mark, let alone be confused as to source, sponsorship, or affiliation.

Chicago    Elkhart    Fort Wayne    Grand Rapids    Indianapolis    South Bend    Washington, D.C.

**EXHIBIT**

tabbies

G

Thomas D. Rosenwein, Esq.
March 8, 2007
Page 2 of 2

Of course, if you have documented any instances of actual confusion, please forward to us the details of any such information at once so that we can reevaluate our opinion.

In sum, based upon the differences in the nature of the respective services, the fact that the customer bases for these services are separate and do not overlap, the distinct channels of marketing and trade, the sophistication of the relevant consumers, and the absence of any actual confusion, there can be no likelihood of confusion as to the source of the respective services.

Nevertheless, in an attempt to amicably resolve this matter, our client is willing agree that it will not use or attempt to register its mark in connection with designing and hosting commercial websites or databases associated therewith, multimedia software and multimedia presentations.

In light of the information provided above, we trust that Palantir.net, Inc. will be satisfied that no likelihood of confusion exists. If, however, your client is not satisfied with this response I invite you to contact me so that the parties can work out an amicable resolution. If we do not hear from you by March 21, 2007, we will assume that this letter addresses your client's concerns, and we will consider this matter closed.

Very truly yours,

Dwight D. Lueck

cc:     Palantir Technologies Inc.
        David A. W. Wong, Esq.

INDS02 833432 1

**BARNES & THORNBURG** LLP

GORDON, GLICKMAN, FLESCH & ROSENWEIN

A PROFESSIONAL ASSOCIATION
THE MARQUETTE BUILDING
140 SOUTH DEARBORN STREET, SUITE 404
CHICAGO, ILLINOIS 60603

JAMES S. GORDON, LTD.*
DON E. GLICKMAN, LTD.*
JAMES A. FLESCH, LTD.
THOMAS D. ROSENWEIN, LTD.
*ALSO ADMITTED TO PRACTICE IN FLORIDA

March 28, 2007

TELEPHONE (312) 346-1080
FACSIMILE (312) 346-3708
WWW.LAWGGF.COM

**VIA FACSIMILE
CONFIRMATION BY U.S. MAIL**

Dwight D. Lueck, Esq.
Barnes & Thornburg LLP
11 South Meridian Street
Indianapolis, IN 46204-3535

> **Re:   PALANTIR**
> **Your File No. 44395-100**
> **Our File No. TM12975.4**

Dear Mr. Lueck:

This will acknowledge receipt of your correspondence dated March 8, 2007, which we received by facsimile (although not by FedEx as indicated in your heading). While we appreciate the careful consideration you have given to you earlier correspondence, we cannot agree with either your conclusions or your characterization of our client's services.

As you recall, my client's services include the design of database software for others. This description is included in the services that are the subject of Palantir.net's federal trademark registration for PALANTIR, which states, in part: "Computer services, namely ... designing database software for others ... " Such services are not limited to "databases for use with web applications," as you have characterized it.

In addition, your description of your client's services – "management system for large and vast amounts of information" – suggests that computer services including design of database software for such management is intended. Your client's website describes Palantir Technologies, Inc. as a "software startup" and shows its product as an "analytical platform" for "revolutionizing information analysis and management." Clearly, these are all terms that denote your client's development of software for database management. As a result, there is a certain identity of services between our clients.

Your effort to distinguish your client's services carries over into the recent intent-to-use trademark application your firm filed two days after the date of our initial correspondence to your client. In that filing, your client seeks registration for the exact



**EXHIBIT**

H

GORDON, GLICKMAN, FLESCH & ROSENWEIN

same mark as our client, i.e., PALANTIR. However, rather than file in Class 42, you have filed for "information and data management and exploration" services in Class 35. We do not believe the examining attorney will find the different class selection to be determinative nor the description of services to be adequate, and as indicated above, we certainly do not. Nor do we believe that any purported "sophistication" of prospective clients will diminish the likelihood of confusion that the identity of the mark and overlap of services creates. At a minimum, please be advised that we will oppose the registration of your client's mark in the event that the PTO allows the mark to proceed to publication in the *Official Gazette*.

We further note that your client has recently advertised for available positions at its company on jobs.37signals.com, including one for an "interactive design" with qualifications similar to those found in advertisements placed by our client on the same job site. This suggests a further overlap with our client's services. Moreover, such ads also have had and will have the effect of causing confusion to potential job seekers and others who view such listings.

In light of these circumstances, we are constrained to reiterate our prior positon; namely, because your client's adoption and use of the term "Palantir" as a junior party gives rise to a likelihood of confusion and infringes our client's intellectual property rights, your company must cease and desist use of "Palantir" in its trade name and as a brand in all advertising, promotion and displays of its services. At this early stage in its development, there appears to be no good reason why your client is not able to adopt a new identity with no or minimal disruption to its operations.

