KATHRYN J. FRITZ (CSB NO. 148200)
FENWICK & WEST LLP
555 California Street, 12th floor
San Francisco, CA 94104
Telephone: (415) 875-2300
Facsimile: (415) 281-1350
Email: kfritz@fenwick.com

DWIGHT D. LUECK
BARNES & THORNBURG LLP
11 S. Meridian Street
Indianapolis, IN 46204-3506
Telephone: (317) 231-1313
Facsimile: (317) 231-7433
Email: dwight.lueck@btlaw.com

Attorneys for Plaintiff
PALANTIR TECHNOLOGIES INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

PALANTIR TECHNOLOGIES INC.,

    Plaintiff,

v.

PALANTIR.NET, INC.,

    Defendant.

Case No. C-07-3863 CRB

**DECLARATION OF DWIGHT D. LUECK**

Dwight D. Lueck, of full age, declares as follow:

1. I am over the age of 21 years, am competent to make this declaration, and have personal knowledge of the following.

2. I am an attorney at law and a partner of the law firm of Barnes & Thornburg LLP, attorneys for plaintiff Palantir Technologies Inc. ("PTI"). This declaration is submitted in opposition to the motion of the defendant, Palantir.net, Inc. ("PNI"), to dismiss the pending lawsuit.

3. In February 2007, our firm began representing PTI.

4. My firm filed a trademark application for the mark PALANTIR on behalf of PTI on February 20, 2007, a true and accurate copy of which is attached as Exhibit A to this Declaration.

5. "Palantir" is not a coined word. Rather, it first appeared as a word for a magical object or a "seeing stone" in the writings of J.R.R. Tolkein. A true and accurate copy of the Wikipedia entry for the word "palantir" is attached as Exhibit B to this Declaration.

6. At the time we filed PTI's trademark application, I was not aware, nor do I believe that the client was aware, that PNI had voiced any objections to PTI's use or registration of this mark.

7. Several days after my firm filed the trademark application for PTI, I was forwarded a copy of a letter from Mr. Rosenwein, dated February 19, 2007, indicating that it was sent "via Federal Express," a copy of which is attached to Mr. Rosenwein's Declaration as Exhibit E.

8. I have subsequently communicated with opposing counsel on a number of occasions, informing him that PTI does not see an issue with both parties registering and using a trademark including the word "palantir."

9. PNI, through counsel, has repeatedly voiced the position that there is a conflict in PTI adopting and using a mark including the word "palantir," and has demanded that PTI adopt a new trademark and cease using a trademark including the word "palantir."

10. Although PNI has repeatedly voiced this position, it never stated that it was going to file suit against PTI before filing its lawsuit in the Northern District of Illinois on July 30, 2007.

11. After receiving the initial cease and desist letter, PTI sought out an opportunity to meet and discuss the allegations of trademark infringement raised by PNI. A meeting between

the parties, which PNI's counsel attended, took place on June 28, 2007.

12.   On June 29, 2007, I receive an email from counsel for PNI, a true and accurate copy of which is attached as Exhibit C, confirming, in part, "what was expressed at the meeting, i.e., that the meeting held yesterday was in the nature of settlement discussions, therefore, confidential, and not to be used by either party for any purpose other than for the exploration of a potential amicable resolution."

13.   On July 13, 2007, I sent via facsimile a settlement proposal to Mr. Rosenwein on behalf of PTI.

14.   On July 20, 2007, I contacted Mr. Rosenwein to ask if PNI would be responding to the settlement proposal of PTI. Neither in that conversation, nor in any other conversation or communication with Mr. Rosenwein, did I state or imply that PTI would not file suit against PNI because the parties were engaged in settlement discussions.

15.   At no time has Mr. Rosenwein told me that PNI was foregoing filing suit against PTI because the parties were engaged in settlement discussions.

16.   At 12:25 p.m. on July 24, 2007, I received PNI's counter-proposal to PTI's settlement proposal via facsimile. A couple of hours later I contacted Mr. Rosenwein to ask for a copy of the counter-proposal in Word form so that my assistant could prepare a document identifying the changes made by PNI to PTI's proposal.

17.   Mr. Rosenwein was out at the time I made this call so I left the request with his assistant.

18.   I do not specifically recall if I identified the reason for asking for the document in Word format, though I expect that I did. I did not comment on the substance of PNI's counter-proposal, nor did I say whether or how PTI would respond to that counter-proposal. I did not say or imply that PTI would forego litigation before ending settlement discussions.

PALANTIR'S INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(A)(1) — - 3 - — CASE NO. C-07-3863 CRB

19. I was subsequently authorized to file the pending lawsuit in this Court. The lawsuit was filed at 6:55 p.m. E.D.T. (Indianapolis time), 3:55 p.m. P.D.T. on Friday, July 27, 2007.

20. I called Mr. Rosenwein on Monday, July 30, 2007, to inform him that the complaint in this lawsuit had been filed and that I would be sending a copy of the complaint shortly. I sent a copy of the complaint via facsimile. A true and correct copy of the cover letter and complaint are attached as Exhibit D to this declaration.

FURTHER DECLARANT SAYETH NOT.

I, Dwight D. Lueck, declare under penalties of perjury under the laws of the United States, that the foregoing is true and correct. Executed in Indianapolis, Indiana on August 31, 2007.

_____
Dwight D. Lueck

DDL 916568v1 INDS02

PALANTIR'S INITIAL DISCLOSURES
PURSUANT TO FED. R. CIV. P. 26(A)(1)       - 4 -                    CASE NO. C-07-3863 CRB