**JOSEPH L. STRABALA, ESQ., SBN  34 832**
**LAW OFFICES of JOSEPH L. STRABALA**
One Embarcadero Center, Suite 1020
San Francisco, CA 94111-3698
Telephone:  (415) 981-8083
Facsimile:   (415) 398 9663
Email:  legal@quantumsi.com

**THOMAS D. ROSENWEIN, ESQ.**
**DON E. GLICKMAN, ESQ.**
**JAMES A. FLESCH, ESQ.**
**GORDON, GLICKMAN, FLESCH & ROSENWEIN**
140 South Dearborn Street, Suite 404
Chicago, IL 60603
Telephone:  (312) 346-1080
Facsimile:  (312) 346-3708
Email:  trosenwein@lawggf.com

Attorneys for Defendant
PALANTIR.NET, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISACO DIVISION

| | |
|---|---|
| PALANTIR TECHNOLOGIES, INC., | Case No.: C 07 3863 CRB |
| Plaintiff, | |
| vs. | Date:  September 21, 2007<br>Time:  10:00 AM<br>Courtroom 8 |
| PALANTIR.NET, INC., | |
| Defendant. | **DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY THIS ACTION UNTIL THE PENDING ILLINOIS CASE IS DECIDED** |

## INTRODUCTION

PALANTIR TECHNOLOGIES, INC.'s ("PTI") Memorandum in Opposition to PALANTIR.NET, INC.'s ("Palantir.net") Motion to Dismiss is remarkable both for what it states and what it omits.  PTI argues that its declaratory judgment action should proceed because (a) Palantir.net never gave it a date certain when Palantir.net's Complaint would be filed, and

1

(b) PTI never explicitly stated that it would forego filing a declaratory action while settlement negotiations were proceeding. In so arguing, PTI relies on a few cases that, with respect to the particular facts of those cases, contained express deadlines for legal action. In so doing, PTI ignores the numerous other cases holding that the issue is an equitable one, and that misleading communications in the course of settlement negotiations require that the infringement action, even if second-filed, should take precedence over the first-filed declaratory action. Z-Line Designs, Inc. v. Bell'O International, LLC, 218 F.R.D. 663, 666-667 (N.D. Cal. 2003); Charles Schwab & Co. v. Duffy, 1998 WL 879659 (N.D. Cal. 1998); Alltrade Inc v. Uniweld Products, Inc., 946 F.2d 622, 628 (9th Cir. 1991).

With regard to the facts, it is telling that PTI does not dispute the content of the face-to-face meeting between principals of PTI and Palantir.net held on June 28, 2007, in which Palantir.net threatened legal action. Nor does PTI dispute that its counsel, in subsequent telephone conversation on July 20, 2007, assured Palantir.net's counsel that he was not attempting to "pressure" a response, but was simply hoping that the negotiation process would not take "all summer," *i.e.*, seriously implying PTI's interest in ongoing settlement discussions even as it secretly honed its declaratory judgment complaint. These implicit concessions confirm the misleading nature of PTI's actions.

However, before turning to address these points in more detail below, we address certain "red herrings" contained in PTI's opposition. Although without merit, their mention is sufficiently unseemly as to require a brief response.

PTI contends that Palantir.net is seeking to "claim a monopoly." (Opp. at 3) This canard, apparently intended to suggest that Palantir.net is a grasping and overreaching

2

**REPLY MEMORANDUM TO PLAINTIFF's OPPOSITION TO DEFENDANT's MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY THIS ACTION UNTIL THE PENDING ILLINOIS CASE IS DECIDED**

monopolist, is risible. Palantir.net owns a federal trademark registration for "PALANTIR"® for use in connection with its designated services, as shown in Exhibit A to Palantir.net's initial Memorandum. Palantir.net is not only entitled to seek legal redress against others who use the exact same mark in connection with the same or related services, but is also required to do so on pain of waiving its rights. This is fundamental in the trademark world. *See, e.g.*, NAACP v. NAACP Legal Def. & Educ. Fund, Inc., 753 F.2d 131, 137 (D.C. Cir. 1985) ("laches is founded on the notion that equity aids the vigilant and not those who slumber on their rights.")

