United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PALANTIR TECHNOLOGIES, INC.,

Plaintiff,

v.

PALANTIR.NET, INC.,

Defendant.
____________________________________/

No. C 07-03863 CRB

**ORDER DENYING MOTION TO DISMISS OR STAY**

Now before the Court is a motion to dismiss or in the alternative to stay, filed by Defendant Palantir.net, Inc. ("Palantir.net"). Palantir.net contends that this action should be dismissed or stayed because its later-filed lawsuit against Plaintiff Palantir Technologies, Inc. ("PTI") was sufficiently "imminent." After carefully considering all of the papers submitted by the parties, and having had the benefit of oral argument, the Court DENIES Palantir.net's motion.

"There is a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." Pacesetter Systems, Inc. v. Medtronic, Inc., 678 F.2d 93, 94-95 (9th Cir. 1982). This doctrine, known as the "first-to-file" rule, was developed to "serve[] the purpose of promoting efficiency well and should not be disregarded lightly." Church of Scientology of California v. United States Dep't of Army, 611 F.2d 738, 750 (9th Cir. 1979). In applying the "first-to-file" rule, a court typically looks at three

United States District Court
For the Northern District of California

factors: "(1) the chronology of the two actions, (2) the similarity of the parties, and (3) the similarity of the issues." Z-Line Designs, Inc. v. Bell, LLC, 218 F.R.D. 663, 665 (N.D. Cal. 2003). There are, however, exceptions to the rule. Circumstances in which an exception will typically be made include when the plaintiff has: (1) filed an anticipatory suit, (2) acted in bad faith, or (3) engaged in forum shopping. Alltrade Inc. v. Uniweld Products, Inc., 946 F.2d 622, 628 (9th Cir. 1991). "A suit is anticipatory when the plaintiff filed upon receipt of specific, concrete indications that a suit by defendant was imminent." Z-Line Designs, Inc., 218 F.R.D. at 665.

Palantir.net has not shown that it communicated to PTI that a lawsuit was "imminent." At most, Palantir.net threatened to "take legal action to protect its interests" in the event an amicable resolution could not be reached. Memorandum in Support of Motion to Dismiss, 10; Farriss Declaration ¶ 16; Rosenwein Declaration ¶ 10; DeMet Declaration ¶ 13. Without a showing of any more "specific, concrete indications that a suit by defendant was imminent," plaintiff's declaratory judgment action fails to rise to the level of an "anticipatory suit." Id.

In Sony Computer Entm't America, Inc. v. America Medical Reponse, Inc., 2007 WL 781969 (N.D. Cal. March 13, 2007), for example, the parties attempted to settle their dispute amicably for months. Id. at *1. After rejecting the plaintiff's first settlement proposal, the defendant invited the plaintiff to make another offer. Id. At the same time, the defendant provided the plaintiff with a draft complaint and threatened to file an infringement action by a specific date if the plaintiff did not cease using its mark or offer a much-improved settlement offer. Id. Exactly one business day after the deadline passed, the plaintiff filed its declaratory judgment action in the Northern District of California. Id. Three days later, the defendant filed its infringement action in the Eastern District of Texas, and moved to dismiss or stay the California action arguing that its own lawsuit was sufficiently "imminent." Id. The district court disagreed and denied the defendant's motion to dismiss or stay because the defendant failed to prove the plaintiff's suit was anticipatory, or that the defendant met any of the other exceptions to the "first-to-file" rule. The court held that language stating that an

infringement action "may be filed" by a certain date did not indicate that a lawsuit was sufficiently "imminent." Id. at *3. Here, unlike in Sony, Palantir.net did not even provide PTI with a draft complaint or threaten to file an infringement action by a certain date. Therefore, Palantir.net fails to meet the first exception to the "first-to-file" rule.

Palantir.net's reliance on Tempco Elec. Heater Corp. v. Omega Eng'g, 819 F.2d 746 (7th Cir. 1987), a trademark infringement case, is unpersuasive. "Tempco stands for the proposition that where a declaratory judgment action is filed in anticipation of an infringement action, the infringement action should be heard first because the courts should not encourage a race to the courthouse." Sony, 2007 WL 781969 at *6. However, as the district court held in Sony, Tempco "is a Seventh Circuit case and is not binding authority on the Court." Id. Unlike the Ninth Circuit, the Seventh Circuit does not follow the "first-to-file" rule, at least in trademark cases. Id.

Finally, Palantir.net alleges no facts to support any bad faith conduct on PTI's part, and there can be no allegation of forum shopping because PTI is located in the Northern District of California. For these reasons, Palantir.net has failed to prove it is entitled to benefit from any of the "first-to-file" rule's exceptions, and its motion to dismiss or stay is DENIED.

**IT IS SO ORDERED.**

Dated: October 2, 2007

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE