**JOSEPH L. STRABALA, Esq, SBN 32832**
**LAW OFFICES OF JOSEPH L. STRABALA**
One Embarcadero Center, Suite 1020
San Francisco, CA 94111-3698
Telephone: (415) 981-8083
Facsimile: (415) 495-3351
Email: jlslaw@pacbell.net

**THOMAS D. ROSENWEIN, Esq. (Pro Hac Vice)**
**DON E. GLICKMAN**
**JAMES A. FLESCH**
**GORDON, GLICKMAN, FLESCH & ROSENWEIN**
140 South Dearborn Street, Suite 404
Chicago, IL 60603
Telephone: (312) 346-1080
Facsimile: (312) 346-3708
Email: trosenwein@lawggf.com
Thomas D. Rosenwein admitted Pro Hac Vice

Attorneys for Defendant
PALANTIR.NET, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PALANTIR TECHNOLOGIES INC., | Case No.: C -07 3863 CRB |
| Plaintiff, | **ANSWER & AFFIRMATIVE DEFENSES** |
| vs. | |
| PALANTIR.NET, INC., | |
| Defendant. | |
| PALANTIR.NET, INC. | |
| Counterclaimant | |
| vs. | |
| PALANTIR TECHNOLOGIES, INC. | |
| Counterdefendant | |

1

**ANSWER TO COMPLAINT and AFFIRMATIVE DEFENSES**                                **CASE NO. C 07 3863**

NOW COMES Defendant, PALANTIR.NET, INC. ("Palantir.net"), by and through its attorneys, Joseph L. Strabala of the Law Offices of Joseph L. Strabala, and Thomas D. Rosenwein, Don E. Glickman, and James A. Flesch of Gordon, Glickman, Flesch & Rosenwein, and for its Answer, Affirmative Defenses to the Complaint filed by PALANTIR TECHNOLOGIES, INC. ("PTI"), states as follows:

## INTRODUCTION

1.   This is an action for declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. §2201, and Federal Rule of Civil Procedure 57.  PTI seeks a declaration of this Court that (i) its use of PALANTIR does not infringe on any purported trademark rights Defendant claims to own in PALANTIR;  and (ii) consumers are not likely to be confused as to the origin of PTI's products and services.

**ANSWER:**   Palantir.net denies that PTI has brought a proper action for declaratory judgment pursuant to the Declaratory Judgment Act and Federal Rule of Civil Procedure 57, and affirmatively states that this action is an anticipatory filing in derogation of the purpose of the Declaratory Judgment Act.  Palantir.net admits that PTI seeks a declaration from the Court of non-infringement and no likelihood of confusion, but denies the substance of those allegations.

## PARTIES, JURISDICTION AND VENUE

2.   Plaintiff PTI is a corporation organized under the laws of the State of Delaware, having its principal place of business in Palo Alto, California.

**ANSWER:**  Palantir.net admits the allegations of paragraph 2 of the Complaint.

2

ANSWER TO COMPLAINT and AFFIRMATIVE DEFENSES                                                            CASE NO. C 07 3863

3.     Defendant is a corporation organized under the laws of the State of Illinois, having its principal place of business in Evanston, Illinois.

**ANSWER:** Palantir.net admits the allegations of paragraph 3 of the Complaint.

4.     This is a cause of actual controversy, within the jurisdiction of this Court, that is in all respects suited for a declaratory judgment under 28 U.S.C. §§ 2201 and 2201 and Fed. R. Civ. P. 57, declaring the rights of PTI, as set out below.

**ANSWER:** Palantir.net denies the allegations of paragraph 4 of the Complaint.

5.     This civil action arises under the Lanham Act, 28 U.S.C. §§ 1051, *et seq.*, and is brought to obtain declaratory judgment. This Court has federal question jurisdiction over the underlying claim pursuant to 28 U.S.C. §§ 1331, 1332 and 1338, and supplemental jurisdiction is proper pursuant to 28 U.S.C. § 1367.

**ANSWER:** Palantir.net denies that this is a proper action for declaratory judgment, and therefore denies that the Court has jurisdiction for same.

6.     This Court has personal jurisdiction over Defendant because, upon information and belief, Defendant does business in this judicial district; Defendant has caused harm in this judicial district; and Defendant has sent to PTI within this judicial district letters alleging infringement of Defendant's trademark PALANTIR ("Defendant's Mark").

**ANSWER:** Palantir.net admits that it has sent at least one letter to PTI within this judicial district alleging infringement of Defendant's trademark, PALANTIR®, and that it has done business in this judicial district. Palantir.net denies the remaining allegations of paragraph 6 of the Complaint.

3

**ANSWER TO COMPLAINT and AFFIRMATIVE DEFENSES**                                              **CASE NO. C 07 3863**

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to the claims herein occurred in this judicial district..

**ANSWER:** Palantir.net denies the allegations of paragraph 7 of the Complaint, in that PTI has improperly brought a declaratory judgment action as an anticipatory filing.

## INTRADISTRICT ASSIGNMENT

8. The basis for assignment of this action to the San Jose Division of the United States District Court for the Northern District of California is that a substantial part of the events and injury giving rise to the claims set forth herein occurred in the County of Santa Clara, where PTI is headquartered.

