**JOSEPH L. STRABALA, Esq, SBN 32832**
**LAW OFFICES OF JOSEPH L. STRABALA**
One Embarcadero Center, Suite 1020
San Francisco, CA 94111-3698
Telephone: (415) 981-8083
Facsimile: (415) 495-3351
Email: jlslaw@pacbell.net

**THOMAS D. ROSENWEIN, Esq. (Pro Hac Vice)**
**DON E. GLICKMAN**
**JAMES A. FLESCH**
**GORDON, GLICKMAN, FLESCH & ROSENWEIN**
140 South Dearborn Street, Suite 404
Chicago, IL 60603
Telephone: (312) 346-1080
Facsimile: (312) 346-3708
Email: trosenwein@lawggf.com
Thomas D. Rosenwein admitted Pro Hac Vice

Attorneys for Defendant
PALANTIR.NET, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PALANTIR TECHNOLOGIES INC., | Case No.: C -07 3863 CRB |
| Plaintiff, | **COUNTERCLAIM** |
| vs. | |
| PALANTIR.NET, INC., | |
| Defendant. | |
| PALANTIR.NET, INC. | |
| Counterclaimant | |
| vs. | |
| PALANTIR TECHNOLOGIES, INC. | |
| Counterdefendant | |

1

**COUNTERCLAIM**                                                                                               **CASE NO. C 07 3863**

## COUNTERCLAIMS

**NOW COMES** Defendant/Counter-Plaintiff, PALANTIR.NET, INC. ("Palantir.net"), by and through its attorneys, Joseph L. Strabala of Joseph Strabala Law Offices, and Thomas D. Rosenwein, James A. Flesch, and Don E. Glickman of Gordon, Glickman, Flesch & Rosenwein, and for its Counterclaims against Plaintiff/Counter-Defendant Palantir Technologies, Inc. ("PTI"), states as follows.

### PARTIES

1. Palantir.net is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in this district located at 1601 Simpson Street, Suite 6, Evanston, Illinois 60201.

2. Upon information and belief, PTI is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Palo Alto, California.

### NATURE OF CASE

3. This is an action for trademark infringement and related statutory and common law violations. Palantir.net, or its predecessor, has been using the mark PALANTIR® since 1996 in connection with a variety of computer software services. In 2004, PTI was organized as a company and recently has been using the identical mark in advertising for its computer software services. This action is brought to end the likelihood of confusion that PTI's use of "Palantir" in commerce has and will cause and to obtain relief for injuries caused by PTI's conduct.

### JURISDICTION AND VENUE

4. This action arises under the Trademark Act of July 5, 1946, as amended, commonly known as the Lanham Act, 15 U.S.C. §1051, *et seq.* and the statutory and common laws of Illinois.

5.  This Court has subject-matter jurisdiction over all asserted claims under 15 U.S.C. §1121, 28 U.S.C. §§1331, 1332 and 1338, and 28 U.S.C. §1367.

6.  PTI is doing business in this judicial district, has committed one or more tortious acts in this judicial district, and is subject to personal jurisdiction in this district.

7.  Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b).

### EVENTS

8.  Long prior to PTI's use of "Palantir," Palantir.net has been using the mark PALANTIR® in connection with its computer services.

9.  On January 31, 2006, Palantir.net was granted a federal trademark registration on the principal register of the Patent and Trademark Office. A copy of that registration is attached hereto as Exhibit A.

10. By virtue of that registration, Palantir.net has nationwide rights in connection with the use of the mark PALANTIR® for at least the following services: "computer services, namely designing and hosting network websites for others, designing database software for others, designing multi-media software for others, and designing in the field of multi-media presentations for others."

11. Palantir.net has promoted the PALANTIR® mark for over ten years and its use long proceeds PTI's adoption of the trade name Palantir Technologies, Inc. and "Palantir" as a symbol for its computer software services.

12. Palantir.net is also the owner of several domain names, including www.palantir.biz, www.palantir.net and www.palantir.org.

13. PTI currently operates a website at www.palantirtech.com.

3

**COUNTERCLAIM**                                                                 **CASE NO. C 07 3863**

14. PTI characterizes itself on its website as a "software start-up" and shows its product as "an analytic platform" for "revolutionizing information analysis and management."

