**KATHRYN J. FRITZ (CSB NO. 148200)**
**FENWICK & WEST LLP**
555 California Street, 12th floor
San Francisco, CA  94104
Telephone:  (415) 875-2300
Facsimile:   (415) 281-1350
Email:        kfritz@fenwick.com

**DWIGHT D. LUECK**
**BARNES & THORNBURG LLP**
11 S. Meridian Street
Indianapolis, IN  46204-3506
Telephone:  (317) 231-1313
Facsimile:   (317) 231-7433
Email:        dwight.lueck@btlaw.com

Attorneys for Plaintiff,
Palantir Technologies, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PALANTIR TECHNOLOGIES INC.,<br><br>         Plaintiff,<br><br>   v.<br><br>PALANTIR.NET, INC.,<br><br>         Defendant. | **Case No.  C-07-3863 CRB**<br><br>**ANSWER TO COUNTERCLAIM** |

The Plaintiff, Palantir Technologies, Inc. ("PTI"), for its answer to the counterclaim of defendant Palantir.net, Inc. ("PNI"), states as follows:

**ANSWER TO COUNTERCLAIM**                                                               **CASE NO. C-07-3863 CRB**

## PARTIES

1. Palantir.net is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in this district located at 1601 Simpson Street, Suite 6, Evanston, Illinois 60201.

**ANSWER:** PTI admits that PNI is a corporation organized and existing under the laws of the State of Illinois with its principal place of business located at 1601 Simpson Street, Suite 6, Evanston, Illinois. Unless specifically admitted, PTI denies the allegations of this paragraph of the Counterclaim.

2. Upon information and belief, PTI is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Palo Alto, California.

**ANSWER:** PTI admits the allegations of this paragraph of the Counterclaim.

## NATURE OF CASE

3. This is an action for trademark infringement and related statutory and common law violations. Palantir.net, or its predecessor, has been using the mark PALANTIR® since 1996 in connection with a variety of computer software services. In 2004, PTI was organized as a company and recently has been using the identical mark in advertising for its computer software services. This action is brought to end the likelihood of confusion that PTI's use of "Palantir" in commerce has and will cause and to obtain relief for injuries caused by PTI's conduct.

**ANSWER:** PTI admits that this is an action for trademark infringement and related statutory and common law violations, and that PTI was organized in 2004 and began using the PALANTIR mark at that time. Unless specifically admitted, PTI denies the allegations of this paragraph of the Counterclaim.

## JURISDICTION AND VENUE

4.   This action arises under the Trademark Act of July 5, 1946, as amended, commonly known as the Lanham Act, 15 U.S.C. § 1051, et seq. and the statutory and common laws of Illinois.

**ANSWER:**   PTI admits the allegations of this paragraph of the Counterclaim.

5.   This Court has subject-matter jurisdiction over all asserted claims under 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1332 and 1338, and 28 U.S.C. § 1367.

**ANSWER:**   PTI admits the allegations of this paragraph of the Counterclaim.

6.   PTI is doing business in this judicial district, has committed one or more tortious acts in this judicial district, and is subject to personal jurisdiction in this district

**ANSWER:**   PTI admits that it is doing business in this judicial district and that it is subject to personal jurisdiction in this district.  Unless specifically admitted, PTI denies the allegations of this paragraph of the Counterclaim.

7.   Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

**ANSWER:**   PTI admits the allegations of this paragraph of the Counterclaim.

## EVENTS

8.   Long prior to PTI's use of "Palantir," Palantir.net has been using the mark PALANTIR® in connection with its computer services.

**ANSWER:**   PTI denies the allegations of this paragraph of the Counterclaim.

ANSWER TO COUNTERCLAIM            3            CASE NO. C-07-3863 CRB

9. On January 31, 2006, Palantir.net was granted a federal trademark registration on the principal register of the Patent and Trademark Office. A copy of that registration is attached hereto as Exhibit A.

**ANSWER:** PTI admits the allegations of this paragraph of the Counterclaim.

10. By virtue of that registration, Palantir.net has nationwide rights in connection with the use of the mark PALANTIR for at least the following services: "computer services, namely designing and hosting network websites for others, designing database software for others, designing multi-media software for others, and designing in the field of multi-media presentations for others."

**ANSWER:** PTI admits that PNI's trademark registration gives it the rights allowed by law, subject to the limitations imposed by law and the possibility of cancellation of the registration. Unless specifically admitted, PTI denies the allegations of this paragraph of the Counterclaim.

11. Palantir.net has promoted the PALANTIR® mark for over ten years and its use long proceeds PTI's adoption of the trade name Palantir Technologies, Inc. and "Palantir" as a symbol for its computer software services.

