1  **KATHRYN J. FRITZ (CSB NO. 148200)**
   **FENWICK & WEST LLP**
2  555 California Street, 12th floor
   San Francisco, CA  94104
3  Telephone:  (415) 875-2300
   Facsimile:   (415) 281-1350
4  Email:         kfritz@fenwick.com

5  **DWIGHT LUECK**
   **BARNES & THORNBURG LLP**
6  11 S MERIDIAN ST
   INDIANAPOLIS, IN 46204-3506
7  Telephone: (317) 231-1313
   Facsimile: (317) 231-7433
8  Email:         dwight.lueck@btlaw.com

9  Attorneys for Plaintiff
   PALANTIR TECHNOLOGIES INC.

10

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PALANTIR TECHNOLOGIES INC., | Case No.  C-07-3863 CRB |
| Plaintiff, | **AMENDED COMPLAINT** |
| v. | **DEMAND FOR JURY TRIAL** |
| PALANTIR.NET, INC., | |
| Defendant. | |

Plaintiff Palantir Technologies Inc. ("PTI"), for its amended complaint against Defendant Palantir.net, Inc. ("Defendant"), alleges as follows:

**INTRODUCTION**

1. This is an action for declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, and Federal Rule of Civil Procedure 57.  PTI seeks a declaration of this Court that (i) its use of PALANTIR does not infringe on any purported trademark rights Defendant claims to own in PALANTIR; and (ii) consumers are not likely to be confused as to the origin of PTI's products and services.

2. In addition, this is an action seeking a cancellation of a portion of the registration granted to Defendant by the United States Patent and Trademark Office for the mark PALANTIR, Reg. No. 3,052,005.

## PARTIES, JURISDICTION AND VENUE

3. Plaintiff PTI is a corporation organized under the laws of the State of Delaware, having its principal place of business in Palo Alto, California.

4. Defendant is a corporation organized under the laws of the State of Illinois, having its principal place of business in Evanston, Illinois.

5. This is a case of actual controversy, within the jurisdiction of this Court, that is in all respects suited for a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 and Fed. R. Civ. P. 57, declaring the rights of PTI, as set out below.

6. This civil action arises under the Lanham Act, 28 U.S.C. §§ 1051, *et seq*., and is brought to obtain declaratory judgment. This Court has federal question jurisdiction over the underlying claim pursuant to 28 U.S.C. §§ 1331, 1332 and 1338, and supplemental jurisdiction is proper pursuant to 28 U.S.C. § 1367.

7. This Court has personal jurisdiction over Defendant because, upon information and belief, Defendant does business in this judicial district; Defendant has caused harm in this judicial district; and Defendant has sent to PTI within this judicial district letters alleging infringement of Defendant's trademark PALANTIR ("Defendant's Mark").

8. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) in that a substantial part of the events giving rise to the claims herein occurred in this judicial district.

## INTRADISTRICT ASSIGNMENT

9. The basis for assignment of this action to the San Jose Division of the United States District Court for the Northern District of California is that a substantial part of the events and injury giving rise to the claims set forth herein occurred in the County of Santa Clara, where PTI is headquartered.

# ALLEGATIONS COMMON TO ALL COUNTS

## PTI's Business and Trademark

10. Founded in 2003 by veterans of several successful Silicon Valley companies, PTI is in the business of information analysis and provides its consumers with software and services that enable a secure investigative environment where analysts can automatically connect and discover various pieces of data, share their workflows and discoveries with others, and build knowledge over time within an intelligence organization. PTI's software and services provide its customers the ability to explore, understand, manipulate, and share large sets of structured and unstructured information across departmental and organizational lines. PTI accomplishes this monumental task by bringing together data from investigations, spreadsheets, documents, XML files, and hundreds of other formats, enabling analysts to organize data into knowledge and allow its users to easily make connections utilizing a number of different user interfaces.

