# EXHIBIT D

Document Description: **Offc Action Outgoing**   Mail / Create Date: **01-Dec-2003**

# UNITED STATES PATENT AND TRADEMARK OFFICE

**SERIAL NO:** 76/399465

**APPLICANT:**          Palantir.net, Inc.

**CORRESPONDENT ADDRESS:**
    JEFFREY S. WILSON
    WILSON & ASSOCIATES
    1821 WALDEN OFFICE SQ., SUITE 400
    SCHAUMBURG IL 60173

**RETURN ADDRESS:**
Commissioner for Trademarks
2900 Crystal Drive
Arlington, VA 22202-3514

**ecom108@uspto.gov**

**MARK:**   PALANTIR

**CORRESPONDENT'S REFERENCE/DOCKET NO:**  N/A

**CORRESPONDENT EMAIL ADDRESS:**

Please provide in all correspondence:

1. Filing date, serial number, mark and applicant's name.
2. Date of this Office Action.
3. Examining Attorney's name and Law Office number.
4. Your telephone number and e-mail address.

## OFFICE ACTION

**TO AVOID ABANDONMENT, WE MUST RECEIVE A PROPER RESPONSE TO THIS OFFICE ACTION WITHIN 6 MONTHS OF OUR MAILING OR E-MAILING DATE.**

Serial Number 76/399465

This letter responds to the applicant's communication filed on July 3, 2003.

In the response, the applicant responded to a general inquiry and presented argument in favor of registration.

Registration was refused under Trademark Act Section 2(d), 15 U.S.C. Section 1052(d), because the mark for which registration is sought so resembles the mark shown in U.S. Registration No. 2237160 as to be likely, when used on or in connection with the identified goods and services to cause confusion, or to cause mistake, or to deceive.

The examining attorney has considered the applicant's argument carefully but has found it unpersuasive. For the reasons below, the refusal under Section 2(d) based on Registration No. 2237160 must be maintained and is now made **FINAL**. Copies of the referenced registration was made of record in conjunction with the Office Action on this application mailed on September 4, 2002.

SECTION 2(d) FINAL REFUSAL – LIKELIHOOD OF CONFUSION

The examining attorney must analyze each case in two steps to determine whether there is a likelihood of confusion. First, the examining attorney must look at the marks themselves for similarities in appearance, sound, connotation and commercial impression. *In re E. I. DuPont de Nemours & Co.*, 476 F.2d 1357, 177 USPQ 563 (CCPA 1973). Second, the examining attorney must compare the goods or services to determine if they are related or if the activities surrounding their marketing are such that confusion as to origin is likely. *In re August Storck KG*, 218 USPQ 823 (TTAB 1983); *In re International Telephone and Telegraph Corp.*, 197 USPQ 910 (TTAB 1978); *Guardian Products Co., v. Scott Paper Co.*, 200 USPQ 738 (TTAB 1978).

Similarities between the Marks

The examining attorney must compare the marks for similarities in sound, appearance, meaning or connotation. *In re E. I. DuPont de Nemours & Co.*, 476 F.2d 1357, 177 USPQ 563 (CCPA 1973). Similarity in any one of these elements is sufficient to find a likelihood of confusion. *In re Mack*, 197 USPQ 755 (TTAB 1977).

The applicant wishes to register the mark PALANTIR for computer services, namely designing and hosting network web sites for others, designing database software for others, and designing multimedia software and presentations for others. The registered mark is PALANTIR[1] for computer software for navigating the user to a particular website. The marks are identical.

Applicant's Argument

None presented.

Similarities Between the Goods and Services

The goods and services of the parties need not be identical or directly competitive to find a likelihood of confusion. They need only be related in some manner, or the conditions surrounding their marketing be such, that they could be encountered by the same purchasers under circumstances that could give rise to the mistaken belief that the goods come from a common source.[2] *In re Martin's Famous Pastry Shoppe, Inc.*, 748 F.2d 1565, 223 USPQ 1289 (Fed. Cir. 1984); *In re Corning Glass Works*, 229 USPQ 65 (TTAB 1985); *In re Rexel Inc.*, 223 USPQ 830 (TTAB 1984); *Guardian Products Co., Inc. v. Scott Paper Co.*, 200 USPQ 738 (TTAB 1978); *In re International Telephone & Telegraph Corp.*, 197 USPQ 910 (TTAB 1978).

