**JOSEPH L. STRABALA**
**JOE STRABALA LAW OFFICE**
One Embarcadero Center, Suite 1020
San Francisco, CA 94111-3698
Telephone: (415) 981-8083
Facsimile: (415) 495-3351
Email: legal@quantumsi.com

**THOMAS D. ROSENWEIN**
**DON E. GLICKMAN**
**JAMES A. FLESCH**
**GORDON, GLICKMAN, FLESCH & ROSENWEIN**
140 South Dearborn Street, Suite 404
Chicago, IL 60603
Telephone: (312) 346-1080
Facsimile: (312) 346-3708
Email: trosenwein@lawggf.com

Attorneys for Defendant
PALANTIR.NET, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PALANTIR TECHNOLOGIES INC., | Case No.: C -07 3863 CRB |
| Plaintiff/Counterdefendant, | **ANSWER AND AFFIRMATIVE** |
| | **DEFENSES TO AMENDED COMPLAINT** |
| vs. | |
| PALANTIR.NET, INC., | |
| Defendant/Counterplaintiff. | |

NOW COMES Defendant, PALANTIR.NET, INC. ("Palantir.net"), by and through its

attorneys, Joseph L. Strabala, of the Law Offices of Joseph L. Strabala, and Thomas D.

Rosenwein, Don E. Glickman, and James A. Flesch, of Gordon, Glickman, Flesch & Rosenwein,

and for its Answer to the Amended Complaint filed by PALANTIR TECHNOLOGIES, INC.

("PTI"), states as follows:

### INTRODUCTION

1.       This is an action for declaratory judgment pursuant to the Declaratory Judgment
Act, 28 U.S.C. §2201, and Federal Rule of Civil Procedure 57.  PTI seeks a declaration of this
Court that (i) its use of PALANTIR does not infringe on any purported trademark rights

Defendant claims to own in PALANTIR; and (ii) consumers are not likely to be confused as to the origin of PTI's products and services.

**ANSWER:** Palantir.net denies that PTI has brought a proper action for declaratory judgment pursuant to the Declaratory Judgment Act and Federal Rule of Civil Procedure 57, and affirmatively states that this action is an anticipatory filing in derogation of the purpose of the Declaratory Judgment Act. Palantir.net admits that PTI seeks a declaration from the Court of non-infringement and no likelihood of confusion, but denies the substance of those allegations.

2.     In addition, this is an action seeking a cancellation of a portion of the registration granted to Defendant by the United States Patent and Trademark Office for the mark PALANTIR, Reg. No. 3,052,005.

**ANSWER:** Palantir.net denies that PTI has brought a proper action for partial cancellation of any portion of its federal trademark registration, and affirmatively states that there is no basis for any such cancellation.

### PARTIES, JURISDICTION AND VENUE

3.     Plaintiff PTI is a corporation organized under the laws of the State of Delaware, having its principal place of business in Palo Alto, California.

**ANSWER:** Palantir.net admits the allegations of paragraph 3 of the Complaint.

4.     Defendant is a corporation organized under the laws of the State of Illinois, having its principal place of business in Evanston, Illinois.

**ANSWER:** Palantir.net admits the allegations of paragraph 4 of the Complaint.

5.     This is a cause of actual controversy, within the jurisdiction of this Court, that is in all respects suited for a declaratory judgment under 28 U.S.C. §§ 2201 and 2201 and Fed. R. Civ. P. 57, declaring the rights of PTI, as set out below.

**ANSWER:** Palantir.net denies the allegations of paragraph 5 of the Complaint.

6.     This civil action arises under the Lanham Act, 28 U.S.C. §§ 1051, *et seq.*, and is brought to obtain declaratory judgment. This Court has federal question jurisdiction over the underlying claim pursuant to 28 U.S.C. §§ 1331, 1332 and 1338, and supplemental jurisdiction is proper pursuant to 28 U.S.C. § 1367.

2

ANSWER AND AFFIRMATIVE DEFENSES
TO AMENDED COMPLAINT

CASE NO. C 07 3863

**ANSWER:** Palantir.net denies that this is a proper action for declaratory judgment, and therefore denies that the Court has jurisdiction.

7.    This Court has personal jurisdiction over Defendant because, upon information and belief, Defendant does business in this judicial district;  Defendant has caused harm in this judicial district;  and Defendant has sent to PTI within this judicial district letters alleging infringement of Defendant's trademark PALANTIR ("Defendant's Mark").

**ANSWER:** Palantir.net admits that it has sent to PTI within this judicial district letters alleging infringement of Defendant's trademark, PALANTIR.  Palantir.net denies the remaining allegations of paragraph 7 of the Complaint.