Accordingly, while we are certainly willing to work with you and your client to reach an amicable resolution of this matter, such resolution needs to include a cessation of your client's use of "Palantir" in its trade name and brand, along with the prompt adoption of a new trade name and mark which is not confusingly similar to PALANTIR for identical or related goods and/or services.

We request your confirmation of the changes requested above.

Very truly yours,

Thomas D. Rosenwein

TDR:pi

GORDON, GLICKMAN, FLESCH & ROSENWEIN
A PROFESSIONAL ASSOCIATION
THE MARQUETTE BUILDING
140 SOUTH DEARBORN STREET, SUITE 404
CHICAGO, ILLINOIS 60603

JAMES S. GORDON, LTD.*
DON E. GLICKMAN, LTD.*
JAMES A. FLESCH, LTD.
THOMAS D. ROSENWEIN, LTD.
*ALSO ADMITTED TO PRACTICE IN FLORIDA

May 24. 2007

TELEPHONE (312) 346-1080
FACSIMILE (312) 346-3708
WWW.LAWGGF.COM

WRITER'S INTERNET ADDRESS:
TROSENWEIN@LAWGGF.COM

Dwight D. Lueck, Esq.
Barnes & Thornburg, LLP
11 South Meridian Street
Indianapolis, IN 46204-3535

> *Re:*   *PALANTIR*
> *Your File No.: 44395-100*
> *Our File No.: TM12975.4*

Dear Mr. Lueck:

I am writing with regard to your recent proposal that our respective clients discuss among themselves their respective operations to determine if both can use the mark PALANTIR. My client has carefully considered your request, but has determined that it is not appropriate. There is a distinct overlap in services between the two companies, and my client clearly has priority with regard to the use of PALANTIR.

Accordingly, we must reiterate that at this early stage in your client's development, there appears to be no good reason why it is not able to adopt a new identity with no or minimal disruption to its business.

We look forward to your prompt acknowledgement that your client will be adopting a new trade name and mark not confusingly similar to PALANTIR for identical or related goods and/or services.

Your attention to this matter is appreciated.

Very truly yours,

Thomas D. Rosenwein

EXHIBIT
I

**GORDON, GLICKMAN, FLESCH & ROSENWEIN**
A PROFESSIONAL ASSOCIATION
THE MARQUETTE BUILDING
140 SOUTH DEARBORN STREET, SUITE 404
CHICAGO, ILLINOIS 60603

JAMES S. GORDON, LTD.*
DON E. GLICKMAN, LTD.*
JAMES A. FLESCH, LTD.
THOMAS D. ROSENWEIN, LTD.
*ALSO ADMITTED TO PRACTICE IN FLORIDA

July 24, 2007

TELEPHONE (312) 346-1080
FACSIMILE (312) 346-3708
WWW.LAWGGF.COM

**VIA FACSIMILE**
**CONFIRMATION BY U.S. MAIL**

Dwight D. Lueck, Esq.
Barnes & Thornburg LLP
11 South Meridian Street
Indianapolis, IN 46204-3535

> **Re:  PALANTIR**
> **Your File No. 44395-100**
> **Our File No. TM12975.4**

Dear Mr. Lueck:

As we discussed, my client has carefully considered your proposed agreement with regard to resolving the dispute regarding your client's use of "Palantir." My client is agreeable to an amicable resolution, but not on the basis that has been proposed. Your client's use and application for "Palantir" by itself is simply too direct an intrusion on my client's brand identity.

However, my client is agreeable to your client's use of the mark PALANTIR TECHNOLOGIES as long as those two words are used together with equal emphasis and a disclaimer of affiliation with my client is provided. My client also requires a significant "down stroke" payment, ongoing annual payments as well as other terms, as more fully spelled out in the attached revised agreement.

I trust that upon review you will concur that this is a reasonable resolution that allows your client to proceed while compensating my client for its "inconvenience" and protecting it from confusion. After you have reviewed, please feel free to contact me with any questions you may have. Your prompt response will be appreciated.

Very truly yours,

Thomas D. Rosenwein

TDR:sl
Encl.



**EXHIBIT**

J

## Susan Lersch

| From: | Susan Lersch [lersch@lawggf.com] |
|---|---|
| Sent: | Tuesday, July 24, 2007 1:56 PM |
| To: | 'dlueck@btlaw.com' |
| Cc: | 'Tom Rosenwein' |
| Subject: | Draft Palantir Agreement |

Tracking:
| Recipient | Read |
|---|---|
| 'dlueck@btlaw.com' | |
| 'Tom Rosenwein' | Read: 7/24/2007 2:02 PM |

Mr. Lueck,

Mr. Rosenwein authorized me to send you a copy (in Word) of what we faxed to you this morning. I appreciate your patience while I confirmed with Mr. Rosenwein that this is the current version.
Susan Lersch
Secretary to Mr. Rosenwein

Susan Lersch
Gordon, Glickman, Flesch & Rosenwein
140 South Dearborn Street, Suite 404
Chicago, Illinois 60603
(312) 346-1080
(312) 346-3708 (Fax)
Lersch@lawggf.com