Similarly, PTI's suggestion that Palantir.net's rights in the mark PALANTIR® are somehow suspect because it is not a "fanciful term" is as surprising as it is meritless. (Opp. Mem. at 3.) Trademark law does not require a mark to be "fanciful" for it to be worthy of protection. Indeed, many of the most powerful brands are based on "everyday" words that have nonetheless gained wide consumer recognition. (*See*, *e.g.*, CAMEL for tobacco products, McDONALD'S for fast foods, and YAHOO! for Internet services.)

Of similar moment is PTI's reference to the "confidential" nature of the settlement discussions, which becomes a convenient dodge behind which PTI elects not to dispute, in particular, the content of the face-to-face meeting held between the principals on June 28, 2007. Although no lawsuit yet had been filed, Palantir.net advised PTI's principal and its counsel that the settlement discussions held on June 28, 2007 were confidential. This was in accord with Federal Rule of Evidence 408, which states that compromise and offers to compromise are "not admissible to prove liability for or invalidity of the claim or its amount." Following Federal Rule of Evidence 408, Palantir.net has not submitted evidence of the settlement discussions on any question regarding PTI's trademark liability or invalidity of its claim or the amount of

3

**REPLY MEMORANDUM TO PLAINTIFF's OPPOSITION TO DEFENDANT's MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY THIS ACTION UNTIL THE PENDING ILLINOIS CASE IS DECIDED**

Palantir.net's damages. Rather, in conformity with the last sentence of Rule 408, Palantir.net has introduced those uncontested discussions for another purpose, *i.e.*, to show PTI's efforts to convince Palantir.net that it wished to avoid a lawsuit and was sincere about its settlement negotiations, all in an effort to mislead Palantir.net.[1]  Palantir.net has not and does not seek to use such discussions as a basis for showing liability or the amount of its damage.

With these diversions now turned aside, we turn to the substance of PTI's opposition.

### MISUSE OF THE SETTLEMENT PROCESS REQUIRES THIS ACTION TO BE DISMISSED IN FAVOR OF THE ILLINOIS LAWSUIT

As noted above, PTI deals only selectively with the authority cited by Palantir.net. PTI does not address many of the cases cited by Palantir.net which hold that a first-filed declaratory judgment action should be dismissed or enjoined when, under the guise of settlement negotiations, suit is filed in anticipation of the infringement suit. These decisions, from a variety of jurisdictions, fully support this basic notion. Thus, in NSI Corp. v. Showco, Inc., 843 F. Supp. 642 (D. Or. 1994), the court dismissed the first-filed action because that declaratory judgment plaintiff "took advantage of the fact that [defendant] had deferred the filing of an expensive and probably protracted litigation because of its belief that settlement negotiations were underway." This is exactly the situation that has obtained here. *Accord*, Federation Internationale de Football Association v. Nike, Inc., 285 F. Supp. 2d 64 (D.D.C. 2003), in which the court refused to allow a first-filed declaratory judgment suit to proceed because that first action was filed while good-faith settlement negotiations were proceeding. *See also*, Hanson PLC v. Metro-Goldwyn-Mayer,

---

[1] The last sentence of Rule of Evidence 408 states: "This rule also does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution."

4

**REPLY MEMORANDUM TO PLAINTIFF's OPPOSITION TO DEFENDANT's MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY THIS ACTION UNTIL THE PENDING ILLINOIS CASE IS DECIDED**

Inc., 932 F. Supp. 104, 107 (S.D.N.Y. 1996), holding that the first-to-file rule does not apply when the party who filed the later infringement action did so in reliance upon proposed settlement talks. In this same line of cases, *see,* China Healthways Institute, Inc. v. Shin Ten Enterprise USA, Inc., 2003 WL 21982477 (C.D. Cal. 2003), holding that a preemptive declaratory judgment suit was improper as it was filed "to avoid the forum that it knew plaintiff would select."

Rather than discuss these, and other cases cited in Palantir.net's Memorandum, PTI instead focuses on distinguishing two Northern District of California cases. However, PTI's purported distinctions do not survive scrutiny.