**ANSWER:** Palantir.net denies the allegations of paragraph 8 of the Complaint.

## ALLEGATIONS COMMON TO ALL COUNTS

## PTI'S BUSINESS AND TRADEMARK

9. Founded in 2003 by veterans of several successful Silicon Valley companies, PTI is in the business of information analysis and provides its consumers with software and services that enable a secure investigative environment where analysts can automatically connect and discover various pieces of data, share their workflows and discoveries with others, and build knowledge over time within an intelligence organization. PTI's software and services provide its customers the ability to explore, understand, manipulate, and share large sets of structured and unstructured information across departmental and organizational lines. PTI accomplishes this monumental task by bringing together data from investigations, spreadsheets, documents, XML files, and hundreds of other formats, enabling analysts to organize data into knowledge and allow its users to easily make connections utilizing a number of different user interfaces.

4

ANSWER TO COMPLAINT and AFFIRMATIVE DEFENSES                                    CASE NO. C 07 3863

**ANSWER:**  Palantir.net has insufficient information to form a belief as to the truth and accuracy of the allegations of paragraph 9 of the Complaint, and therefore denies same; except that Palantir.net affirmatively states that PTI represents that it is in the business of developing computer software for the organization and management of data.

10.   PTI adopted the PALANTIR trade name and mark in 2003.  The name derives from J.R.R. Tolkien's fictional fantasy universe, a "palantir" is a magical artifact, akin to a crystal ball.  PTI has been using the mark throughout the United States in commerce in connection with the promotion and sale of its goods and services since at least 2005.

**ANSWER:**  Palantir.net has insufficient information to form a belief as to the truth and accuracy of the allegations of paragraph 10 of the Complaint, and therefore denies same.

11.   PTI has developed a national base of customers.  PTI has presented and distributed its advertising and promotional materials and has received requests for software and services from across the nation.  PTI has spent and continues to spend money promoting and advertising its PALANTIR mark and the software and services provided thereunder.  As a result of such promotion and advertising coupled with the reputation of the high quality of PTI's software and services, PTI's PALANTIR Mark has attained goodwill among consumers nationally.  PTI's PALANTIR Mark and the goodwill of the business associated therewith are of inestimable value to PTI.

**ANSWER:**  Palantir.net has insufficient information to form a belief as to the truth and accuracy of the allegations of paragraph 11 of the Complaint, and therefore denies same.

12. PTI's software and services are expensive, and its customers are highly sophisticated. These facts both help to assure that PTI's consumers give considerable thought and conduct thorough investigation before purchasing PTI's software and services.

**ANSWER:** Palantir.net has insufficient information to form a belief as to the truth and accuracy of the allegations of paragraph 12 of the Complaint, and therefore denies same.

13. PTI is the owner of U.S. Application Serial No. 77/111698 for PTI's PALANTIR Mark for "information and data management and exploration; namely the collection, editing, analysis, viewing, organization, modification, book marking, transmission, storage, exchange, sharing, querying, auditing, and tracking of data and information."

**ANSWER:** Palantir.net admits that PTI has filed Application No. 77/111698 with the United States Patent and Trademark Office on an Intent-to-Use basis for the services stated, denies that such Application provides a proper basis for registration, denies the remaining allegations of Paragraph 13, and affirmatively states that PTI has misleadingly filed for an application in an international classification that omits reference to any software development.

### DEFENDANT'S BUSINESS AND TRADEMARK

14. Upon information and belief, Defendant is in the business of developing interactive websites, web and multimedia applications, and databases for use with web-based applications.

**ANSWER:** Palantir.net admits the allegations of paragraph 14, and affirmatively states that PTI's characterization of its business is limited and does not include all of the business

activities in which Palantir.net is and has engaged, or the likelihood of expansion of product or service lines.

15.   Upon information and belief, Defendant has registered U.S. Registration No. 3052005 for the mark PALANTIR in connection with "computer services, namely designing and hosting network web sites for others, designing database software for others, designing multimedia software for others, and design in the field of multimedia presentations for others," claiming July 1996 as a date of first use.

**ANSWER:**  Palantir.net admits the allegations of paragraph 15 of the Complaint.

### DEFENDANT'S CLAIMS

16.   Beginning in February 2007, Defendant has alleged that PTI's use of its PALANTIR name and mark is likely to cause confusion and violates and infringes Defendant's intellectual property rights.  Defendant has further demanded that PTI cease use of PALANTIR and adopt a new trade name and trademark.

**ANSWER:**  Palantir.net admits the allegations of paragraph 16 of the Complaint.

### FIRST CLAIM FOR RELIEF
### (DECLARATORY JUDGMENT)

17.   PTI incorporates by reference the allegations of paragraphs 1 through 16 as if fully set forth in this paragraph.

**ANSWER:**   Palantir.net incorporates by reference its answers to the allegations of paragraphs 1-16 of the Complaint as if fully set forth in this paragraph.