15. In fact, PTI is a company engaged in the development of computer software for the organization and management of data.

16. Palantir.net contacted PTI in February 2007, complaining that PTI's use of "Palantir" was in violation of Palantir.net's preexisting rights. In that correspondence, Palantir.net demanded that PTI cease and desist use of "Palantir" in its trade name and as a brand in all advertising, promotion and displays of PTI's services in whatever media.

17. PTI refused to cease its use. Instead, two days after receipt of the cease and desist correspondence, PTI filed an application for "Palantir" with the United States Patent and Trademark Office, deceptively failing to disclose that its services involve computer services or database software.

### I.   FIRST COUNT FOR RELIEF:
### UNFAIR COMPETITION UNDER §43(A) OF THE LANHAM ACT

18. Palantir.net incorporates the forgoing paragraphs 1-17 as paragraphs 1-17 of Count 1 as though fully set forth herein.

19. PTI's acts complained of herein constitute use of a false designation of origin which is likely to cause confusion, mistake or deception as to the origin, sponsorship or approval of services offered by PTI, in violation of §43(a) of the Lanham Act, 15 U.S.C. §1125(a).

20. PTI's acts complained of herein also constitute an attempt to trade on the good will which Palantir.net has developed in and to its trademarks and service marks, all to the damage of Palantir.net.

21. Palantir.net and the public have generally been harmed irreparably by PTI's actions, and therefore have no adequate remedy at law.

## II.  SECOND COUNT FOR RELIEF:
## SECTION 32(1) OF THE LANHAM ACT

22. Palantir.net incorporates paragraphs 1-21 of Count I as paragraphs 1-21 of this Count II as though fully set forth herein.

23. PTI intentionally adopted and continues to use the "Palantir" mark with full knowledge of Palantir.net's superior federally registered service mark and with full knowledge that its unauthorized use of that mark is intended to cause confusion, mistake or deception.

24. PTI's tortious acts constitute willful and deliberate infringement and are in willful and wanton disregard of Palantir.net's established and superior rights.  As a result of PTI's unlawful actions, Palantir.net has suffered commercial harm.

25. Palantir.net has also been, and continues to be, harmed irreparably by PTI's unlawful actions and has no adequate remedy at law.

## III.  THIRD COUNT FOR RELIEF:
## FEDERAL SERVICE MARK DILUTION

26. Palantir.net incorporates paragraphs 1-25 of Count II as paragraphs 1-25 of this Count III as though fully set forth herein.

27. PTI's acts complained of herein are likely to cause dilution by blurring or dilution by tarnishment of Palantir.net's famous PALANTIR® service mark.

28. PTI's acts complained of herein thus constitute dilution in violation of the Trademark Dilution Revision Act of 2006, §43 of the Lanham Act, 15 U.S.C. §1125(c).

29. Palantir.net has generally been harmed irreparably by PTI's actions and there is no adequate remedy at law.

## IV.  FOURTH COUNT FOR RELIEF:

## ILLINOIS ANTI-DILUTION ACT

30.   Palantir.net incorporates paragraphs 1-29 of Count III as paragraphs 1-29 of this Count IV as though fully set forth herein.

31.   Through the acts complained of above, PTI has diluted Palantir.net's famous, inherently distinctive service mark in violation of the Illinois Anti-Dilution Act, §765 ILCS 1036/65.

32.   PTI's intentional and willful acts have caused harm to Palantir.net and will continue to cause injury in the future.

33.   Palantir.net has generally been harmed irreparably by PTI's actions and there is no adequate remedy at law.

## V.  FIFTH COUNT FOR RELIEF:

## ILLINOIS CONSUMER FRAUD STATUTE

34.   Palantir.net incorporates paragraphs 1-30 of Count IV as its paragraphs 1-33 of this Count V as though fully set forth herein.

35.   PTI is passing off their goods as those of Palantir.net and is causing a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, association or affiliation of its services and/or products with Palantir.net, in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, §815 ILCS 505/1, *et seq.*.

36.   PTI's willful actions have caused harm to Palantir.net and will continue to cause harm in the future.

37.   Palantir.net and the public have generally been harmed irreparably by PTI's actions and there is no adequate remedy at law.