**ANSWER:** PTI denies the allegations of this paragraph of the Counterclaim.

12. Palantir.net is also the owner of several domain names, including www.palantir.biz, www.palantir.net and www.palantir.org.

**ANSWER:** PTI is without knowledge or information sufficient to form a belief as to the truth of the claims contained in this paragraph and therefore denies the allegations of this paragraph of the Counterclaim.

13. PTI currently operates a website at www.palantirtech.com.

**ANSWER:** PTI admits the allegations of this paragraph of the Counterclaim.

14. PTI characterizes itself on its website as a "software start-up" and shows its product as "an analytic platform" for "revolutionizing information analysis and management."

**ANSWER:** PTI admits the allegations of this paragraph of the Counterclaim.

15. In fact, PTI is a company engaged in the development of computer software for the organization and management of data.

**ANSWER:** PTI admits that, among other things, it is engaged in the development of computer software for the organization and management of data.

16. Palantir.net contacted PTI in February 2007, complaining that PTI's use of "Palantir" was in violation of Palantir.net's preexisting rights. In that correspondence, Palantir.net demanded that PTI cease and desist use of "Palantir" in its trade name and as a brand in all advertising, promotion and displays of PTI's services in whatever media.

**ANSWER:** PTI admits the allegations of this paragraph of the Counterclaim.

17. PTI refused to cease its use. Instead, two days after receipt of the cease and desist correspondence, PTI filed an application for "Palantir" with the United States Patent and

1  Trademark Office, deceptively failing to disclose that its services involve computer services or
2  database software.

4  **ANSWER:**   PTI admits that it has refused PNI's wrongful demands.  It further admits
5  that two days after PNI's cease and desist letter was dated, PTI filed an application for the mark
6  PALANTIR with the United States Patent and Trademark Office.  Unless specifically admitted,
7  PTI denies the allegations of this paragraph of the Counterclaim.

## I.   FIRST COUNT FOR RELIEF:

## UNFAIR COMPETITION UNDER §43(A) OF THE LANHAM ACT

18.   Palantir.net incorporates the forgoing paragraphs 1-17 as paragraphs 1-17 of Count I as though fully set forth herein.

**ANSWER:**   PTI incorporates its responses to paragraphs 1-17 of the Counterclaim by reference.

19.   PTI's acts complained of herein constitute use of a false designation of origin which is likely to cause confusion, mistake or deception as to the origin, sponsorship or approval of services offered by PTI, in violation of §43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

**ANSWER:**   PTI denies the allegations of this paragraph of the Counterclaim.

20.   PTI's acts complained of herein also constitute an attempt to trade on the good will which Palantir.net has developed in and to its trademarks and service marks, all to the damage of Palantir.net.

**ANSWER:**   PTI denies the allegations of this paragraph of the Counterclaim.

21. Palantir.net and the public have generally been harmed irreparably by PTI's actions, and therefore have no adequate remedy at law.

**ANSWER:**   PTI denies the allegations of this paragraph of the Counterclaim.

## II.   SECOND COUNT FOR RELIEF:
## SECTION 32(1) OF THE LANHAM ACT

22. Palantir.net incorporates paragraphs 1-21 of Count I as paragraphs 1-21 of this Count II as though fully set forth herein.

**ANSWER:**   PTI incorporates its responses to paragraphs 1-21 of the Counterclaim by reference.

23. PTI intentionally adopted and continues to use the "Palantir" mark with full knowledge of Palantir.net's superior federally registered service mark and with full knowledge that its unauthorized use of that mark is intended to cause confusion, mistake or deception.

**ANSWER:**   PTI denies the allegations of this paragraph of the Counterclaim.

24. PTI's tortious acts constitute willful and deliberate infringement and are in willful and wanton disregard of Palantir.net's established and superior rights. As a result of PTI's unlawful actions, Palantir.net has suffered commercial harm.

**ANSWER:**   PTI denies the allegations of this paragraph of the Counterclaim.

25. Palantir.net has also been, and continues to be, harmed irreparably by PTI's unlawful actions and has no adequate remedy at law.

**ANSWER:**   PTI denies the allegations of this paragraph of the Counterclaim.

### III. THIRD COUNT FOR RELIEF:

### FEDERAL SERVICE MARK DILUTION

26. Palantir.net incorporates paragraphs 1-25 of Count II as paragraphs 1-25 of this Count III as though fully set forth herein.

**ANSWER:** PTI incorporates its responses to paragraphs 1-25 of the Counterclaim by reference.

27. PTI's acts complained of herein are likely to cause dilution by blurring or dilution by tarnishment of Palantir.net's famous PALANTIR® service mark.

**ANSWER:** PTI denies the allegations of this paragraph of the Counterclaim.

28. PTI's acts complained of herein thus constitute dilution in violation of the Trademark Dilution Revision Act of 2006, §43 of the Lanham Act, 15 U.S.C. § 1125(c).