11. PTI adopted the PALANTIR trade name and mark in 2003. The name derives from J.R.R. Tolkein's fictional fantasy universe; a "palantir" is a magical artifact, akin to a crystal ball. PTI has been using the mark throughout the United States in commerce in connection with the promotion and sale of its goods and services since at least 2005.

12. PTI has developed a national base of customers. PTI has presented and distributed its advertising and promotional materials and has received requests for software and services from across the nation. PTI has spent and continues to spend money promoting and advertising its PALANTIR Mark and the software and services provided thereunder. As a result of such promotion and advertising coupled with the reputation of the high quality of PTI's software and services, PTI's PALANTIR Mark has attained goodwill among consumers nationally. PTI's PALANTIR Mark and the goodwill of the business associated therewith are of inestimable value to PTI.

13. PTI's software and services are expensive, and its customers are highly sophisticated. These facts both help to assure that PTI's consumers give considerable thought and conduct thorough investigation before purchasing PTI's software and services.

**AMENDED COMPLAINT**
INDS02 937076V1
- 3 -
**CASE NO. C-07-3863 CRB**

14. PTI is the owner of U.S. Application Serial No. 77/111698 for PTI's PALANTIR Mark for "information and data management and exploration; namely the collection, editing, analysis, viewing, organization, modification, book marking, transmission, storage, exchange, sharing, querying, auditing, and tracking of data and information."

### **Defendant's Business and Trademark**

15. Upon information and belief, Defendant is in the business of developing interactive websites, web and multimedia applications, and databases for use with web-based applications.

16. Upon information and belief, Defendant has registered U.S. Registration No. 3,052,005 for the mark PALANTIR in connection with "computer services, namely designing and hosting network web sites for others, designing database software for others, designing multimedia software for others, and design in the field of multimedia presentations for others," claiming July 1996 as a date of first use.

### **Defendant's Claims**

17. Beginning in February 2007, Defendant has alleged that PTI's use of its PALANTIR name and mark is likely to cause confusion and violates and infringes Defendant's intellectual property rights. Defendant has further demanded that PTI cease use of PALANTIR and adopt a new trade name and trademark.

### **FIRST CLAIM FOR RELIEF**
### **(Declaratory Judgment)**

18. PTI incorporates by reference the allegations of paragraphs 1 through 17 as if fully set forth in this paragraph.

19. An actual and justiciable controversy presently exists between PTI and Defendant regarding PTI's use of PALANTIR and Defendant's purported trademark rights in PALANTIR. In communications Defendant has contended, among other things, that it has acquired enforceable trademark rights in its PALANTIR mark and that PTI's mark is confusingly similar to that mark.

20. PTI denies that it has infringed upon any of Defendant's alleged trademark rights or has engaged in acts of unfair competition. PTI contends that consumers are not likely to be

AMENDED COMPLAINT
INDS02 937076V1
- 4 -
**CASE NO. C-07-3863 CRB**

confused as to the origin of PTI's products and services because, *inter alia*, PTI's and Defendant's products and services are dissimilar; PTI's customers are highly sophisticated corporations, government agencies and financial institutions; PTI's products and services are highly priced, and purchasers typically conduct lengthy technical evaluations of competing products before buying the products.

21. PTI has an objectively reasonable apprehension that it will be subject to a trademark infringement and unfair competition suit brought by Defendant in light of Defendant's communications to PTI. Defendant has repeatedly demanded that PTI stop using PTI's PALANTIR name and mark and withdraw its application to register PTI's PALANTIR Mark with the United States Patent and Trademark Office.

22. The threat of trademark infringement being made by Defendant against PTI is causing, and if allowed to persist, will continue to cause irreparable damage to PTI.

23. PTI hereby requests a declaration of this Court under the provisions of the Declaratory Judgment Act, 28 U.S.C. § 2201, setting forth the respective rights and other legal relations of PTI and Defendant. In particular, PTI requests a declaration of the Court that PTI's use of its PALANTIR mark and name is not likely to cause consumer confusion as to the source of goods or services and therefore does not infringe on any trademark or other rights purportedly owned by Defendant in Defendant's Mark.