The examining attorney must consider any goods or services in the registrant's normal fields of expansion to determine whether the registrant's goods or services are related to the applicant's identified goods or services under Section 2(d). *In re General Motors Corp.*, 196 USPQ 574 (TTAB 1977). That being said, it is likely that a natural expansion of the applicant's services would be the addition of computer software goods that would help consumers use web sites, such as the software goods set forth in U.S. Application Number 2237160.

In the present case, the applicant's goods are related to the registrant's services because they pass through the same trade channels. See the attached Examining Attorney's research from the Goods and Services Field of X-Search. Please find attached Twenty-five (25) registrations in which the computer software goods for use with web sites or the global computer network appear in the same registration as computer services for designing and hosting web sites for others or designing software

for others.[3] Evidence of other registrants using their trademark with the aforementioned goods and services is proof that the applicant's services pass through the same trade channels as the registrant's goods.

Thus, there is every indication that the same customer would encounter the applicant's goods or advertising therefore, in the same trade channels as the registrant's services. Therefore the examining attorney maintains his conclusion that the applicant's goods and the services of the registrant are related.

Applicant's Argument

The applicant's main argument appears to be that its application is for services and the registrant's mark is for goods.[4] The applicant has seemingly advanced an argument that its goods and those of the registrant will travel in different trade channels. Specifically, the applicant states that applicant designing and hosts websites for its customers, and designs other types of software for its customers that have nothing to do with directing its customers to particular websites. Thus, the applicant has implied that its goods and the services of the registrant do not share the same trade channels. Based upon the foregoing, the applicant seemingly opines that the consumer is not likely to be confused as the source of the goods and services.[5]

As noted above, the goods and services of the parties need not be identical or directly competitive to find a likelihood of confusion. They need only be related in some manner, or the conditions surrounding their marketing be such, that they could be encountered by the same purchasers under circumstances that could give rise to the mistaken belief that the goods come from a common source. *In re Martin's Famous Pastry Shoppe, Inc.*, 748 F.2d 1565, 223 USPQ 1289 (Fed. Cir. 1984); *In re Corning Glass Works*, 229 USPQ 65 (TTAB 1985); *In re Rexel Inc.*, 223 USPQ 830 (TTAB 1984); *Guardian Products Co., Inc. v. Scott Paper Co.*, 200 USPQ 738 (TTAB 1978); *In re International Telephone & Telegraph Corp.*, 197 USPQ 910 (TTAB 1978). Moreover, if the marks of the respective parties are identical, the relationship between the goods or services of the respective parties need not be as close to support a finding of likelihood of confusion as might apply where differences exist between the marks. *Amcor, Inc. v. Amcor Industries, Inc.*, 210 USPQ 70 (TTAB 1981); TMEP §1207.01(a). In the case at hand, the fact that the goods and services are related is supported by the attached registrations.[6]

Inasmuch as both the registrant and the applicant have not restricted their trade channels, the examining attorney must assume that the same classes of purchasers shop for these items and services and that consumers are accustomed to seeing the same goods and services sold under the same or similar marks.

Thus, there is every indication that the same customer would encounter the applicant's services, or advertising therefore, in the same trade channels as the registrant's goods. Therefore the examining attorney maintains his conclusion that the applicant's goods and the services of the registrant are related.

Conclusion

Since the marks are similar and the goods are related, there is a likelihood of confusion and registration must be refused.

OTHER

      Please note that the only appropriate responses to a final action are either (1) compliance with the outstanding requirements, if feasible, or (2) filing of an appeal to the Trademark Trial and Appeal Board. 37 C.F.R. Section 2.64(a). If the applicant fails to respond within six months of the mailing date of this refusal, this Office will declare the application abandoned. 37 C.F.R. Section 2.65(a).