8.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to the claims herein occurred in this judicial district.

**ANSWER:** Palantir.net denies the allegations of paragraph 8 of the Complaint, in that PTI has improperly brought a declaratory judgment action as an anticipatory filing.

<u>INTRADISTRICT ASSIGNMENT</u>

9.    The basis for assignment of this action to the San Jose Division of the United States District Court for the Northern District of California is that a substantial part of the events and injury giving rise to the claims set forth herein occurred in the County of Santa Clara, where PTI is headquartered.

**ANSWER:** Palantir.net denies the allegations of paragraph 9 of the Complaint.

<u>ALLEGATIONS COMMON TO ALL COUNTS</u>

<u>PTI'S BUSINESS AND TRADEMARK</u>

10.    Founded in 2003 by veterans of several successful Silicon Valley companies, PTI is in the business of information analysis and provides its consumers with software and services that enable a secure investigative environment where analysts can automatically connect and discover various pieces of data, share their workflows and discoveries with others, and build knowledge over time within an intelligence organization. PTI's software and services provide its customers the ability to explore, understand, manipulate, and share large sets of structured and unstructured information across departmental and organizational lines.  PTI accomplishes this monumental task by bringing together data from investigations, spreadsheets, documents, XML

3

ANSWER AND AFFIRMATIVE DEFENSES                                    CASE NO. C 07 3863
TO AMENDED COMPLAINT

files, and hundreds of other formats, enabling analysts to organize data into knowledge and allow its users to easily make connections utilizing a number of different user interfaces.

**ANSWER:** Palantir.net has insufficient information to form a belief as to the truth and accuracy of the allegations of paragraph 10 of the Complaint, and therefore denies same; except that Palantir.net admits that PTI is in the business of developing software for database management.

11.    PTI adopted the PALANTIR trade name and mark in 2003.  The name derives from J.R.R. Tolkien's fictional fantasy universe; a "palantir" is a magical artifact, akin to a crystal ball.  PTI has been using the mark throughout the United States in commerce in connection with the promotion and sale of its goods and services since at least 2005.

**ANSWER:** Palantir.net has insufficient information to form a belief as to the truth and accuracy of the allegations of paragraph 11 of the Complaint, and therefore denies same.

12.    PTI has developed a national base of customers.   PTI has presented and distributed its advertising and promotional materials and has received requests for software and services from across the nation.  PTI has spent and continues to spend money promoting and advertising its PALANTIR mark and the software and services provided thereunder.  As a result of such promotion and advertising coupled with the reputation of the high quality of PTI's software and services, PTI's PALANTIR Mark has attained goodwill among consumers nationally.  PTI's PALANTIR Mark and the goodwill of the business associated therewith are of inestimable value to PTI.

**ANSWER:** Palantir.net denies the allegations of paragraph 12 of the Complaint.

13.    PTI's software and services are expensive, and its customers are highly sophisticated.  These facts both help to assure that PTI's consumers give considerable thought and conduct thorough investigation before purchasing PTI's software and services.

**ANSWER:** Palantir.net has insufficient information to form a belief as to the truth and accuracy of the allegations of paragraph 13 of the Complaint, and therefore denies same.

14.    PTI is the owner of U.S. Application Serial No. 77/111698 for PTI's PALANTIR Mark for "information and data management and exploration;  namely the collection, editing, analysis, viewing, organization, modification, book marking, transmission, storage, exchange, sharing, querying, auditing, and tracking of data and information."

ANSWER AND AFFIRMATIVE DEFENSES
TO AMENDED COMPLAINT

CASE NO. C 07 3863

**ANSWER:** Palantir.net admits the allegations of paragraph 14 of the Complaint, and affirmatively states that PTI has misleadingly filed for an application in an international classification that omits reference to software.

### DEFENDANT'S BUSINESS AND TRADEMARK

15.    Upon information and belief, Defendant is in the business of developing interactive websites, web and multimedia applications, and databases for use with web-based applications.

**ANSWER:** Palantir.net admits the allegations of paragraph 15, and affirmatively states that PTI's characterization of its business is limited, and does not include all of the business activities in which Palantir.net is engaged, or the likelihood of expansion of product or service lines. Palantir.net affirmatively states that it is also engaged in the business of designing database software for others with and without web-based applications or interfaces.

16.    Upon information and belief, Defendant has registered U.S. Registration No. 3,052,005 for the mark PALANTIR in connection with "computer services, namely designing and hosting network web sites for others, designing database software for others, designing multimedia software for others, and design in the field of multimedia presentations for others," claiming July 1996 as a date of first use.