With respect to Charles Schwab & Co. v. Duffy, 1998 WL 879659 (N.D. Cal. 1998), PTI dismissively states that it is inapposite because "neither PTI nor its counsel have engaged in deceptive conduct." However, Duffy did not turn upon proof of "deception." Rather, Judge Chesney held, in language entirely applicable here:

> Applying the first-to-file rule would thwart settlement negotiations, as intellectual property holders would feel compelled to file suit rather than communicate with an alleged infringer. [citation omitted] Moreover, permitting this case to continue would reward a race to the courthouse that appears to have been 'won' by Schwab, at least in part, due to a letter sent to Duffy's attorney that may have misled Duffy as to Schwab's settlement intentions. [citation omitted]

Here, PTI similarly misled Palantir.net. Palantir.net's principals had made clear at their June 28, 2007 meeting that, in the absence of an amicable settlement, Palantir.net would take legal action to protect its interests. (Farriss Dec., ¶ 16, 18; DeMet Dec., ¶ 13; Rosenwein Dec., ¶ 10). The response of PTI's CEO was to repeatedly state that litigation was in neither party's interests and ended with his request for time to consult with his Board to present a formal

5

**REPLY MEMORANDUM TO PLAINTIFF's OPPOSITION TO DEFENDANT's MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY THIS ACTION UNTIL THE PENDING ILLINOIS CASE IS DECIDED**

settlement proposal. (Farriss Dec., ¶¶ 15, 27; DeMet Dec., ¶¶ 16, 25; Rosenwein Dec., ¶ 11). Similarly, after that formal proposal was tendered to Palantir.net, PTI's counsel telephoned Palantir.net's counsel to inquire as to Palantir.net's reaction, stating that no "pressure" was intended and expressing the hope that settlement negotiations would not take "all summer." (Rosenwein Dec., ¶14). Yet, PTI now admits in the Declaration of its CEO, Alex Karp, and that of its counsel, Dwight Lueck, that in advance of the June 28, 2007 meeting, Karp instructed Lueck to prepare a declaratory judgment action even while it was purporting to negotiate.[2] It is now clear that PTI's formal proposal was either a take-it-or-leave-it proposition (which, if true, was never conveyed to Palantir.net) or was a ruse to make Palantir.net think that PTI's settlement negotiations were sincere and ongoing, even as PTI was polishing its declaratory judgment complaint. Moreover, PTI admits that it requested a Word® version of Palantir.net's counterproposal. It is, of course, standard practice to obtain a party's version of their settlement agreement for the purpose of using that document as a template upon which to make suggested changes. PTI does not explain why it could not "more clearly identify the changes made to the terms of PTI's proposal" from the version already faxed to PTI's counsel. (Opp. Mem. at 3).

PTI's counsel artfully finesses the substance of his conversation of July 20, 2007 with Palantir.net's counsel. PTI's counsel states:

> 14. On July 20, 2007, I contacted Mr. Rosenwein to ask if PNI would be responding to the settlement proposal of PTI. Neither in that conversation, nor in any other conversation or communication with Mr. Rosenwein, did I state or imply that PTI would not file suit against PNI because the parties were engaged in settlement discussions.

---

[2] PTI states that it drafted a declaratory judgment complaint "in advance of the settlement meeting on June 28, 2007" to prepare a complaint for filing in the Northern District of California. (Karp Dec., ¶12).

6

**REPLY MEMORANDUM TO PLAINTIFF's OPPOSITION TO DEFENDANT's MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY THIS ACTION UNTIL THE PENDING ILLINOIS CASE IS DECIDED**

Karp makes a similar statement in his Declaration:

> 19. At no point during my discussions with representatives of PNI did any of those representatives state or imply that they were foregoing filing of a lawsuit against PTI because of settlement discussions.

Of course, neither of these statements denies that Palantir.net was given the misleading impression that PTI wished to avoid litigation, that there was no hurry to the settlement negotiations, and that they would continue for at least a few weeks after July 20th (*i.e.*, "no pressure" with the hope that settlement negotiations wouldn't take "all summer"). When one couples these statements with the request for the counterproposal in Word® format, it is plain that PTI was sending the misleading signal that it was prepared to engage in continuing settlement negotiations. Instead, PTI filed suit on July 27th, three days after receiving Palantir.net's settlement counterproposal.