7

ANSWER TO COMPLAINT and AFFIRMATIVE DEFENSES                                                  CASE NO. C 07 3863

18.   An actual and justiciable controversy presently exists between PTI and Defendant regarding PTI's use of PALANTIR and Defendant's purported trademark rights in PALANTIR. In communications Defendant has contended, among other things, that it has acquired enforceable trademark rights in its PALANTIR mark and that PTI's mark is confusingly similar to that mark.

**ANSWER:**   Palantir.net admits that there is an actual and justiciable controversy presently existing between PTI and Palantir.net, but denies that this Court is the proper forum for the resolution of such controversy.

19.   PTI denies that it has infringed upon any of Defendant's alleged trademark rights or has engaged in acts of unfair competition. PTI contends that consumers are not likely to be confused as to the origin of PTI's products and services because, *inter alia*, PTI's and Defendant's products and services are dissimilar; PTI's customers are highly sophisticated corporations, government agencies and financial institutions; PTI's products and services are highly priced, and purchasers typically conduct lengthy technical evaluations of competing products before buying the products.

**ANSWER:**   Palantir.net admits that PTI disputes its infringement, unfair competition and likelihood of confusion. Palantir.net denies the remaining allegations of Paragraph 19 of the Complaint.

20.   PTI has an objectively reasonable apprehension that it will be subject to a trademark infringement and unfair competition suit brought by Defendant in light of Defendant's communications to PTI. Defendant has repeatedly demanded that PTI stop using PTI's

8

PALANTIR name and mark and withdraw its application to register PTI's PALANTIR Mark with the United States Patent and Trademark Office.

**ANSWER:** Palantir.net denies the allegations of paragraph 20 of the Complaint, except that Palantir.net admits that it has demanded that PTI cease all use of Palantir.net's registered trademark PALANTIR® in any form.

21.    The threat of trademark infringement being made by Defendant against PTI is causing, and if allowed to persist, will continue to cause irreparable damage to PTI.

**ANSWER:** Palantir.net denies the allegations of paragraph 21 of the Complaint.

22.    PTI hereby requests a declaration of this Court under the provisions of the Declaratory Judgment Act, 28 U.S.C. § 2201, setting forth the respective rights and other legal relations of PTI and Defendant. In particular, PTI requests a declaration of the Court that PTI's use of its PALANTIR mark and name is not likely to cause consumer confusion as to the source of goods or services and therefore does not infringe on any trademark or other rights purportedly owned by Defendant in Defendant's Mark.

**ANSWER:** Palantir.net admits that PTI requested a declaration of the Court of non-infringement and no likelihood of confusion. Palantir.net denies the substance of those requests.

23.    PTI is entitled to a declaration that it may use and register its PALANTIR Mark without infringing upon the rights of Defendant, that PTI's PALANTIR Mark does not infringe Defendant's federal or common law rights in its trademarks, and that PTI's use of PALANTIR does not constitute federal or common law unfair competition..

**ANSWER:** Palantir.net denies the allegations of paragraph 23 of the Complaint.

24. The rights of the parties to this controversy can be finally determined by a declaratory judgment of this Court. A declaratory judgment would serve the useful purpose of settling the controversy, in that the rights that would be the subject of further litigation between the parties hereto will be finally established and not then form the basis for further litigation.

**ANSWER:** Palantir.net denies the allegations of paragraph 24 of the Complaint.

25. This complaint for declaratory relief is not excluded by any of the exclusions listed in 28 U.S.C. § 2201, and considerations of practicality and wise judicial administration.

**ANSWER:** Palantir.net denies the allegations of paragraph 25 of the Complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state facts sufficient upon which a valid claim for relief may be granted.

2. Plaintiff is not entitled to declaratory relief, as it has made an anticipatory filing for declaratory judgment.

3. Plaintiff is not entitled to relief as it has engaged in bad faith in filing its Complaint for Declaratory Relief in anticipation of Palantir.net's complaint for trademark infringement and related claims.

4. Plaintiff's claim for declaratory relief is barred by the doctrine of unclean hands.

5. Plaintiff's claim for declaratory relief is barred by its careless, reckless action, in conscious disregard for the probably outcome of such action, in not undertaking a trademark search prior to its infringing adoption of its Palantir.net's mark.

//

**PRAYER FOR RELIEF**

**WHEREFORE**, Palantir.net requests that the Complaint be dismissed with prejudice, that judgment be entered in Palantir.net's behalf and against plaintiff, that plaintiff take nothing by its complaint, and that this Court award Palantir.net its attorneys' fees, costs, and such other further relief as the Court deems just and proper.

Dated this October 17, 2007

**LAW OFFICES OF JOSEPH L. STRABALA**

By: _____
    Joseph L. Strabala

and

**THOMAS D. ROSENWEIN**
**DON E. GLICKMAN**
**JAMES A. FLESCH**
**GORDON, GLICKMAN, FLESCH & ROSENWEIN**
140 South Dearborn Street, Suite 404
Chicago, IL 60603
Telephone: (312) 346-1080
Facsimile: (312) 346-3708
Email: trosenwein@lawggf.com

Attorneys for Defendant
PALANTIR.NET, INC.

ANSWER TO COMPLAINT and AFFIRMATIVE DEFENSES                                          CASE NO. C 07 3863