### VI.   SIXTH COUNT FOR RELIEF:
### ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT

38.   Palantir.net incorporates paragraphs 1-37 of Count V as paragraphs 1-37 of this Count VI as though fully set forth herein.

39.   PTI is passing off its goods as those of Palantir.net and is causing a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, association or affiliation of its services with Palantir.net, in violation of the Illinois Uniform Deceptive Trade Practices Act, §815 ILCS 510/1, *et seq.*.

40.   PTI's willful actions have caused harm to Palantir.net and will continue to cause harm in the future.

41.   Palantir.net and the public have generally been harmed irreparably by PTI's actions and there is no adequate remedy at law.

### VII.   SEVENTH COUNT FOR RELIEF:
### CALIFORNIA UNFAIR BUSINESS PRACTICES ACT

42.   Palantir.net incorporates paragraphs 1-41 of Count VI as paragraphs 1-42 of this Count VII as though fully set forth herein.

43.   By its actions, PTI is causing a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, association or affiliation of its services with Palantir.net, which is likely to deceive members of the public.

44.   PTI's willful actions have caused harm to plaintiff Palantir.net, and will continue to cause harm in the future.

45.   Palantir.net and the public have generally been harmed irreparably by PTI's actions and there is no adequate remedy at law.

46. In order to correct the false impression created by PTI's use of "Palantir" for its products and services, corrective advertising in the form of a disclaimer is necessary to remedy the harm to Palantir.net and to deter future violations.

47. PTI's willful actions, as stated herein, violate the California Unfair Business Practices Act, B & P Code, § 17200 *et seq.*

## VIII. EIGHTH COUNT FOR RELIEF:

### CALIFORNIA FALSE ADVERTISING ACT

48. Palantir.net incorporates paragraphs 1-47 of Count VII as paragraphs 1-47 of this Count VIII as though fully set forth herein.

49. PTI is offering to perform services and to induce the public into entering into an obligation relating thereto by means of untrue and misleading advertisements.

50. By such willful actions, PTI is attempting to willfully divert consumers from using services of Palantir.net.

51. PTI's willful actions have caused harm to Palantir.net and will continue to cause harm in the future.

52. Palantir.net and the public generally have been harmed irreparably by PTI's actions, and there is no adequate remedy at law.

## IX. NINTH COUNT FOR RELIEF:

### COMMON LAW UNJUST ENRICHMENT

53. Palantir.net incorporates paragraphs 1-52 of Count VIIII as paragraphs 1-52 of this Count VII as though fully set forth herein.

54. Palantir.net is the sole owner of the service mark PALANTIR® identified above. Nonetheless, PTI has wrongfully used Palantir.net's service mark as part of the scheme to deceive. As a result of that use, PTI has enjoyed a benefit to which it is not entitled, and Palantir.net has suffered damage.

8

55. PTI's acts complained of herein thus constitute unjust enrichment under the common laws of Illinois.

56. Palantir.net and the public have generally been harmed irreparably by the actions of PTI and there is no adequate remedy at law.

### X.  TENTH COUNT FOR RELIEF:
### COMMON LAW UNFAIR COMPETITION

57. Palantir.net incorporates paragraphs 1-56 of Count IX as its paragraphs 1-56 of this Count X as though fully set forth herein.

58. The actions of PTI, as described above, have caused interference with the established and superior rights of Palantir.net.

59. As such, the actions of PTI constitute unfair competition under Illinois common law.

60. Palantir.net and the public have generally been harmed irreparably by PTI's actions and there is no adequate remedy at law.

### PRAYER FOR RELIEF

**WHEREFORE**, Palantir.net prays for this Court to:

A. Grant a permanent injunction restraining and enjoining PTI and all those in privity, concert or participation with PTI from:

  i. Imitating, copying, duplicating or otherwise making use of Palantir.net's service mark identified above, or any mark confusingly similar to such mark, or cause dilution or impair the distinctive nature of Palantir.net's mark identified above;

  ii. Using any false designation of origin or false description which can or is likely to lead the trade or public, or individual members thereof, to mistakenly believe that any

9

service or product advertised, promoted, offered or sold by PTI in connection with, or sponsored, approved, endorsed or authorized by Palantir.net;

        iii.    Causing a likelihood of confusion or injury to Palantir.net's business reputation and to the distinctiveness of Palantir.net's service mark, as identified above;

        iv.    Engaging in any other activity constituting unfair competition or infringement of Palantir.net's service mark identified above, or dilution of that service mark or of Palantir.net's rights in or to use or to exploit its service mark; and

        v.    Assisting, aiding, or abetting another person or business entity in engaging or performing any of the activities enumerated in any of the above set forth paragraphs.