**ANSWER:** PTI denies the allegations of this paragraph of the Counterclaim.

29. Palantir.net has generally been harmed irreparably by PTI's actions and there is no adequate remedy at law.

**ANSWER:** PTI denies the allegations of this paragraph of the Counterclaim.

### IV. FOURTH COUNT FOR RELIEF:

### ILLINOIS ANTI-DILUTION ACT

30. Palantir.net incorporates paragraphs 1-29 of Count III as paragraphs 1-29 of this Count IV as though fully set forth herein.

**ANSWER:** PTI incorporates its responses to paragraphs 1-29 of the Counterclaim by reference.

31. Through the acts complained of above, PTI has diluted Palantir.net's famous, inherently distinctive service mark in violation of the Illinois Anti-Dilution Act, 765 ILCS 1036/65.

**ANSWER:** PTI denies the allegations of this paragraph of the Counterclaim.

32. PTI's intentional and willful acts have caused harm to Palantir.net and will continue to cause injury in the future.

**ANSWER:** PTI denies the allegations of this paragraph of the Counterclaim.

33. Palantir.net has generally been harmed irreparably by PTI's actions and there is no adequate remedy at law.

**ANSWER:** PTI denies the allegations of this paragraph of the Counterclaim.

## V.  FIFTH COUNT FOR RELIEF:
### ILLINOIS CONSUMER FRAUD STATUTE

34. Palantir.net incorporates paragraphs 1-30 of Count IV as its paragraphs 1-33 of this Count V as though fully set forth herein.

**ANSWER:** PTI incorporates its responses to paragraphs 1-30 of the Counterclaim by reference.

35. PTI is passing off their goods as those of Palantir.net and is causing a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, association or affiliation

of its services and/or products with Palantir.net, in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, § 815 ILCS 505/1, et seq.

**ANSWER:**    PTI denies the allegations of this paragraph of the Counterclaim.

36.    PTI's willful actions have caused harm to Palantir.net and will continue to cause harm in the future.

**ANSWER:**    PTI denies the allegations of this paragraph of the Counterclaim.

37.    Palantir.net and the public have generally been harmed irreparably by PTI's actions and there is no adequate remedy at law.

**ANSWER:**    PTI denies the allegations of this paragraph of the Counterclaim.

## VI.    SIXTH COUNT FOR RELIEF:
## ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT

38.    Palantir.net incorporates paragraphs 1-37 of Count V as paragraphs 1-37 of this Count VI as though fully set forth herein.

**ANSWER:**    PTI incorporates its responses to paragraphs 1-37 of the Counterclaim by reference.

39.    PTI is passing off its goods as those of Palantir.net and is causing a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, association or affiliation of its services with Palantir.net, in violation of the Illinois Uniform Deceptive Trade Practices Act, §815 ILCS 5 10/1, et seq.

**ANSWER:**    PTI denies the allegations of this paragraph of the Counterclaim.

40.     PTI's willful actions have caused harm to Palantir.net and will continue to cause harm in the future.

**ANSWER:**    PTI denies the allegations of this paragraph of the Counterclaim.

41.     Palantir.net and the public have generally been harmed irreparably by PTI's actions and there is no adequate remedy at law.

**ANSWER:**    PTI denies the allegations of this paragraph of the Counterclaim.

### VII.    SEVENTH COUNT FOR RELIEF:
### CALIFORNIA UNFAIR BUSINESS PRACTICES ACT

42.     Palantir.net incorporates paragraphs 1-41 of Count VI as paragraphs 1-42 of this Count VII as though fully set forth herein.

**ANSWER:**    PTI incorporates its responses to paragraphs 1-41 of the Counterclaim by reference.

43.     By its actions, PTI is causing a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, association or affiliation of its services with Palantir.net, which is likely to deceive members of the public.

**ANSWER:**    PTI denies the allegations of this paragraph of the Counterclaim.

44.     PTI's willful actions have caused harm to plaintiff Palantir.net, and will continue to cause harm in the future.

**ANSWER:**    PTI denies the allegations of this paragraph of the Counterclaim.

45. Palantir.net and the public have generally been harmed irreparably by PTI's actions and there is no adequate remedy at law.

**ANSWER:** PTI denies the allegations of this paragraph of the Counterclaim.

46. In order to correct the false impression created by PTI's use of "Palantir" for its products and services, corrective advertising in the form of a disclaimer is necessary to remedy the harm to Palantir.net and to deter future violations.

**ANSWER:** PTI denies the allegations of this paragraph of the Counterclaim.

47. PTI's willful actions, as stated herein, violate the California Unfair Business Practices Act, B & P Code, § 17200 et seq.