24. PTI is entitled to a declaration that it may use and register its PALANTIR Mark without infringing upon the rights of Defendant, that PTI's PALANTIR Mark does not infringe Defendant's federal or common law rights in its trademarks, and that PTI's use of PALANTIR does not constitute federal or common law unfair competition.

25. The rights of the parties to this controversy can be finally determined by a declaratory judgment of this Court. A declaratory judgment would serve the useful purpose of settling the controversy, in that the rights that would be the subject of further litigation between the parties hereto will be finally established and not then form the basis for further litigation.

26. This complaint for declaratory relief is not excluded by any of the exclusions listed in 28 U.S.C. § 2201, and considerations of practicality and wise judicial administration.

**AMENDED COMPLAINT**
INDS02 937076V1
- 5 -
**CASE NO. C-07-3863 CRB**

## SECOND CLAIM FOR RELIEF

### (Partial Cancellation of Defendant's Trademark Registration)

27. PTI incorporates by reference the allegations of paragraphs 1 through 17 as if fully set forth in this paragraph.

28. Pursuant to Section 37 of the Lanham Act, 15 U.S.C. § 1119, this Court has concurrent power with the United State Patent and Trademark Office to order the cancellation of a trademark registration, in whole or in part, and otherwise to rectify the trademark register.

29. Defendant holds Reg. No. 3,052,005 for the mark PALANTIR for use in connection with "computer services, namely designing and hosting network web sites for others, designing database software for others, designing multimedia software for others, and design in the field of multimedia presentations for others."

30. As part of Defendant's threats of trademark infringement against PTI, Defendant relies, at least in part, on that portion of its trademark registration extending to "computer services, namely . . . designing database software for others. . . ."

31. There are fundamental and commercially significant differences between Defendant's actual services rendered and those claimed in Defendant's registration.

32. The identification of services in Defendant's registration is impermissibly overbroad and Defendant is not entitled to registration in connection with its services as identified.

33. The Court should order the cancellation of that portion of Defendant's registration containing the phrase "designing database software for others."

34. By doing so, the Court would properly eliminate that portion of Defendant's case relating to allegations of registered trademark infringement.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff PTI prays for the following relief:

A. A declaration that PTI may continue to use and seek registration of PTI's PALANTIR Mark in connection with its software and services without the objection or interference of Defendant;

B. A declaration that PTI is not infringing upon any federal or common law trademark rights owned by Defendant by its use of its PALANTIR;

C. A declaration that PTI is not engaging in any federal or common law unfair competition by its use of PALANTIR Mark;

D. Cancellation of that portion of Defendant's Reg. No. 3,052,055 containing the phrase " designing database software for others" and entry of all orders needed to accomplish that partial cancellation at the United States Patent and Trademark Office; and

E. Such other and further relief as the Court deems just and proper.

Dated: December 3, 2007        **FENWICK & WEST LLP**

and


By:/s/ Dwight D. Lueck

**BARNES & THORNBURG LLP**

*Pro hac vice*

Attorneys for Plaintiff
**PALANTIR TECHNOLOGIES INC.**

**AMENDED COMPLAINT**  - 7 -  **CASE NO. C-07-3863 CRB**
INDS02 937076V1

## **DEMAND FOR JURY TRIAL**

Plaintiff PALANTIR TECHNOLOGIES, INC. hereby requests a jury trial on all claims and defenses so triable.

Dated: December 3, 2007

**FENWICK & WEST LLP**

and

By: /s/ Dwight D. Lueck

**BARNES & THORNBURG LLP**

*Pro hac vice*

Attorneys for Plaintiff
**PALANTIR TECHNOLOGIES INC.**

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**AMENDED COMPLAINT**
INDS02 937076V1

- 8 -

**CASE NO. C-07-3863 CRB**