/WILLIAM H. DAWE III/
Trademark Attorney
Law Office 108
(703) 308-9108 ext. 294
(703) 746-8108 (Fax)
ecom108@uspto.gov

**How to respond to this Office Action:**

To respond formally using the Office's Trademark Electronic Application System (TEAS), visit **http://www.uspto.gov/teas/index.html** and follow the instructions.

To respond formally via E-mail, visit **http://www.uspto.gov/web/trademarks/tmelecresp.htm** and follow the instructions.

To respond formally via regular mail, your response should be sent to the mailing Return Address listed above and include the serial number, law office and examining attorney's name on the upper right corner of each page of your response.

To check the status of your application at any time, visit the Office's Trademark Applications and Registrations Retrieval (TARR) system at **http://tarr.uspto.gov/**

For general and other useful information about trademarks, you are encouraged to visit the Office's web site at **http://www.uspto.gov/main/trademarks.htm**

**FOR INQUIRIES OR QUESTIONS ABOUT THIS OFFICE ACTION, PLEASE CONTACT THE ASSIGNED EXAMINING ATTORNEY.**

---

[1]     The term PALANTIR appears to be a fanciful mark that has been coined by the registrant. Please be advised that fanciful marks are the strongest of all marks because their novelty creates a substantial impact on the buyer's mind. McCarthy on Trademarks, vol. 2, section 11:6 (1996) As such, fanciful marks such as KODAK are given an expansive scope of judicial protection into different product or geographical markets and as to more variations of format. Thus, the likelihood of confusion of a strong mark with similar marks will be more readily inferred. Id. In Eastman Kodak v. Rakow, 739 F. Supp. 116, 15 U.S.P.Q. 2d 1631 at 1632, the court held: "The KODAK trademark is perhaps one of the strongest and most distinctive trademarks in this country, if not the world." McCarthy on Trademarks, vol. 2, section 11:8 (1996). As such PALANTIR is given a wide range of protection.

[2]      Moreover, if the marks of the respective parties are identical, the relationship between the goods or services of the respective parties need not be as close to support a finding of likelihood of confusion as might apply where differences exist between the marks. *Amcor, Inc. v. Amcor Industries, Inc.*, 210 USPQ 70 (TTAB 1981); TMEP §1207.01(a).

[3]      It is likely that a consumer who is familiar with the applicant's computer services of designing and hosting web sites or software design services could, upon seeing the registrant's software goods, have the mistaken belief that the goods come from a common source.

[4]      The fact that the applicant's mark is for services and the registrant's mark is for goods does not mean that there is no likelihood of confusion. The issue is not whether the applicant is offering services while the registrant offers goods, rather, the issue is whether there is a likelihood of confusion as to the source of those goods and services. *See In re Rexel Inc.*, 223 USPQ 830, 831, (TTAB 1984), and cases cited therein; TMEP §§1207.01 *et seq.*

[5]      The applicant is also reminded that the test under Section 2(d) of the Trademark Act is whether there is a likelihood of confusion. It is unnecessary to show actual confusion in establishing likelihood of confusion. *See Weiss Associates Inc. v. HRL Associates Inc.*, 902 F.2d 1546, 1549, 14 USPQ2d 1840, 1842-43 (Fed. Cir. 1990), and cases cited therein.

[6]      Attached are copies of printouts from the USPTO X-Search database, which show third-party registrations of marks used in connection with the same or similar goods and/or services as those of applicant and registrant in this case. These printouts have probative value to the extent that they serve to suggest that the goods and/or services listed therein, namely computer software design and/or web site design and hosting and computer software, are of a kind that may emanate from a single source. *In re Infinity Broadcasting Corp. of Dallas*, 60 USPQ2d 1214, 1218 (TTAB 2001), *citing In re Albert Trostel & Sons Co.*, 29 USPQ2d 1783, 1785-86 (TTAB 1993); and *In re Mucky Duck Mustard Co., Inc.*, 6 USPQ2d 1467, 1470 at n.6 (TTAB 1988).

TDR Home

This document may be displayed as a PDF file containing images without text. You may view online or save the entire document by clicking on the file download icon in the upper right corner of this page. [required PDF viewer]
FAQ: Are you seeing only the first page of this PDF document?

*If you need help:*

- **General trademark information**: Please e-mail TrademarkAssistanceCenter@uspto.gov, or telephone either 571-272-9250 or 1-800-786-9199.
- **Technical help**: For instructions on how to use TDR, or help in resolving **technical** glitches, please e-mail TDR@uspto.gov. If outside of the normal business hours of the USPTO, please e-mail Electronic Business Support, or call 1-800-786-9199.
- **Questions about USPTO programs**: Please e-mail USPTO Contact Center (UCC).

NOTE: Within any e-mail, please include your telephone number so we can talk to you directly, if necessary. Also, include the relevant serial number or registration number, if existing.

Thank you for your request. Here are the latest results from the TARR web server.

This page was generated by the TARR system on 2007-12-21 16:51:24 ET

**Serial Number:** 75150129 Assignment Information     Trademark Document Retrieval

**Registration Number:** 2237160

**Mark (words only):** PALANTIR

**Standard Character claim:** No

**Current Status:** Registration canceled under Section 18.

**Date of Status:** 2005-12-16

**Filing Date:** 1996-08-14

**Transformed into a National Application:** No

**Registration Date:** 1999-04-06

**Register:** Principal

**Law Office Assigned:** LAW OFFICE 103

If you are the applicant or applicant's attorney and have questions about this file, please contact the Trademark Assistance Center at TrademarkAssistanceCenter@uspto.gov

**Current Location:** 845 -TTAB

**Date In Location:** 2005-12-16

### LAST APPLICANT(S)/OWNER(S) OF RECORD

1. PALANTIR SOFTWARE, INC.

**Address:**
PALANTIR SOFTWARE, INC.
1560 TILCO DRIVE
FREDERICK, MD 21704
United States
**Legal Entity Type:** Corporation
**State or Country of Incorporation:** Maryland

### GOODS AND/OR SERVICES

**International Class:** 009
**Class Status:** Section 18 - Cancelled
computer software for navigating the user to a particular web site
**Basis:** 1(a)
**First Use Date:** 1996-10-00
**First Use in Commerce Date:** 1996-10-00

### ADDITIONAL INFORMATION

(NOT AVAILABLE)

### MADRID PROTOCOL INFORMATION

(NOT AVAILABLE)

## PROSECUTION HISTORY

**NOTE: To view any document referenced below, click on the link to "Trademark Document Retrieval" shown near the top of this page.**

2005-12-16 - Canceled Section 18 -Total

2005-12-16 - Cancellation terminated for Proceeding

2005-07-28 - Cancellation granted for Proceeding

2004-06-17 - Cancellation Instituted No. 999999

1999-04-06 - Registered - Principal Register

1999-01-21 - Allowed for Registration - Principal Register (SOU accepted)

1999-01-14 - Assigned To Examiner

1999-01-07 - Statement of use processing complete

1998-12-11 - Amendment to Use filed

1998-08-18 - Notice of allowance - mailed

1998-05-26 - Published for opposition

1998-04-24 - Notice of publication

1998-02-26 - Approved for Pub - Principal Register (Initial exam)

1998-02-26 - Assigned To Examiner

1998-02-04 - Communication received from applicant

1997-07-31 - Letter of suspension mailed

1997-07-07 - Communication received from applicant

1997-03-04 - Non-final action mailed

1997-02-25 - Assigned To Examiner

## ATTORNEY/CORRESPONDENT INFORMATION

**Attorney of Record**
JEFFREY M. SAMUELS

**Correspondent**
PALANTIR SOFTWARE, INC.
1560 TILCO DRIVE
FREDERICK, MD 21704