**ANSWER:** Palantir.net admits the allegations of paragraph 16 of the Complaint.

### DEFENDANT'S CLAIMS

17.    Beginning in February 2007, Defendant has alleged that PTI's use of its PALANTIR name and mark is likely to cause confusion and violates and infringes Defendant's intellectual property rights.  Defendant has further demanded that PTI cease use of PALANTIR and adopt a new trade name and trademark.

**ANSWER:** Palantir.net admits the allegations of paragraph 17 of the Complaint.

### FIRST CLAIM FOR RELIEF

### (DECLARATORY JUDGMENT)

18.    PTI incorporates by reference the allegations of paragraphs 1 through 17 as if fully set forth in this paragraph.

5

**ANSWER:**  Palantir.net incorporates by reference its answers to the allegations of paragraphs 1-17 of the Complaint as if fully set forth in this paragraph.

19.    An actual and justiciable controversy presently exists between PTI and Defendant regarding PTI's use of PALANTIR and Defendant's purported trademark rights in PALANTIR. In communications Defendant has contended, among other things, that it has acquired enforceable trademark rights in its PALANTIR mark and that PTI's mark is confusingly similar to that mark.

**ANSWER:**  Palantir.net admits that there is an actual and justiciable controversy presently existing between PTI and Palantir.net, but denies that this Court is the proper forum for the resolution of such controversy.

20.    PTI denies that it has infringed upon any of Defendant's alleged trademark rights or has engaged in acts of unfair competition. PTI contends that consumers are not likely to be confused as to the origin of PTI's products and services because, *inter alia*, PTI's and Defendant's products and services are dissimilar;  PTI's customers are highly sophisticated corporations, government agencies and financial institutions;  PTI's products and services are highly priced, and purchasers typically conduct lengthy technical evaluations of competing products before buying the products.

**ANSWER:**  Palantir.net admits that PTI disputes its infringement, unfair competition and likelihood of confusion.  Palantir.net denies the substantive bases of PTI's contentions.

21.    PTI has an objectively reasonable apprehension that it will be subject to a trademark infringement and unfair competition suit brought by Defendant in light of Defendant's communications to PTI.   Defendant has repeatedly demanded that PTI stop using PTI's PALANTIR name and mark and withdraw its application to register PTI's PALANTIR Mark with the United States Patent and Trademark Office.

**ANSWER:**  Palantir.net admits the second sentence of paragraph 21 of the Amended Complaint. Palantir.net denies that PTI has properly brought an action for declaratory relief and affirmatively states that the issues of trademark infringement and unfair competition should be resolved in the United States District Court for the Northern District of Illinois.

22.    The threat of trademark infringement being made by Defendant against PTI is causing, and if allowed to persist, will continue to cause irreparable damage to PTI.

ANSWER AND AFFIRMATIVE DEFENSES
TO AMENDED COMPLAINT

CASE NO. C 07 3863

**ANSWER:**    Palantir.net denies the allegations of paragraph 22 of the Amended Complaint.

23.    PTI hereby requests a declaration of this Court under the provisions of the Declaratory Judgment Act, 28 U.S.C. § 2201, setting forth the respective rights and other legal relations of PTI and Defendant.  In particular, PTI requests a declaration of the Court that PTI's use of its PALANTIR mark and name is not likely to cause consumer confusion as to the source of goods or services and therefore does not infringe on any trademark or other rights purportedly owned by Defendant in Defendant's Mark.

**ANSWER:**    Palantir.net admits that PTI requested a declaration of the Court of non-infringement and no likelihood of confusion.  Palantir.net denies the substance of those requests.

24.    PTI is entitled to a declaration that it may use and register its PALANTIR Mark without infringing upon the rights of Defendant, that PTI's PALANTIR Mark does not infringe Defendant's federal or common law rights in its trademarks, and that PTI's use of PALANTIR does not constitute federal or common law unfair competition.

**ANSWER:**    Palantir.net denies the allegations of paragraph 24 of the Amended Complaint.

25.    The rights of the parties to this controversy can be finally determined by a declaratory judgment of this Court.  A declaratory judgment would serve the useful purpose of settling the controversy, in that the rights that would be the subject of further litigation between the parties hereto will be finally established and not then form the basis for further litigation.

**ANSWER:**    Palantir.net denies the allegations of paragraph 25 of the Amended Complaint.

26.    This complaint for declaratory relief is not excluded by any of the exclusions listed in 28 U.S.C. § 2201, and considerations of practicality and wise judicial administration.

**ANSWER:**    Palantir.net denies the allegations of paragraph 26 of the Amended Complaint.

7

ANSWER AND AFFIRMATIVE DEFENSES                                    CASE NO. C 07 3863
TO AMENDED COMPLAINT

## SECOND CLAIM FOR RELIEF

### (PARTIAL CANCELLATION OF DEFENDANT'S TRADEMARK REGISTRATION)

27.    PTI incorporates by reference the allegations of paragraphs 1 through 17 as if fully set forth in this paragraph.

**ANSWER:**    Palantir.net incorporates by reference its answers to the allegations of paragraphs 1-17 of the Amended Complaint as if fully set forth in this paragraph.

28.    Pursuant to Section 37 of the Lanham Act, 15 U.S.C. § 1119, this Court has concurrent power with the United State [sic] Patent and Trademark Office to order the cancellation of a trademark registration, in whole or in part, and otherwise to rectify the trademark register.

**ANSWER:**    Palantir.net admits the allegations of paragraph 28 of the Amended Complaint.

29.    Defendant holds Reg. No. 3,052,005 for the mark PALANTIR for use in connection with "computer services, namely designing and hosting network web sites for others, designing database software for others, designing multimedia software for others, and design in the field of multimedia presentations for others."

**ANSWER:**    Palantir.net admits the allegations of paragraph 29 of the Amended Complaint.

30.    As part of Defendant's threats of trademark infringement against PTI, Defendant relies, at least in part, on that portion of its trademark registration extending to "computer services, namely... designing database software for others... ."

**ANSWER:**    Palantir.net admits the allegations of paragraph 30 of the Amended Complaint.

31.    There are fundamental and commercially significant differences between Defendant's actual services rendered and those claimed in Defendant's registration.

**ANSWER:**    Palantir.net denies the allegations of paragraph 31 of the Amended Complaint.

8

**ANSWER AND AFFIRMATIVE DEFENSES**
**TO AMENDED COMPLAINT**

**CASE NO. C 07 3863**

32.    The identification of services in Defendant's registration is impermissibly overbroad and Defendant is not entitled to registration in connection with its services as identified.

**ANSWER:**    Palantir.net denies the allegations of paragraph 32 of the Amended Complaint.

33.    The Court should order the cancellation of that portion of Defendant's registration containing the phrase "designing database software for others."

**ANSWER:**    Palantir.net denies the allegations of paragraph 33 of the Amended Complaint, and affirmatively states that the Court should sanction Plaintiff for filing a count for partial cancellation that it intended to harass, cause unnecessary delay and needless increase in the cost of litigation, and that is unsupported in law or fact.

34.    By doing so, the Court would properly eliminate that portion of Defendant's case relating to allegations of registered trademark infringement.

**ANSWER:**    Palantir.net denies the allegations of paragraph 34 of the Amended Complaint.

## AFFIRMATIVE DEFENSES

1.    Plaintiff is not entitled to declaratory relief, as it has made an anticipatory filing for declaratory judgment.

2.    Plaintiff is not entitled to relief as it has engaged in bad faith in filing its Complaint for Declaratory Relief in anticipation of Palantir.net's complaint for trademark infringement and related claims.

3.    Plaintiff's claim for declaratory relief is barred by the doctrine of unclean hands.

4.    Plaintiff's claim for partial cancellation fails to state a claim upon which relief can be granted.

9

ANSWER AND AFFIRMATIVE DEFENSES                                    CASE NO. C 07 3863
TO AMENDED COMPLAINT

5.     Plaintiff's demand for jury trial is improper and ineffective as to the counts for declaratory relief and partial cancellation.

### PRAYER FOR RELIEF

**WHEREFORE**, Palantir.net requests that the Complaint be dismissed with prejudice, that judgment be entered in Palantir.net's behalf and against plaintiff, that plaintiff take nothing by its complaint, and that this Court award Palantir.net its attorneys' fees, costs, and such other further relief as the Court deems just and proper.

Dated this January 31, 2008

> **THOMAS D. ROSENWEIN**
> **DON E. GLICKMAN**
> **JAMES A. FLESCH**
> **GORDON, GLICKMAN, FLESCH &**
> **ROSENWEIN**
> 140 South Dearborn Street, Suite 404
> Chicago, IL 60603
> Telephone: (312) 346-1080
> Facsimile: (312) 346-3708
> Email: trosenwein@lawggf.com
>
>
> By: /Thomas D. Rosenwein/
>       Thomas D. Rosenwein
>
>
> **JOSEPH L. STRABALA**
> **JOE STRABALA LAW OFFICE**
>
> One Embarcadero Center, Suite 1020
> San Francisco, CA 94111-3698
> Telephone: (415) 981-8083
> Facsimile: (415) 495-3351
> Email: legal@quantumsi.com
>
>
> Attorneys for Defendant
> PALANTIR.NET, INC.

ANSWER AND AFFIRMATIVE DEFENSES
TO AMENDED COMPLAINT

CASE NO. C 07 3863