PTI seeks to distinguish District Judge Whyte's decision in <u>Z-Line Designs, Inc. v. Bell'O International</u>, *supra*, on the specific facts of that case, *i.e.*, that a deadline for filing suit was extended. However, PTI cannot dispute the legal principles adhered to therein, namely:

- The declaratory judgment act is not to be invoked to deprive a plaintiff of his conventional choice of forum and timing, precipitating a disorderly race to the courthouse;

- Application of the first-to-file rule in such situations would thwart settlement negotiations, encouraging intellectual property holders to file suit rather than communicate with the latest infringer; and

- Potential plaintiffs should be encouraged to attempt settlement discussions prior to filing lawsuits without fear of preemptive suit by a defendant.

7

**REPLY MEMORANDUM TO PLAINTIFF's OPPOSITION TO DEFENDANT's MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY THIS ACTION UNTIL THE PENDING ILLINOIS CASE IS DECIDED**

Here, of course, Palantir.net is the owner of a federal trademark registration. Its principals made it plain to PTI's CEO in the meeting of June 28, 2007 that Palantir.net was prepared to protect its mark and engage in litigation if necessary. (Farris Dec., ¶ 18; DeMet Dec., ¶ 13). This is precisely the holding of Xoxide, Inc. v. Ford Motor Co., 448 F. Supp. 2d 1188 (C.D. Cal. 2006), noting that plaintiff there failed to acknowledge defendant's ownership of a valid trademark and also failed to mention the applicable case law that when "the declaratory judgment is filed in anticipation of an infringement action, infringement action should proceed, even when filed later," citing Tempco Electric Heater Corp. v. Omega Engineering, 819 F.2d 746, 749 (7th Cir. 1987).

PTI relies on Sony Computer Entertainment America, Inc. v. America Medical Response, Inc., 2007 WL 781969 (N.D. Cal., 2007) (J. Wilken) because it appears to establish a bright-line test: *i.e.*, the trademark owner must have provided the infringing defendant with a specific deadline for filing suit before a declaratory action can be deemed anticipatory. However, as indicated above and in Palantir.net's original Memorandum, the case law does not support such a rigid view because at bottom, equitable considerations are at stake. This is the teaching of All Trade, Inc. v. Uniweld Products, Inc., 946 F.2d 622, 628 (9th Cir. 1991), where the court stated that "district court judges can, in the exercise of their discretion, dispense with the first-filed principle *for reasons of equity*." (Emphasis supplied.) Thus, PTI's effort to defeat Palantir.net's motion on the narrow basis that no specific deadline for filing suit was mentioned cannot support its anticipatory filing.

## **CONCLUSION**

8

**REPLY MEMORANDUM TO PLAINTIFF's OPPOSITION TO DEFENDANT's MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY THIS ACTION UNTIL THE PENDING ILLINOIS CASE IS DECIDED**

PTI has attempted to foreclose Palantir.net's choice of forum, even though Palantir.net is the natural plaintiff in this dispute, by misleading Palantir.net to believe that PTI was engaged in serious, ongoing settlement discussions. PTI should not be rewarded for its misconduct. PTI cannot now complain that its anticipatory declaratory judgment action takes precedence over Palantir.net's infringement suit in Illinois.

Accordingly, Palantir.net respectfully prays that this Court grant its motion to dismiss or, in the alternative, to stay this action until the pending Illinois case is decided.

Dated this September 7, 2007

        **LAW OFFICES OF JOSEPH L. STRABALA**

        By: _____
           Joseph L. Strabala

        and

        **THOMAS D. ROSENWEIN**
        **DON E. GLICKMAN**
        **JAMES A. FLESCH**
        **GORDON, GLICKMAN, FLESCH & ROSENWEIN**
        140 South Dearborn Street, Suite 404
        Chicago, IL 60603
        Telephone: (312) 346-1080
        Facsimile: (312) 346-3708
        Email: trosenwein@lawggf.com
        Attorneys for Defendant
        PALANTIR.NET, INC.

**REPLY MEMORANDUM TO PLAINTIFF's OPPOSITION TO DEFENDANT's MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY THIS ACTION UNTIL THE PENDING ILLINOIS CASE IS DECIDED**