B.    Find that PTI has infringed Palantir.net's service mark identified above in violation of federal and state laws, and have damaged Palantir.net's good will by the acts complained of herein.

C.    Find that the acts of PTI constitute service mark dilution in violation of federal law.

D.    Find that PTI has unfairly competed with Palantir.net by the acts complained of herein in violation of federal and state laws.

E.    Find that the acts of PTI violate the Illinois Anti-Dilution Act.

F.    Find that the acts of PTI violate the Illinois Consumer Fraud Act.

G.    Find that the acts of PTI violate the Illinois Uniform Deceptive Practices Act.

H.    Find that the acts of PTI violate the California Unfair Businesses Act.

I.    Find that the acts of PTI violate the California False Advertising Act.

J.    Find that the acts of PTI constitute unfair competition and unjust enrichment under common law.

K.    Grant an Order requiring PTI and any principals, agents, servants, employees, successors and assigns, and all those in privity or in concert with PTI who receive actual notice of said Order to deliver up all signs, articles and promotional advertising, and any other printed materials of any kind bearing Palantir.net's service mark and/or a mark confusingly similar to Palantir.net's service mark, or causes dilution of the famous service mark identified above.

L.    Grant an Order requiring PTI and any principals, agents, servants, employees, successors and assigns of, and all of those in privity or concert with PTI that receive actual notice of said Order, to remove from the Internet all matter of any kind bearing Palantir.net's service mark as identified above, or any mark confusingly similar to Palantir.net's service mark, or causes dilution of the famous service mark identified above.

M.    Award Palantir.net actual damages and profits in an amount to be determined at trial for all claims asserted, or that statutory damages be awarded as may be appropriate.

N.    Award Palantir.net its attorneys' fees and all costs and expenses of the litigation.

O.    Award Palantir.net increased damages due to the willful and wanton nature of PTI's conduct.

P.    Award Palantir.net punitive damages, exemplary damages and other similar appropriate damages.

Q.    Award Palantir.net prejudgment and post-judgment interest.

R.    Award Palantir.net such other and further relief as the Court may deem just, proper and equitable under the circumstances.

Dated this October 17, 2007

**LAW OFFICES OF JOSEPH L. STRABALA**


By: _____
   Joseph L. Strabala

and

**THOMAS D. ROSENWEIN**
**DON E. GLICKMAN**
**JAMES A. FLESCH**
**GORDON, GLICKMAN, FLESCH & ROSENWEIN**
140 South Dearborn Street, Suite 404
Chicago, IL 60603
Telephone:  (312) 346-1080
Facsimile:  (312) 346-3708
Email:  trosenwein@lawggf.com

Attorneys for Defendant
PALANTIR.NET, INC.

**COUNTERCLAIM**     **CASE NO. C 07 3863**

Int. Cl.: 42

Prior U.S. Cls.: 100 and 101

**United States Patent and Trademark Office**

Reg. No. 3,052,005
Registered Jan. 31, 2006

## SERVICE MARK
### PRINCIPAL REGISTER

## PALANTIR

PALANTIR.NET, INC. (ILLINOIS CORPORATION)
1601 SIMPSON ST.
SUITE 6
EVANSTON, IL 60201

FOR: COMPUTER SERVICES, NAMELY DESIGNING AND HOSTING NETWORK WEB SITES FOR OTHERS, DESIGNING DATABASE SOFTWARE FOR OTHERS, DESIGNING MULTIMEDIA SOFTWARE FOR OTHERS, AND DESIGN IN THE FIELD OF MULTIMEDIA PRESENTATIONS FOR OTHERS, IN CLASS 42 (U.S. CLS. 100 AND 101).

FIRST USE 7-0-1996; IN COMMERCE 7-0-1996.

SER. NO. 76-399,465, FILED 4-22-2002.

BILL DAWE, EXAMINING ATTORNEY

Exhibit A