**ANSWER:** PTI denies the allegations of this paragraph of the Counterclaim.

### VIII.   EIGHTH COUNT FOR RELIEF:
### CALIFORNIA FALSE ADVERTISING ACT

48. Palantir.net incorporates paragraphs 1-47 of Count VII as paragraphs 1-47 of this Count VIII as though fully set forth herein.

**ANSWER:** PTI incorporates its responses to paragraphs 1-47 of the Counterclaim by reference.

49. PTI is offering to perform services and to induce the public into entering into an obligation relating thereto by means of untrue and misleading advertisements.

**ANSWER:** PTI denies the allegations of this paragraph of the Counterclaim.

50.  By such willful actions, PTI is attempting to willfully divert consumers from using services of Palantir.net.

**ANSWER:**  PTI denies the allegations of this paragraph of the Counterclaim.

51.  PTI's willful actions have caused harm to Palantir.net and will continue to cause harm in the future.

**ANSWER:**  PTI denies the allegations of this paragraph of the Counterclaim.

52.  Palantir.net and the public generally have been harmed irreparably by PTI's actions, and there is no adequate remedy at law.

**ANSWER:**  PTI denies the allegations of this paragraph of the Counterclaim.

## IX.    NINTH COUNT FOR RELIEF:
## COMMON LAW UNJUST ENRICHMENT

53.  Palantir.net incorporates paragraphs 1-52 of Count VIIII as paragraphs 1-52 of this Count VII as though fully set forth herein.

**ANSWER:**  PTI incorporates its responses to paragraphs 1-52 of the Counterclaim by reference.

54.  Palantir.net is the sole owner of the service mark PALANTIR identified above. Nonetheless, PTI has wrongfully used Palantir.net's service mark as part of the scheme to deceive. As a result of that use, PTI has enjoyed a benefit to which it is not entitled, and Palantir.net has suffered damage.

**ANSWER:**  PTI denies the allegations of this paragraph of the Counterclaim.

55. PTI's acts complained of herein thus constitute unjust enrichment under the common laws of Illinois.

**ANSWER:** PTI denies the allegations of this paragraph of the Counterclaim.

56. Palantir.net and the public have generally been harmed irreparably by the actions of PTI and there is no adequate remedy at law.

**ANSWER:** PTI denies the allegations of this paragraph of the Counterclaim.

## X.   TENTH COUNT FOR RELIEF:
## COMMON LAW UNFAIR COMPETITION

57. Palantir.net incorporates paragraphs 1-56 of Count IX as its paragraphs 1-56 of this Count X as though fully set forth herein.

**ANSWER:** PTI incorporates its responses to paragraphs 1-56 of the Counterclaim by reference.

58. The actions of PTI, as described above, have caused interference with the established and superior rights of Palantir.net.

**ANSWER:** PTI denies the allegations of this paragraph of the Counterclaim.

59. As such, the actions of PTI constitute unfair competition under Illinois common law.

**ANSWER:** PTI denies the allegations of this paragraph of the Counterclaim.

60. Palantir.net and the public have generally been harmed irreparably by PTI's actions and there is no adequate remedy at law.

**ANSWER:** PTI denies the allegations of this paragraph of the Counterclaim.

## AFFIRMATIVE DEFENSES

1. PNI's Counterclaim fails to state a claim for which relief can be granted.

2. All or portions of PNI's trademark registration are subject to cancellation.

3. Such other affirmative defenses as may be identified as discovery proceeds.

WHEREFORE, PTI respectfully requests that the Court:

a. Dismiss PNI's Counterclaims, and all counts therein, with prejudice;

b. Award PNI's its reasonable costs and attorney's fees incurred in defending this counterclaim as allowed by statute;

c. Grant PTI the relief sought by its Complaint, as amended; and

d. Award PTI all other relief that is just and appropriate in the circumstances.

**BARNES & THORNBURG LLP**

By: s/Dwight D. Lueck
**DWIGHT D. LUECK**
11 S. Meridian Street
Indianapolis, IN  46204-3506
Telephone: (317) 231-1313
Facsimile: (317) 231-7433
Email: mailto:dwight.lueck@btlaw.com
[Pro hac vice]

1  
2  
3  
4  
5  
6  
7  
8  
9  
10  
11  
12  
13  
14  
15  
16  
17  
18  
19  
20  
21  
22  
23  
24  
25  
26  
27  
28  

**KATHRYN J. FRITZ (CSB NO. 148200)**
**FENWICK & WEST LLP**
555 California Street, 12th floor
San Francisco, CA 94104
Telephone: (415) 875-2300
Facsimile: (415) 281-1350
Email: kfritz@fenwick.com
Attorneys for Plaintiff
**PALANTIR TECHNOLOGIES INC.**

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO